ROBERT E. DARBY (CA Bar No. 70576)
ANDREA M. VALDEZ (CA Bar No. 239082)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street, Suite 4100
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
Email:    rdarby@fulbright.com

WILLIAM R. GREENDYKE (TX Bar No. 08390450)
MARK A. PLATT (TX Bar No. 00791453)
TRAVIS TORRENCE (TX Bar No. 24051436)
**FULBRIGHT & JAWORSKI L.L.P.**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email:    wgreendyke@fulbright.com

Attorneys for LaSalle Bank National Association as Trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1, acting by and through Midland Loan Services, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, A DELAWARE LIMITED LIABILITY COMPANY,**<br><br>Debtor and Debtor-in-Possession.<br><br>___Affects BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company ONLY<br><br>___Affects BETHANY AUSTIN MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY<br><br>___Affects BETHANY LONESTAR APARTMENTS, LLC, a Delaware limited liability company ONLY<br><br>___Affects KT TERRAZA-TX1, LLC, , a Delaware limited liability company ONLY<br><br>___Affects KT TERRAZA-TX2, LLC, a | Case No. 8:09-bk-11873-RK<br><br>Chapter 11 Case<br><br>(Jointly Administered with Case Nos. 8:09-bk-11874-RK; 8:09-bk-11875-RK; 8:09-bk-11876-RK; 8:09-bk-11877-RK; 8:09-bk-11878-RK; 8:09-bk-11879-RK; 8:09-bk-11880-RK; 8:09-bk-11881-RK; 8:09-bk-11882-RK; 8:09-bk-11883-RK; 8:09-bk-11884-RK; 8:09-bk-11885-RK; 8:09-bk-11886-RK; 8:09-bk-11887-RK; 8:09-bk-11888-RK; 8:09-bk-11889-RK; 8:09-bk-11890-RK)<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO DEBTORS' NOTICES OF SETTING/INCREASING INSIDER COMPENSATION PURSUANT TO 11 U.S.C. §§ 105 AND 1107 AND LBR 2014-1** |

85063528.1

| | |
|---|---|
| Delaware limited liability company ONLY | **Hearing:** |
| ___ Affects FJLC-TX1, LLC, a Delaware limited liability company ONLY | Date: May 12, 2009<br>Time: 3:30 P.M.<br>Place: Courtroom 5D<br>411 West Fourth Street<br>Santa Ana, CA 92701 |
| ___ Affects FJLC-TX2, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY LONESTAR MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY QUAIL HOLLOW APARTMENTS, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY QUAIL HOLLOW, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY SENECA BAY APARTMENTS, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY SENECA BAY, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY WOODHILL APARTMENTS, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY WOODHILL, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY WILLOW LAKE APARTMENTS, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY WILLOW LAKE, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY GP ACQUISITION, LLC, a Delaware limited liability company ONLY | |
| ___ Affects BETHANY LP ACQUISITION, LLC, a Delaware limited liability company ONLY | |
| **XX Affects All Debtors.** | |

85063528.1

LaSalle Bank National Association, as Trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1 ("**C1 Trust**"), acting by and through Midland Loan Services, Inc., a Delaware corporation, as special servicer pursuant to that certain Pooling and Servicing Agreement dated February 12, 2007, a secured creditor and party-in-interest herein, hereby files this Supplemental Brief (the "**Supplemental Brief**") in Opposition to Debtors' Notices of Setting/Increasing Insider Compensation (the "**Notices**") Pursuant to 11 U.S.C. §§ 105 and 1107 and LBR 2014-1, and shows the Court as follows:

## I.    PRELIMINARY STATEMENT

On May 4, 2009, at the hearing on C1 Trust's Objection to Notices of Setting/Increasing Insider Compensation Pursuant to 11 U.S.C. §§ 105 and 1107 and LBR 2014-1, the Court requested supplemental briefing from C1 Trust on its argument that Debtors have failed to meet the requirements for surcharging C1 Trust's collateral pursuant to section 506(c) of title 11 of the United States Code (the "**Bankruptcy Code**"). Further, the Court inquired about the propriety of insider compensation under section 363 of the Bankruptcy Code.

C1 Trust files this Supplemental Brief to address the Court's questions regarding sections 506(c) and 363 of the Bankruptcy Code and submits that Gregory Garmon, Jeffrey Silverman, and Jason Kurtz (the "**Insiders**"), all of whom hold an equity interest in Debtors' parent limited liability companies, are not entitled to a distribution before C1 Trust, the effect of which would be to subordinate C1 Trust's secured claim to the claims of the Insiders and Debtors. C1 Trust maintains that such a result is inconsistent with the language, intent and purpose of the Bankruptcy Code for the following reasons:

- Debtors Have Failed to Meet Section 506(c)'s Stringent Requirements.
- Assuming *arguendo* that section 363 of the Bankruptcy Code applies to this dispute, the Debtors are not entitled to use C1 Trust's cash collateral to compensate the Insiders.

85063528.1

- 1 -

That is, Debtors have failed to establish that (i) the expenses are "necessary" to preserve or dispose of the collateral; (ii) the expenses are "reasonable;" and (iii) the incurrence of the expenses provided a "benefit" to C1 Trust. Moreover, Debtors seek to use C1 Trust's cash collateral to compensate the Insiders for services that primarily assisted the Insiders' holding companies while, at best, only incidentally benefitting Debtors. As such, neither section 363 nor section 506(c) of the Bankruptcy Code authorizes Debtors to use C1 Trust's collateral to pay the Insiders.

## II.   ARGUMENT

### A.   Debtors Have Failed to Meet Section 506(c)'s Stringent Requirements.

C1 Trust's security interest has priority over any potential claim by the Insiders or Debtors for professional services. *See* 11 U.S.C. §§ 506(c) and 507(a) (indicating that general administrative expenses do not have priority over secured claims). Therefore, any use by Debtors of collateral will cause a decrease in the value of C1 Trust's security interests in the collateral. Debtors cannot saddle C1 Trust with such a surcharge for the payment of the Insiders' professional fees without meeting the stringent requirements of section 506(c) of the Bankruptcy Code.

Generally, absent an express agreement to the contrary, administrative expenses may not be charged to or against a secured creditor's collateral or claim.[1] Rather, administrative expenses must be borne out of the unencumbered assets of the estate. *Cent. Bank of Mont. v. Cascade Hydraulics & Util. Serv., Inc. (In re Cascade Hydraulics & Util. Serv., Inc.)*, 815 F.2d 546, 548 (9th Cir. 1987); *Golden v. Chicago Title Ins. Co. (In re Choo)*, 273 B.R. 608, 611 (B.A.P. 9th Cir. 2002). One common law exception to this general rule is codified in section 506(c) of the Bankruptcy Code,[2] which permits a trustee to recover administrative expenses from a secured

---

[1] C1 Trust has consistently expressed its objection to any use of its cash collateral in order to pay the Insiders.

[2] In relevant part, section 506(c) of the Bankruptcy Code provides:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

85063528.1

- 2 -

creditor's collateral if the following conditions are satisfied: (i) the expenses are "necessary" to preserve or dispose of the collateral; (ii) the expenses are "reasonable;" and (iii) the incurrence of the expenses provided a "benefit" to the secured creditor. *In re Cascade Hydraulics & Util. Serv., Inc.*, 815 F.2d at 548; *In re Choo*, 273 B.R. at 611.[3]

The Ninth Circuit has admonished that "**[t]his is not an easy standard to meet.** It is the party seeking the surcharge that has the burden of showing a "concrete" and "quantifiable" benefit. The § 506 recovery is limited to the amount of the benefit actually proven . . . ." *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d 1061, 1068 (9th Cir. 2001) (emphasis added) (citations omitted).

Moreover, the Ninth Circuit has imposed the following additional requirements on surcharge claimants:

> To recover under § 506(c), a trustee must establish that the claim associated with the relevant collateral is both "allowed" and "secured." . . . Further, the trustee must establish the extent to which the claim is to be treated as secured by establishing the value of the collateral.

*Poonja v. Alleghany Props. (In re Los Gatos Lodge Inc.)*, 278 F.3d 890 (9th Cir. 2002) (citations omitted).

### 1.    *The Expenses are not Necessary.*

"[E]xpenses are 'necessary' to the extent that they relate to the preservation or disposition of the secured creditor's collateral, and then only to the extent they are not attributable to any unwarranted delay by a party other than the secured creditor." LAWRENCE P. KING, COLLIER ON BANKRUPTCY vol. 4 ¶ 506.05[1] (rev. 15th ed. 2005). C1 Trust submits that Debtors have failed to meet their burden because the following expenses are not necessary to preserve or dispose of the collateral and/or are otherwise customary duties of debtors in possession:

- backing up all electronic information (*see* Kurtz Decl. at ¶ 4(d))

---

11 U.S.C. § 506(c).

[3] A surcharge, under section 506 of the Bankruptcy Code, differs from an administrative claim in that a surcharge "does not come out of the debtor's estate, but rather comes directly from the secured party's recovery." *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d at 1067.

85063528.1

- 3 -

- negotiating with Bethany Group's landlords (*see* Kurtz Decl. at ¶ 4(f))
- reviewing mail (*see* Garmon Decl. at ¶ 8(i))
- communicating with parties interested in providing new equity, debt financing or purchasing assets (*see* Silverman Decl. at ¶ 4(i); Kurtz Decl. at ¶ 4(h); Garmon Decl. at ¶ 8(j))
- explaining the organization and structure of the debtors and their portfolios, including their assets and liabilities, rent collection procedures, bank accounts and cash management systems (*see* Kurtz Decl. at ¶ 3(a))
- formulating bankruptcy exit strategies (*see* Kurtz Decl. at ¶ 4(e))
- assisting in the preparation of budgets and financial statements and financial projections (*see* Garmon Decl. at ¶ 8(e); Silverman Decl. at ¶ 4(g))
- reviewing pleadings and other documents (*see* Silverman Decl. at ¶ 4(j); Kurtz Decl. at ¶ 4(j))
- locating and organizing files (*see* Kurtz Decl. at ¶ 4(b))
- closing and opening bank accounts (*see* Garmon Decl. at ¶ 8(d))
- filing tax returns (*see* Silverman Decl. at ¶ 4(h)).

2.   *The Expenses are not Reasonable.*

"[E]xpenses are 'reasonable' to the extent that they are incurred in the ordinary course at a reasonable price." LAWRENCE P. KING, COLLIER ON BANKRUPTCY vol. 4 ¶ 506.05[1] (rev. 15th ed. 2005); *see also In re Compton Impressions, Ltd.*, 217 F.3d 1256, 1260 (9th Cir 2000). The Insiders have provided no evidence that would demonstrate that their services were provided at a reasonable price. In fact, the evidence submitted by the Insiders tends to show the opposite. Many of the tasks performed by the Insiders appear to be duplicative of tasks performed either by other insiders or by professionals hired by the estate. Moreover, many of the tasks outlined in the Insiders' declarations consist of clerical tasks that could have been performed less expensively by others.[4]

---

[4] Indeed, Mr. Silverman admits that his time spent on Yardi (The Bethany Group's pre-petition accounting software), was necessary only because there was no other support staff available.

85063528.1

C1 Trust submits that Debtors have failed to meet their burden because the following expenses are not reasonable to preserve or dispose of the collateral (i.e., many of the tasks are clerical in nature and could have been performed less expensively by others):

- coordinating all aspects of document storage with I.T. staff in Atlanta (*see* Garmon Decl. at ¶ 8(h))
- picking up, sorting and opening mail and other correspondence (*see* Garmon Decl. at ¶ 8(i); Kurtz Decl. at ¶ 4(a); Silverman Decl. at ¶ 4(c))
- locating documentation and organizing and cataloging documents for safe storage (*see* Garmon Decl. at 8(h); Kurtz Decl. at ¶ 4(b); Silverman Decl. at ¶ 4(a))
- backing up all of the electronic information related to Debtors and the Portfolios and backing up the servers (*see* Kurtz Decl. at ¶ 4(d))
- reviewing mail (*see* Kurtz Decl. at ¶ 4(g))
- locating paper files and organizing and storing such files (*see* Silverman Decl. at ¶ 4(a))
- opening and delivering mail (*see* Silverman Decl. at ¶ 4(c))
- reviewing pleadings and other documents prepared by the Debtors' professionals (*see* Kurtz Decl. at ¶ 4(j); Silverman Decl. at ¶ 4(j)).

    3.    *The Expenses Did Not Provide a Benefit to the Secured Creditor.*

"To satisfy the benefit test of section 506(c), [the movant] must establish **in quantifiable terms** that it expended funds directly to protect and preserve the collateral . . . . [The movant's] recovery . . . is limited to the extent that the secured creditor benefited from the services." *In re Cascade Hydraulics & Util. Serv., Inc.*, 815 F.2d at 548. With the exception of the discovery of the $458,000.00 insurance check,[5] the record is devoid of any evidence of a concrete or

---

[5] Mr. Silverman's finding of the $458,000 check hardly justifies a payment of $10,000 per month for two months to three separate individuals. The check was "recovered" through minimal effort by one Insider, Mr. Silverman, who found the check by searching through in-boxes and files of the Bethany Group's former accountants (a task that could have been completed by clerical staff much less expensively). *See* Silverman Decl. at ¶ 4(b). And, although Mr. Mosier praised Mr. Silverman for turning the check over to him, the fact is that Mr. Silverman simply did the lawful

85063528.1

quantifiable benefit to C1 Trust. The Debtors' general assertions that the secured creditors benefited from the Insiders' work, in that the Insiders performed a variety of duties at a lower price than could be achieved in the Insiders' absence, is insufficient to satisfy the Insiders' burden of proof under section 506(c). *See id.* ("Section 506(c) is not intended as a substitute for the recovery of administrative expenses normally the responsibility of the debtor's estate . . . . **A [movant] does not satisfy her burden of proof by suggesting hypothetical benefits.**") (emphasis added).

Most of the tasks outlined in the Insiders' declarations, including many of the following tasks, did not provide a quantifiable benefit to C1 Trust, but interestingly, such tasks did likely provide substantial assistance to the Insiders' own holding companies:

- coordinating all requests and updates for investors and other parties in interest (*see* Garmon Decl. at ¶ 8(f))
- communicating with potential new investors and buyers (*see* Garmon Decl. at ¶ 8(j); Kurtz Decl. at ¶ 4(h); Silverman Decl. at ¶ 4(i))
- locating all of the paper files related to the Portfolios, and organizing and storing files (due to closure of Bethany Group offices) (*see* Silverman Decl. at ¶ 4(a); Kurtz Decl. at ¶ 4(b); Garmon Decl. at ¶ 8(h))
- backing up all of the electronic information related to the Debtors and the Portfolios, and backing up servers (*see* Kurtz Decl. at ¶ 4(d))
- meeting with equity holders to discuss exit strategies and other issues associated with Debtors' cases (*see* Kurtz Decl. at ¶ 4(e))
- participating in negotiations with the Bethany Group's landlord to allow the continued use of the Bethany Group's offices (*see* Kurtz Decl. at ¶ 4(f)).[6]

---

thing. Section 506(c) does not support a surcharge on C1 Trust's collateral on the basis that the Insiders merely complied with the law. Rather, "[t]he general concept underlying [the 506(c)] requirement is the prevention of a windfall to the secured creditor, a secured creditor should not reap the benefit of actions taken to preserve the secured creditor's collateral without shouldering the cost." LAWRENCE P. KING, COLLIER ON BANKRUPTCY vol. 4 506.05[1] (rev. 15th ed. 2005).
[6] Even the potential benefits traditionally associated with rehabilitating the estate merely serve an incidental benefit to secured creditors and do not fall within the intended scope of section 506(c)

85063528.1

- 6 -

B. **Even If Section 363 Applies, the Debtors are Not Entitled to Use Cash Collateral to Compensate the Insiders.**

After the hearings of May 4, 2009, and in the course of preparing this Supplemental Brief as requested by the Court, counsel has discovered countervailing authority to the legal arguments made above. Because of its desire to be candid with the Court in all matters, C1 Trust acknowledges that, in *Security Leasing Partners, L.P. v. ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436 (B.A.P. 9th Cir. 2004), the Bankruptcy Appellate Panel of the Ninth Circuit ("**BAP**") considered whether a bankruptcy court erred in allowing a debtor to use an undersecured creditor's cash collateral to pay estate professionals without satisfying the surcharge requirements enumerated in section 506(c) of the Bankruptcy Code. There, in considering the interaction between sections 363 and 506(c) of the Bankruptcy Code, the panel concluded that the debtor could use the secured creditor's cash collateral to pay estate professionals if the secured creditor's interest was adequately protected.[7] Indeed, the *ProAlert* court fashioned adequate protection by requiring the debtor to pay back to the secured creditor an amount of money equal to the funds used through a series of partial payments made over time. *Id.* at 439.

However, in reaching its conclusion, the *ProAlert* court failed to recognize that there *are* circumstances where courts should consult both sections 363 and 506 of the Bankruptcy Code. Instead, the *ProAlert* court, rather simplistically, ruled that since the debtor did not file a motion pursuant to section 506(c) of the Bankruptcy Code, section 506(c) did not apply. C1 Trust maintains that the bankruptcy court must not turn a blind eye to Bankruptcy Code provisions that apply in a given situation just because a debtor fails to seek authority under all of the appropriate Bankruptcy Code provisions. Here, while Debtors did not move for a 506(c) surcharge, the fact is that any payment to the Insiders has the effect of surcharging C1 Trust's collateral. Accordingly,

---

of the Bankruptcy Code. *See Gen. Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.)*, 739 F.2d 73, 76 (2d Cir. 1984).

[7] C1 Trust notes that, while the precedential effect of BAP opinions is unclear in this Circuit, "BAP decisions are generally viewed as lacking binding effect." *In re Millspaugh*, 302 B.R. 90, 96 n.8 (Bankr. D. Idaho 2003); *In re Akram*, 259 B.R. 371, 374 (Bankr. C.D. Cal. 2001).

85063528.1

-7-

it is necessary for the Court to consider whether Debtors have met the burden imposed by section 506(c) of the Bankruptcy Code.

Furthermore, while *ProAlert* involved a debtor's attempt to use cash collateral to pay professionals for their services related to the operation of the debtor, here, Debtors seek to use C1 Trust's cash collateral to compensate the Insiders for services that, in fact, primarily assisted the Insiders' holding companies and, at best, only incidentally benefitted Debtors. Accordingly, C1 Trust submits that, pursuant to case law interpreting section 363 of the Bankruptcy Code, such a use of a secured creditor's cash collateral is inappropriate. For example, in *Travelers Insurance Co. v. Plaza Family Partnership (In re Plaza Family Partnership)*, 95 B.R. 166 (E.D. Cal. 1989), a debtor-partnership sought authorization to use cash collateral to pay its individual partners' tax liabilities. There, although the debtor-partnership suggested that if the secured creditor was adequately protected, the bankruptcy court could authorize the use of cash collateral for any purpose, the court reasoned that the debtor-partnership was not paying its own expenses, but that it was paying the expenses of non-debtors (i.e., because a partnership is not a taxpaying entity, the tax obligations were burdens to the partners as individuals). Therefore, the court concluded that neither section 363 nor section 506(c) of the Bankruptcy Code authorized the bankruptcy court to allow the debtor to use the secured creditor's collateral to pay its individual partners' tax liabilities. *Id.* at 172-74.

Similarly, in *Travelers Insurance Co. v. River Oaks Ltd. Partnership (In re River Oaks Ltd. Partnership)*, 166 B.R. 94 (E.D. Mich. 1994), a creditor that held a perfected security interest in a building and rents collected from the building objected to a debtor's proposal to use cash collateral to pay an expert witness. There, the court did "not believe the mere fact that the rental income is used to pay the necessary expenses of operating and maintaining the property or that the property is adequately maintained and not depreciating, in and of itself, provides the adequate protection required under § 363 for the security interest covered by the assignment of rents." *Id.* at 99. The court reasoned that

85063528.1

- 8 -

> [t]he determination as to whether a creditor is adequately protected pursuant to § 363 should be determined based on factors such as whether the value of the security exceeds the debt; or whether there is a reorganization plan that provides for "full payment" to the creditor.

*Id.* at 98. Further, the court concluded that administrative expenses—like those associated with the expert witness's payment—failed to meet the requirements of section 506(c) because those fees were not directly related to the "operation, maintenance or preservation of the apartment project." *Id.* at 99.

In the dispute at bar, Debtors have not demonstrated that C1 Trust would be adequately protected in the event that the Court authorizes the use of cash collateral to pay the Insiders. There is no provision for repayment of the funds as was done in the *ProAlert* case, nor is there any provision for the granting of meaningful additional or replacement liens as is contemplated by section 361 of the Bankruptcy Code. From a procedural perspective, Debtors have not approached this issue as a request for use of cash collateral and the record is devoid of evidence on adequate protection.[8] Moreover, as explained above, the fees that Debtors seek to pay the Insiders are not necessary to Debtors' operation and primarily benefited the Insiders' holding companies, while only incidentally providing value to Debtors. Therefore, neither section 363 nor section 506(c) of the Bankruptcy Code serve as authority to allow Debtors to use C1 Trust's collateral to pay the Insiders.

### III.  **RESERVATION OF RIGHTS**

C1 Trust hereby expressly reserves the right to amend and/or supplement this Supplemental Brief to, *inter alia*, address the sufficiency of any proposed adequate protection by Debtors for use of cash collateral and to address any further such issues relating to the Insiders' compensation.

---

[8] C1 Trust acknowledges that the Court has ordered Debtors to submit supplemental briefing addressing whether C1 Trust will be adequately protected in the event the Court authorizes the use of cash collateral to pay the Insiders and that C1 Trust will have an opportunity to respond to Debtors' pleading.

85063528.1

### IV. PRAYER

For these reasons, C1 Trust respectfully requests that this Court refuse to allow Debtors to compensate the Insiders for their services as officers of Debtors, and grant such other and further relief to which C1 Trust may be justly entitled.

Dated:    May 6, 2009

ROBERT E. DARBY
WILLIAM R. GREENDYKE
MARK A. PLATT
ANDREA M. VALDEZ
**FULBRIGHT & JAWORSKI L.L.P.**


By:  /s/ *Andrea M. Valdez*
ANDREA M. VALDEZ
CA Bar No. 239082
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street, Suite 4100
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
Email:    avaldez@fulbright.com

**ATTORNEYS FOR LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE REGISTERED HOLDERS OF LB-UBS COMMERCIAL MORTGAGE TRUST 2007-C1, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C1, ACTING BY AND THROUGH MIDLAND LOAN SERVICES, INC.**

85063528.1

| In re: Bethany Holdings Austin Apartments, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:09-bk-11873-RK |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2200 Ross Avenue, Suite 2800, Dallas, TX 75201-2784

A true and correct copy of the foregoing document described as  Supplemental Brief in Opposition to Debtors' Notices of Setting/Increasing Insider Compensation, etc.  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On 5/6/09  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 5/6/09  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 5/6/09  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/6/09 | Linda Smith | /s/ Linda Smith |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                  F 9013-3.1

# SERVICE LIST
*In Re: Bethany Holdings Austin Apartments, LLC, a Delaware limited liability company*
No. 8:09-bk-11873-RK

### Personal Delivery
Judge Robert Kwan, Ctrm. 5D
United States Bankruptcy Court
411 W. 4th Street
Santa Ana, CA 92701

### Email Recipients
Christina M. Craige (ccraige@sidley.com)
Michael J. Hauser (michael.hauser@usdoj.gov)
Evan D. Smiley (esmiley@wgllp.com)
United States Trustee (SA) (ustpregion16.sa.ecf@usdoj.gov)
Drew A. Callahan (ecfcacb@piteduncan.com)
Tammy C. Drescher (tdrescher@sellmanhoff.com)
Robert S. Marticello (Rmarticello@wgllp.com)
Hutchison B. Meltzer (hmeltzer@wgllp.com)
Jeremy E. Rosenthal (jrosenthal@sidley.com)
Andrea M. Valdez (avaldez@fulbright.com)
Dan E. Chambers (dchambers@jmbm.com)
Eric A. Cook (ecook@ebglaw.com)
William Kiekhofer (wkeikhofer@mcguirewoods.com)
Jodie M. Grotins (jgrotins@mcguirewoods.com)
William C. Price (wprice@mcguirewoods.com)

### U.S. Postal Service Recipients

Bethany Holdings Austin
Apartments, LLC.
1920 Main Street, Suite 770
Irvine, CA 92614

Evan D. Smiley
Weiland, Golden, Smiley, Wang
Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626-7021

United States Trustee
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Allsouth Renovations, Inc.
P.O. Box 7165
Marietta, GA 30065

Ballard's Asphalt & Concrete
8760 Research Blvd., Suite 501
Austin, TX 78758

BG Personnel Services Incorporated
7718 Wood Hollow Drive, #G30
Austin, TX 78731

Changing Surface Incorporated
9650 Datapoint Drive, Suite 104
Bellingham, WA 98229

Colors Unlimited
9619 Beck Circle
Austin, TX 78758

Cowboy's Painting
15405 Connie Street, #B
Austin, TX 78728

Foley Fire Extinguisher
3706 Parliament Cv
Leander, TX 78645

Frank Pomar
Black Rock Inc.
40 East 52nd Street
New York, NY 10022

HHCC Inc.
6168 Turnersville Road
Buda, TX 78610

85040103.2

- 1 -

LaSalle Bank National Association
10851 Mastin, Suite 700
Overland Park, KS 66210

Lehman Brothers Bank, FSB
c/o Lehman Brothers Holdings
Attn: John Herman
399 Park Avenue
New York, NY 10022

Lehman Brothers Bank, FSB
c/o Stroock & Stroock & Lavan LLP
Attn: William Campbell, Esq.
180 Maiden Lane
New York, NY 10038

McBride Electric, Inc.
2540 Brockton Drive, #110
Austin, TX 78758

Midland Loan Services, Inc.
P.O. Box 25965
Overland Park, KS 66225-5965

Midland Loan Services, Inc.
Attention: David Bornheimer
10851 Mastin, Suite 700
Overland Park, KS 66210

Ramming Paving Company LTD
16409 Bratton Lane
Austin, TX 78728

Sherwin Williams Company
500 E. Olton Street
Austin, TX 78704

Sunterra Landscape Services
P.O. Box 80949
Austin, TX 78708

Universal Cleaning Specialists
1834 Ferguson Lane, #1000
Austin, TX 78754

Wilmar Industries
200 East Park Drive, #200
Mount Laurel, NJ 08054

Wilmar Industries Inc.
P.O. Box 404284
Atlanta, GA 30384-4284

Allsouth Renovations, Inc.
P.O. Box 7165
Marietta, GA 30065

H. Deck Construction Company
1601 Oxford Blvd.
Round Rock, TX 78664

Quality Services of Texas
PO Box 15531
Austin, TX 78761

Signs West Inc.
11926 Wirth Road
Austin, TX 78748

HMWC CPAS & Business Advisors
17501 E. 17th Street, Ste 100
Tustin, CA 92780

Hestir Environmental
245 Colonial Drive
Easley, SC 29642

Surface Connection
9009 A Soverign Row
Dallas, TX 75247

Premium Cuts Lawn Service & Maintenance
PO Box 82108
Austin, TX 78708-2108

HHCC Inc.
P.O. Box 17785
Austin, TX 78780

BHW Operating Company
1834 Ferguson Ln, Ste 1000
Austin, TX 78754

Sherwin Williams
13800 Immanuel Road
Pflugerville, TX 78660

Infiniti Painting & Cleaning
P.O. Box 81724
Austin, TX 78708-1724

AAA Fire & Safety Equipment, Inc
6700 Guadalupe
Austin, TX 78752

Absolute Pest Management
PO Box 150923
Austin, TX 78715

Access Controls Inc
4332 Cypress Canyon Trail
Spicewood, TX 78669

ADT Security Services
P.O. Pox 371956
Pittsburgh, PA 15250-7956

Advantage Supply
440 East Saint Elmo, #401
Austin, TX 78745

Air Maintenance
P.O. Box 500232
Austin, TX 78750

All Austin.com
7793 Burnet Rd. #160
Austin, TX 78759

Arne's Mirror & Glass
P.O. Box 42827
Austin, TX 78704

American Apartment Locating
3616 Far West Blvd #107
Austin, TX 78731

Apartment Experts South
PO Box 30495
Austin, TX 78755

Apartment Gurus, LLC
22 Waugh, Suite 280
Houston, TX 77007

Apartment Home Living
Box 1266
San Antonio, TX 78295-1266

85040103.2

- 2 -

| | | |
|---|---|---|
| Apartment Selector<br>P.O. Box 600355<br>Dallas, TX 75360 | Apartment Wiz<br>10900 NW Freeway Ste 226<br>Houston, TX 77092 | Apartments 24-7.com, Inc.<br>2620 S. Maryland Pkwy<br>Suite. 857<br>Las Vegas, NV 89109 |
| Apartments Now, Inc<br>P.O. Box 30495<br>Austin, TX 78755 | Apartments Specialists<br>P.O. Box 30495<br>Austin, TX 78755 | Apartments.com<br>175 West Jackson<br>Chicago, IL 60604 |
| AT&T<br>PO Box 930170<br>Dallas, TX 75393-0170 | Austin American-Statesman<br>PO Box 1231<br>San Antonio, TX 78294-1231 | Austin Apartment Store<br>3407 Wells Branch Pkwy #575<br>Austin, TX 78728 |
| Austin Cool Properties<br>107 Leland Ste #1<br>Austin, TX 78704 | Ballards Asphalt & Concrete<br>PO Box 81482<br>Austin, TX 78708 | Benson Media<br>220 Turner Blvd.<br>Ball Ground, GA 30107 |
| Body Works Fitness Equip.<br>2222 W. Pundberg Lane #400<br>Austin, TX 78758 | Centex Propane<br>8613 N. Lamar<br>Austin, TX 78753 | Changing Surface Inc.<br>9650 Datapoint, Suite 104<br>San Antonio, TX 78229 |
| Chemical Safety Permitting<br>505 Barton Springs Road, Suite 200<br>Austin, TX 78704 | City of Austin<br>PO Box 2267<br>Austin, TX 78783 | City of Austin - Energy & Utilities<br>1001 Fannin, Suite 4000<br>Houston, TX 77002 |
| Citywide Apartment Locators<br>107 Avalanche<br>Georgetown, TX 78626 | CJR Personnel, Inc<br>11940 Jollyville Road #230<br>Austin, TX 78759 | Cleaning Network<br>PO Box 41975<br>Austin, TX 78749 |
| Colors Unlimited<br>8760 A Research Blvd #244<br>Austin, TX 78758 | Commercial Maintenance Chemical Corp<br>4790 Sunrise Hwy<br>Massapequa, NY 11758 | Commercial Maintenance Chemical Corp.<br>4180 Sunrise Highway<br>Massepequa, NY 11758 |
| Consumer Source Inc<br>PO Box 402039<br>Atlanta, GA 30384-2039 | Cort Furniture Rental Corp<br>11250 Waples Mill Rd S. Tower, #500<br>Fair Fax, VA 22030 | Cothron's Safe & Lock Co. Inc.<br>807 East 4th Street<br>Austin, TX 78702 |
| Crystal Clear Pools & Spas<br>700 W Applegate Dr #100<br>Austin, TX 78753-3601 | dba All FLoors Carpet Cleaning<br>2734 Coppervalley Ct<br>Houston, TX 77067 | Depax Floor Care<br>100 Katherine Way<br>Leander, TX 78641 |
| DHL<br>PO Box 840006<br>Dallas, TX 75284-0006 | DHL Express<br>P.O. Box 60000-FILE 30692<br>San Francisco, CA 94160 | DHL Express Inc<br>P.O. Box 4723<br>Houston, TX 772104723 |
| Ellis Management Services, Inc<br>2916 West Story Road<br>Irving, TX 75038 | Ellis Property Management Services<br>4324 N Beltline Rd Ste C105<br>Irving, TX 75038 | Ellmaker Realty, LLC<br>10713 R.R. 620 North Bldg E Ste 521<br>Austin, TX 78726 |

| | | |
|---|---|---|
| Employment Etc., Inc.<br>18702 Lakeland Dr.<br>Lago Vista, TX 78645 | ERA Star of Texas Realty, Inc<br>5818 Balcones Drive Ste 200<br>Austin, TX 78731 | G.F. Plumbing<br>12739 Burson Dr.<br>Manchaca, TX 78652 |
| GE Appliances<br>PO Box 100393<br>Atlanta, GA 30384 | Grace Hill, Inc<br>3633 Wheeler Road, Suite 230<br>Augusta, GA 30909 | Michael J. Genovese, Esq.<br>Grant Genovese & Baratta, LLP<br>2030 Main Street, #1600<br>Irvine, CA 92614 |
| Great American Bus. Prod., LP<br>P.O. Box 4422<br>Houston, TX 77210 | Greater Austin Chamber of Commerce<br>210 Barton Springs Road, Suite 400<br>Austin, TX 78704 | HD Supply Facilities Maintenance, LTD<br>P.O. Box 509058<br>San Diego, CA 92150-9058 |
| Hines Pool and Spa, LP<br>900 McPhaul Street<br>Austin, TX 78758 | Home Depot Credit Services<br>Dept. 32-2541706002 P.O. Box 6031<br>The Lakes, NV 88901-6031 | HomePlace Apartment Search<br>12518 Research Blvd, Suite A<br>Austin, TX 78759 |
| Idea House<br>56 S. Bachelor Button<br>Lake Jackson, TX 77566 | IESI<br>9904 Fm 812<br>Austin, TX 78719 | Illustratus<br>10983 Granada Lane<br>Overland Park, KS 66211 |
| Independent Propane<br>2591 Dallas Parkway, Suite 105<br>Frisco, TX 75304 | J4 Development, LP<br>16901 Dallas Pkwy, Suite 215<br>Addison, TX 75001 | Jasmine's Cleaning Service<br>PO Box 1716<br>Pflugerville, TX 78691 |
| Keller Williams Realty<br>1801 South Mopac Suite 100<br>Austin, TX | Kenfield Golf Cars<br>13357 Pond Springs Road<br>Austin, TX 78729 | Lawyer's Aid Service, Inc<br>PO Box 848<br>Austin, TX 78767-0848 |
| Lonestar Overnight LLC<br>PO Box 149225<br>Austin, TX 78714 | Marvin F. Poer & Company, Inc<br>P.O. Box 660076<br>Dallas, TX 75266-0076 | Maxxserv<br>9090 Jollyville Rd #106<br>Austin, TX 78759 |
| McBride Electric, Inc<br>PO Box 51837<br>Los Angeles, CA 90051-6137 | Meyer Smith Inc<br>PO Box 8847<br>Houston, TX 77248 | Move.com<br>PO Box 13237<br>Scottsdale, AZ 85267-3237 |
| moveforFREE.com, Inc.<br>c/o Kleberg Bank / PO Box 245<br>Kingsville, TX 78364 | Mr. Printer, Inc.<br>2827 North Central Avenue<br>Phoenix, AZ 85004 | My New Place<br>425 Bush St. Ste. 200<br>San Francisco, CA 94108 |
| National Construction Rentals, Inc<br>15319 Chatsworth Street<br>Mission Hills, CA 91345-2040 | Network Communications Incorporated<br>P.O. Box 402168<br>Atlanta, GA 30384-2168 | New Age Apartment Finders<br>10854 Lake Path Drive<br>San Antonio, TX 78217 |
| Nextel<br>PO Box 4181<br>Carol Stream, IL 60197 | NWP Services Corporation<br>PO Box 19661<br>Irvine, CA 92623-9661 | Oakhurst Marketing Inc.<br>14004 Roosevelt Blvd. Ste 604<br>Clearwater, FL 33762 |

Office Mate
10609 Metric Blvd# 106
Austin, TX 78758

OfficeMax, Inc
P.O. Box 101705
Atlanta, GA 30392-1705

Paint Plus
PO Box 82001
Austin, TX 78708

Paris Publishing
P.O. Box 12035
Fort Worth, TX 76110

Peachtree Business Products, Inc
P.O. Box 13290
Atlanta, GA 30324

Pitney Bowes Inc
One Elmcroft Rd
Stamford, CT 06926-0700

Planet Telecom Inc
PO Box 255
New Albany, IN 47151

Powerhouse Carpet Cleaning
10925 Signal Hill Rd
Austin, TX 78737

Quality Surface Solutions, Inc
5214 Burleson Road, Ste 311
Austin, TX 78744

Quill
PO Box 37600
Philadelphia, PA 19101-0600

Quill Corporation
100 Schelcer Road
Lincolnshire, IL 60069

Rent.Com
Payment Center I Dept 1987
Los Angeles, CA 90084-1987

Rent.com
2425 Olympic Blvd, Suite 400E
Santa Monica, CA 90404

Resident Check, Inc
PO Box 678911
Dallas, TX 75267-8911

Sherwin Williams, Inc
900 E. Braker Lane
Austin, TX 78753

Smart Cleaning
P.O. Box 200716
Austin, TX 78720

Sparletts and Sierra Springs
PO Box 660579
Dallas, TX 75266-0579

Staples Business Advantage
Dept Bos 85101 I PO Box 30851
Hartford, CT 06150-0851

Surface Works of Austin, Inc
9009 A Sovereign Row
Dallas, TX 75247

Texas Gas Service
1301 South MOPAC Expwy
Austin, TX 78701

Texas PC Pro
1301 Wilson Heights Dr
Austin, TX 78746

TFI Services
P.O. Box 4346 Dept 367
Houston, TX 77210-4346

The Helium House
PO Box 30015
Austin, TX 78755

TNT Glass & Mirror
PO Box 152709
Austin, TX 78715

USA Mobility/Arch Wireless
PO Box 660770
Dallas, TX 75266

Waste Management
Longhorn Disposal I PO Box 78251
Phoenix, AZ 85062

Welcome Home America
P.O. Box 246
Holly Springs, GA 30142

Frank Cadigan
United States Trustee
411 W. 4th Street, Suite 9041
Santa Ana, CA 92701

Nicholas P. Crowell, Esq.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Sean A. O'Keefe
Okeefe & Associates
660 Newport Center Dr., Suite 400
Newport Beach, CA 92660

Anthony C. Duffy
Law Offices of Anthony C. Duffy
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660

Joel G. Samuels
Sidley & Austin, LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013

George Shulman, Esq.
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067-2904

Arbor Realty Trust, Inc.
Attn: William Connolly
333 Earle Ovington Blvd., Suite 900
Uniondale, NY 11553

HHCC Inc.
P. O. Box 17785
Buda, TX 78760

Premium Cuts Lawn Service & Maintenance
P. O. Box 82108
Austin, TX 78708-2103

| | | |
|---|---|---|
| Bruce R. Hardesty<br>Attorney at Law<br>1411 West Avenue, Suite 100<br>Austin, TX 78701-1537 | Ambassador Services, Inc.<br>8 Music Fair Road #K<br>Owings Mills, MD 21117 | Brickman Group, Ltd., The<br>P. O. Box 71358<br>Chicago, IL 60694-1358 |
| Cabinet Warehouse, Inc.<br>P. O. Box 435<br>Millersville, MD 21108 | C&O Services, Inc.<br>6502 McCahill Drive<br>Laurel, MD 20707 | DRD Pool Service, Inc.<br>16 Stenersen Lane #4A<br>Hunt Valley, MD 21030 |
| For Rent<br>75 Remittance Drive, #1705<br>Chicago, IL 60675 | Gable Signs & Graphics, Inc.<br>Attn: Brian Benton, **Creditors Committee**<br>7440 Fort Smallwood Road<br>Baltimore, MD 21226 | Martin Greenbaum Co., Inc.<br>7144 Ambassador Road<br>Biltmore, MD 21244 |
| Oster's Services<br>109 Church Lane<br>Airesville, MD 21208 | Porcelain Tub Refinishers, Inc.<br>P. O. Box 0180<br>Bowie, MD 20719-0180 | Professional Restorations<br>440 Eastern Ave., Bldg. 56A<br>Baltimore, MD 21224 |
| Richard Jackson, **Creditors Committee**<br>Seamless Spouting<br>P. O. Box 7161<br>2444 Kotur Avenue<br>York, PA 17408 | Sherwin Williams<br>4990 Boiling Brook Pkwy.<br>Rockville, MD 20852 | SP Collections, LLC<br>P. O. Box 929<br>College Park, MD 20741 |
| Sun Ventures Landscaping, Inc.<br>P. O. Box 488<br>Jessup, MD 20794 | Terminex International, Inc.<br>P. O. Box 742592<br>Cincinnati, OH 45274-2592 | Walker's Termite & Pest Co., Inc.<br>Attn: Scott M. Reiber, **Creditors Committee**<br>3332 Puoska Road<br>Abingdon, MD 21009 |
| Alfred's Painting & Carpet Cleaning<br>P. O. Box 657<br>Bellaire, TX 77402 | Church Services<br>1260 Brittmoore Road<br>Houston, TX 77043 | Craven Carpet<br>P. O. Box 801084<br>Houston, TX 77280 |
| Find It Apartments Locators<br>2213 Marsh Lane<br>Carrollton, TX 75006 | For Rent<br>75 Remittance Drive, #1711<br>Chicago, IL 60675 | Houstex Painters<br>P. O. Box 721771<br>Houston, TX 77272 |
| Houston Colors Painting & Resurfacing Co.<br>3922 Thislewood Drive<br>Pasadena, TX 77504 | InStar Services Group<br>7439 Pebble Drive<br>Fort Worth, TX 76118 | Martha Lopez<br>dba Makest Cleaning Service<br>Attn: Anthony P. Griffin, **Creditors Committee**<br>12002 Manboro Court<br>Houston, TX 77067 |
| Patriotic Venture Construction<br>Attn: James P. Russell, **Creditors Committee**<br>1718 Woodland Springs<br>Houston, TX 77007 | Redi Carpet Sales of Houston, Ltd.<br>P. O. Box 973897<br>Dallas, TX 75397-3897 | Sherwin Williams Co.<br>3532 E. Theresa Conner Jester Blvd.<br>Houston, TX 77018-6023 |

| | | |
|---|---|---|
| Southwest Wholesale Nursery<br>Attn: Anthony or Deborah<br>Hutchison, **Creditors Committee**<br>798 Holmes Road<br>Houston, TX 77045 | Star Flooring<br>15340 N. Dallas Pkwy., #1000<br>Dallas, TX 75248 | Texas Flooring<br>9516 Jones Road, Suite C<br>Houston, TX 77065 |
| TruGreen Landcare, LLC<br>21486 Network Place<br>Chicago, IL 60673 | Wilson Fire Equipment & Service Co., Inc.<br>7303 Empire Central Drive<br>Houston, TX 77040 | Robert Mosier<br>Mosier & Company, Inc.<br>3151 Airway Avenue, Suite A-1<br>Costa Mesa, CA 92626 |
| William J. Kiekhofer, Esq.<br>McGuireWoods, LLP<br>1800 Century Park East<br>8th Floor<br>Los Angeles, CA 90067<br>**Counsel for Creditors' Committee** | Interline Brands, Inc.<br>Dba Wilmar<br>801 W. Bay Street<br>Jacksonville, FL 32204<br>**Creditors Committee** | |

85040103.2

- 7 -