WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP
Evan D. Smiley, State Bar No. 161812
esmiley@wgllp.com
Hutchison B. Meltzer, State Bar No. 217166
hmeltzer@wgllp.com
Robert S. Marticello, State Bar No. 244256
rmarticello@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

Attorneys for Debtors and Debtors-in-Possession,
Bethany Holdings Austin Apartments, LLC, et al.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company,

Debtor and Debtor-in-Possession.

___ Affects BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY AUSTIN MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY LONESTAR APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects KT TERRAZA-TX1, LLC, a Delaware limited liability company ONLY

___ Affects KT TERRAZA-TX2, LLC, a Delaware limited liability company ONLY

___ Affects FJLC-TX1, LLC, a Delaware limited liability company ONLY

Case No. 8:09-bk-11873-RK

Chapter 11 Case

(Jointly Administered with Case Nos. 8:09-bk-11874-RK; 8:09-bk-11875-RK; 8:09-bk-11876-RK; 8:09-bk-11877-RK; 8:09-bk-11878-RK; 8:09-bk-11879-RK; 8:09-bk-11880-RK; 8:09-bk-11881-RK; 8:09-bk-11882-RK; 8:09-bk-11883-RK; 8:09-bk-11884-RK; 8:09-bk-11885-RK; 8:09-bk-11886-RK; 8:09-bk-11887-RK; 8:09-bk-11888-RK; 8:09-bk-11889-RK; and 8:09-bk-11890-RK)

**MOTION FOR ORDER DISALLOWING CLAIM NO. 158 FILED BY CHARLES F. SHERMAN, JR. PURSUANT TO 11 U.S.C. § 502; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF BETH E. GASCHEN IN SUPPORT**

**DATE:** January 12, 2010
**TIME:** 2:30 p.m.
**PLACE:** Courtroom 5D
411 West Fourth Street
Santa Ana, CA 92701



Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

___ Affects FJLC-TX2, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY LONESTAR MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY QUAIL HOLLOW APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY QUAIL HOLLOW, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY SENECA BAY APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY SENECA BAY, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY WOODHILL APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY WOODHILL, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY WILLOW LAKE APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY WILLOW LAKE, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY GP ACQUISITION, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY LP ACQUISITION, LLC, a Delaware limited liability company ONLY

_X_ Affects All Debtors.

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:**

The above-affected debtors and debtors-in-possession (collectively, the "Debtors") submit this Motion for Order Disallowing Claim No. 158 filed by Charles F. Sherman, Jr. Pursuant to 11 U.S.C. § 502 (the "Motion"). In support of the Motion, the Debtors submit

the following memorandum of points and authorities, and the Declaration of Beth E. Gaschen (the "Gaschen Declaration"). The Debtors respectfully represent as follows:

## I. INTRODUCTION

The proof of claim (the "Claim") filed by Charles Sherman Jr. ("Sherman") should be disallowed in its entirety because Sherman is not a creditor of the Debtors' estates. The Claim is based upon a complaint filed by Sherman against Bethany Holdings Group, LLC, Bethany Group, LLC, Bethany Management Group, LLC, GSS Financial, LLC (collectively, "Bethany"), Gregory Garmon ("Garmon"), and Jeff Silverman ("Silverman") (collectively with Bethany, "Defendants") for the Defendants' failure to repay three promissory notes issued to Sherman in exchange for his membership interests in Bethany. The Debtors are not listed as parties to the lawsuit, did not issue the promissory notes, and did not personally guarantee the payment of said promissory notes. Sherman has failed to establish that the Debtors are liable for the debt asserted. Accordingly, under § 502(b)(1), the Claim should be disallowed because it is unenforceable against the Debtors.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## II. BACKGROUND

Beginning on March 4, 2009, the Debtors commenced a series of related bankruptcy cases (collectively, the "Cases"). The petition date for the Bethany Holdings Austin Apartments, LLC, case is March 4, 2009, and the petition date for the other cases is March 5, 2009 (collectively, the "Petition Dates"). By order entered on March 6, 2009, the Cases are being jointly administered.

Collectively, the Debtors own and manage 16 apartment complexes (collectively, the "Apartment Complexes") in Texas and Maryland consolidated into three separate portfolios (collectively, the "Portfolios"). The Portfolios are separately referred to as the Lonestar, Maryland, and Austin portfolios.

### A. The Lonestar Portfolio

The Lonestar Portfolio consists of the 8 following apartment complexes (collectively, the "Lonestar Properties"):

1. The Briargrove Apartments, also known as The Plaza, consisting of 643 units in Houston, TX;
2. The Champion Forest Apartments consisting of 198 units in Houston, TX;
3. The Memorial Apartments consisting of 200 units in Houston, TX;
4. The Park at Country Place consisting of 169 units in Houston, TX;
5. The Sugar Ridge Apartments consisting of 250 units in Stafford, TX;
6. The Westway Apartments consisting of 316 units in Houston, TX;
7. The Woodbridge Apartments consisting of 384 units in Houston, TX; and
8. The Wyndham Oaks Apartments consisting of 279 units in Houston, TX.

The Lonestar Properties are each owned by the following 3 Delaware limited liability companies as tenants in common or "TICS": FJLC-TX1, LLC ("FJLC 1"), KT Terraza-TX1, LLC ("Terraza 1"), and Bethany Lonestar Apartments, LLC ("Bethany Lonestar," collectively with FJLC1 and Terraza 1, the "Lonestar Property Owners"). FJLC 1 owns a 36.25% in each of the Lonestar Properties, Terraza 1 owns a 50% interest in each of the Lonestar Properties, and Bethany Lonestar owns a 13.75% in each of the Lonestar Properties. Each Lonestar Property Owner is the wholly-owned subsidiary of another Delaware limited liability company bearing a similar name, which are also debtors before this court. More specifically, FJLC-TX2, LLC, KT Terraza-TX2, LLC, and Bethany Lonestar Mezzanine Apartments, LLC, own 100% of the membership interests in FJLC 1, Terraza 1, and Bethany Lonestar, respectively.

**B. <u>The Austin Portfolio</u>**

The Austin Portfolio consists of the 4 following apartment complexes (collectively, the "Austin Properties"):

1. The Broadmoor Apartments consisting of 124 units in Austin, TX;
2. The Chesapeake Apartments consisting of 200 units in Austin, TX;
3. The Falls on Bull Creek consisting of 344 units in Austin, TX; and
4. The Promontory Point Apartments consisting of 252 units in Austin, TX.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

The Austin Properties are owed by a single entity, Bethany Holdings Austin Apartments, LLC, a Delaware limited liability company (the "Austin Property Owner"). The Austin Property Owner is a wholly-owned subsidiary of another debtor entity, Bethany Austin Mezzanine Apartments, LLC, a Delaware limited liability company.

**C. The Maryland Portfolio**

The Maryland Portfolio consists of the 4 following apartment complexes (collectively, the "Maryland Properties"):

1. The Seneca Bay Apartments consisting of 461 units in Baltimore, MD;
2. The Quail Hollow Apartments consisting of 336 units in Glen Burnie, MD;
3. The Willow Lake Apartments consisting of 456 units in Laurel, MD; and
4. The Woodhill Apartments consisting of 334 units in Glen Burnie, MD.

Each of the Maryland Properties is owned by a separate limited liability company with the corresponding name, Bethany Seneca Bay Apartments, LLC, Bethany Quail Hollow Apartments, LLC, Bethany Willow Lake Apartments, LLC, and Bethany Woodhill Apartments, LLC (collectively, the "Maryland Property Owners"), each of which is a Delaware limited liability company. Bethany LP Acquisition, LLC, and Bethany GP Acquisition, LLC, own 99.9% and .1%, respectively, of the membership interests in each of the Maryland Property Owners. Each Maryland Property Owner, in turn, owns 100% of the membership interests in a wholly-owned subsidiary limited liability company bearing the same name, Bethany Seneca Bay, LLC, Bethany Quail Hollow, LLC, Bethany Willow Lake, LLC, and Bethany Woodhill, LLC, each of which is a Delaware limited liability company. For example, Bethany Seneca Bay, LLC, is wholly owned by Bethany Seneca Bay Apartments, LLC.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## III. THE CLAIM

On November 9, 2009, Sherman filed a secured proof of claim for contract damages in the amount of $32,217,565.28.[1] Attached to the proof of claim are 12 documents, in none of which the Debtors are named:

1) A summons and complaint filed by Sherman against Bethany Holdings Group, LLC *et al.* in Orange County Superior Court on May 14, 2009 (the "Complaint");

2) A settlement and mutual release entered into between Defendants and Sherman on July 10, 2008 (the "Settlement Agreement");

3) A promissory note for $6,000,000 dated July 10, 2008, between Sherman and Bethany ("Promissory Note 1");

4) A contingent promissory note for $24,000,000 dated July 10, 2008, between Sherman and Bethany ("Promissory Note 2");

5) A draw reconciliation promissory note in the amount of $1,242,565.28 dated July 10, 2008, between Sherman and Bethany ("Promissory Note 3") (together with Promissory Note 1 and 2 the "Settlement Notes");

6) A notice of default letter dated March 31, 2009 sent from Sherman to Defendants regarding the default of the Settlement Agreement by Defendants' failure to pay the Settlement Notes;

7) A sole recourse guarantee given by Garmon to Sherman guaranteeing the payment of the Settlement Notes (the "Garmon Guarantee");

8) A sole recourse guarantee given by Silverman to Sherman guaranteeing the payment of the Settlement Notes (the "Silverman Guarantee");

---

[1] The face page of the Claim states "[see attached]" as the amount of the claim. The complaint that is attached seeks damages in the amount of $32,217,565.28. Presumably, this is would be the amount of the Claim.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

9) An assignment of membership interest given by Garmon in favor of Sherman to secure the Garmon Guarantee (the "Garmon Assignment");

10) An assignment of membership interest given by Silverman in favor of Sherman to secure the Silverman Guarantee (the "Silverman Assignment");

11) A promissory note for $1,700,000 dated December 29, 2008, between Sherman, Garmon, Silverman, and Bethany Holdings, LLC ("Promissory Note 4"); and

12) A notice of default letter dated March 30, 2009 sent from Sherman to Garmon, Silverman and Bethany Holdings, LLC regarding their default by their failure to pay Promissory Note 4.

On May 14, 2009, Sherman filed the Complaint asserting the following causes of action: (1) breach of the Settlement Agreement; (2) foreclosure of security interest in pledged collateral against Garmon and Silverman; and breach of Promissory Note 4. Sherman alleges that on July 10, 2008, the Defendants entered into the Settlement Agreement whereby the Defendants agreed they would purchase Sherman's equity membership interests in Bethany for up to $30,000,000. This amount was to be paid under Promissory Note 1 and Promissory Note 2. Defendants also obligated themselves to pay Promissory Note 3 as part of the Settlement Agreement. The Settlement Notes were guaranteed by Garmon and Silverman and those guarantees were secured by the membership interests of Garmon and Silverman in Bethany pursuant to the Garmon and Silverman Assignments. Sherman avers that Defendants stopped making payments pursuant to the Settlement Agreement in February 2009. He gave notice of the default and when the default was not cured, the Complaint was filed. In addition, Sherman alleges that Garmon, Silverman, and Bethany Holdings, LLC, defaulted on the payments required by Promissory Note 4. As a result of the Defendants' failure to pay, Sherman has been harmed in the amount of $32,217,565.28.

## IV. MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Bankruptcy Procedure 3001(f) provides in relevant part:

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

> A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity of the amount of the claim.

Bankruptcy Code § 502(b)(1) provides in relevant part that a claim will not be allowed to the extent that the claim is for "an unenforceable debt against a debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ." The claimant must establish by a preponderance of the evidence that its claim should be allowed. The ultimate burden of persuasion is on the claimant. See *Lundell v. Anchor Construction Specialists, Inc. (In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000); *Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.*), 195 B.R. 92, 96 (B.A.P. 9th Cir. 1996).

The Claim must be disallowed in its entirety because it is an unenforceable debt against the Debtors and/or property of the Debtors' bankruptcy estates. Nothing attached to the Claim demonstrates liability on the part of the Debtors. The Complaint does not list the Debtors as parties to the litigation, nor could it. The Debtors were not parties to the transactions that occurred between Sherman and the Defendants. The Debtors were not part of the Settlement Agreement, they did not promise to pay the Settlement Notes, and they did they personally guarantee the Settlement Notes. Furthermore, the Debtors did not promise to pay Promissory Note 4. In short, the Debtors are not named or were not a party in any of the documents attached to the Claim, which forms the basis for the underlying debt. Only the Defendants are liable for the debt to Sherman and they are the only parties from whom Sherman may seek payment. Sherman has failed to establish any liability on the Debtors' part.

///

///

///

///

///

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

V. **CONCLUSION**

The Debtors request that the Claim be disallowed in its entirety.

Respectfully submitted,

Dated: December 11, 2009

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: /s/ Beth Gaschen

BETH E. GASCHEN
Attorneys for Debtor and Debtor-in-Possession, Bethany Holdings Austin Apartments, LLC, a Delaware limited liability company

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**DECLARATION OF BETH E. GASCHEN**

I, Beth E. Gaschen, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a member of the law firm of Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP, counsel of record for Bethany Holdings Austin Apartments, LLC, the debtors and debtors-in-possesion (the "Debtors") in this action. I am submitting this Declaration in support of the Debtors' Motion for Order Disallowing Claim No. 158 filed by Charles F. Sherman, Jr. Pursuant to 11 U.S.C. § 502 (the "Motion"). Unless otherwise defined, capitalized terms used in this declaration shall have the same meaning ascribed to them in the Motion. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. A true and correct copy of Claim No. 158 filed by Charles Sherman, obtained from PACER, is attached hereto as Exhibit "1."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of December, 2009, at Costa Mesa, California.

Beth E. Gaschen

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

# EXHIBIT 1

B10 (Official Form 10) (12/08)

**UNITED STATES BANKRUPTCY COURT** CENTRAL **DISTRICT OF CALIFORNIA**

**PROOF OF CLAIM**

Name of Debtor:
BETHANY HOLDINGS AUSTIN APARTMENTS, LLC

Case Number:
8:09-bk-11873-RK

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Charles F. Sherman, Jr.

Name and address where notices should be sent:
JEFFER, MANGELS, BUTLER & MARMARO, LLP
695 Town Center Drive, Suite 230
Costa Mesa, CA 92626
Attn: Dan E. Chambers, Esq.
Telephone number: (714) 429-8200

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** ____________
*(If known)*

Filed on: ________________

Name and address where payment should be sent (if different from above):

[same as above]

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ [see attached]

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Contract damages
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ____________

**3a. Debtor may have scheduled account as:** ____________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☒ Other
**Describe:** [see attached]

**Value of Property:** $____________ **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $ ____________ **Basis for perfection:** ____________

**Amount of Secured Claim:** $____________ **Amount Unsecured:** $ ____________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(____).

**Amount entitled to priority:**

$ ____________

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 11/9/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Dan E. Chambers, Esq., Attorney for Creditor Charles Fielding Sherman, Jr.
Dan E. Chambers

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152and3571.

American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT TO PROOF OF CLAIM**

Attached are the following documents in support of this proof of claim:

- Summons and Complaint, styled *Charles F. Sherman, Jr. v. Bethany Holdings Group, LLC*, et al. (Case No. 00123105, Superior Court of the State of California, County of Orange, Central Justice Center), filed May 14, 2009.
- Exhibit A: Settlement and Mutual Release Agreement
- Exhibit B: Promissory Note (Installment; Interest Included) Secured by Pledge Membership Interest
- Exhibit C: Contingent Promissory Note Secured by Pledge Membership Interest
- Exhibit D: Draw Reconciliation Promissory Note Secured by Pledge Membership Interest
- Exhibit E: Letter Notice of Default under Settlement and Mutual Release Agreement
- Exhibit F: Sole Recourse Unlimited Continuing Guarantee of Gregory P. Garmon
- Exhibit G: Sole Recourse Unlimited Continuing Guarantee of Jeffrey A. Silverman
- Exhibit H: Assignment of Membership Interest by Gregory P. Garmon to Charles F. Sherman, Jr.
- Exhibit I: Assignment of Membership Interest by Jeffrey A. Silverman to Charles F. Sherman, Jr.
- Exhibit J: Promissory Note dated December 29, 2008
- Exhibit K: Letter Notice of Default under Promissory Note dated December 29, 2008

Case 8:09-bk-11873-RK Claim 158-1 Filed 11/09/09 Desc Main Document Page 3 of 85

SUMMONS
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
MAY 14 2009
ALAN CARLSON, Clerk of the Court
BY: R. LUCEY, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
(see Additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CHARLES F. SHERMAN, JR.

**COPY**

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER: (Número del Caso): 30-2009 00123105

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
700 Civic Center Drive West
Santa Ana, California 92701

**JUDGE ROBERT J. MOSS**
**DEPT. C23**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dan E. Chambers, Esq. (State Bar No. 156853) Tel: (714) 429-8200 Fax: (714) 429-8202
Jeffer, Mangels, Butler & Marmaro LLP
695 Town Center Drive, Suite 230
Costa Mesa, CA 92626

DATE: *(Fecha)* MAY 14 2009 ALAN CARLSON Clerk, by *(Secretario)* R. LUCEY, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: Charles F. Sherman, Jr. v. Bethany Holdings Group, LLC, et al. | CASE NUMBER: |
| --- | --- |

## INSTRUCTIONS FOR USE

- → This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- → If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

BETHANY HOLDINGS GROUP, LLC, a Nevada limited liability company; BETHANY GROUP, LLC, a California limited liability company; BETHANY MANAGEMENT GROUP, LLC, a California limited liability company; GSS FINANCIAL LLC, a Nevada limited liability company; GREGORY P. GARMON, an individual; and JEFFREY A. SILVERMAN, an individual, and DOES 1 through 50, inclusive.

Page ______ of ______

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

JEFFER, MANGELS, BUTLER & MARMARO LLP
Dan E. Chambers (State Bar No. 156853)
695 Town Center Drive, Suite 230
Costa Mesa, California 92626
Telephone: 714-429-8200
Facsimile: 714-429-8202
E-Mail: DChambers@jmbm,com

Attorneys for Plaintiff
Charles F. Sherman, Jr.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
MAY 14 2009
ALAN CARLSON, Clerk of the Court
BY: B. LUBEY DEPUTY

COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

30-2009 00123105

CHARLES F. SHERMAN, JR.,

Plaintiff,

vs.

BETHANY HOLDINGS GROUP, LLC, a Nevada limited liability company; BETHANY GROUP, LLC, a California limited liability company; BETHANY MANAGEMENT GROUP, LLC, a California limited liability company; GSS FINANCIAL LLC, a Nevada limited liability company; GREGORY P. GARMON, an individual; and JEFFREY A. SILVERMAN, an individual, and DOES 1 through 50, inclusive,

Defendants.

CASE NO.

COMPLAINT FOR:

(1) BREACH OF SETTLEMENT AGREEMENT;
(2) FORECLOSURE OF SECURITY INTEREST IN PLEDGED COLLATERAL; AND
(3) BREACH OF RECOURSE NOTE

JUDGE ROBERT J. MOSS
DEPT. C23

For his complaint ("Complaint"), plaintiff Charles F. Sherman, Jr. ("Plaintiff") alleges as follows:

**PARTIES**

1. Plaintiff is an individual who entered into the agreements and promissory notes referenced herein while a resident of the State of Colorado, City of Parker.

2. Plaintiff is informed and believes and based thereon alleges that defendant Bethany Holdings Group, LLC ("BHG") is, and at all times relevant to this Complaint has been, a limited

liability company duly organized and existing under the laws of the State of Nevada and authorized to do and doing business in the State of California.

3. Plaintiff is informed and believes and based thereon alleges that defendant Bethany Group, LLC ("BG") is, and at all times relevant to this Complaint has been, a limited liability company duly organized and existing under the laws of the State of Nevada and authorized to do and doing business in the State of California.

4. Plaintiff is informed and believes and based thereon alleges that defendant Bethany Management Group, LLC ("BMG") is, and at all times relevant to this Complaint has been, a limited liability company duly organized and existing under the laws of the State of Nevada and authorized to do and doing business in the State of California.

5. Plaintiff is informed and believes and based thereon alleges that defendant GSS Financial LLC ("GSS") is, and at all times relevant to this Complaint has been, a limited liability company duly organized and existing under the laws of the State of Nevada and authorized to do and doing business in the State of California.

6. Plaintiff is informed and believes and based thereon alleges that defendant Gregory P. Garmon ("Garmon") is, and at all times relevant to this Complaint has been, a resident of the State of California, County of Orange.

7. Plaintiff is informed and believes and based thereon alleges that defendant Jeffrey A. Silverman ("Silverman") is, and at all times relevant to this Complaint has been, a resident of the State of California, County of Orange.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named defendant is in some manner legally responsible for the events, occurrences, and damages caused to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when ascertained.

9. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times defendants were acting as the partners, agents, servants, employees, alter egos, successors or

predecessors in interest, or contractors of others of the defendants, and unless alleged otherwise, were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other named defendant, and that each defendant has approved and ratified the acts of each of the other defendants.

10. BHG, BG, BMG and GSS shall at times be collectively referred to herein as "Bethany".

11. BHG, BG, BMG, GSS, Garmon and Silverman and and Does 1 through 50, inclusive shall at times be collectively referred to herein as the "Defendants."

## VENUE

12. Venue of this action is proper because all of the agreements and promissory notes referenced herein and creating the obligations on which Plaintiff brings this action were entered into in the County of Orange, State of California, and performance is due under the same in the County of Orange, State of California.

## FIRST CAUSE OF ACTION

**(For Breach of Settlement Agreement Against All Defendants)**

13. Plaintiff realleges and incorporates by this reference paragraphs 1 through 12, inclusive, of this Complaint as though set forth in full.

14. On or about July 10, 2008, Plaintiff and Defendants executed a written Settlement and Mutual Release Agreement (the "Settlement Agreement"), whereby Defendants agreed to purchase, and Plaintiff agreed to sell, Plaintiff's equity membership interests in Bethany for up to THIRTY MILLION DOLLARS ($30,000,000.00) (the "Purchase Price"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A** and is incorporated herein by this reference as though set forth in full.

15. Pursuant to the terms of the Settlement Agreement, the Purchase Price was to be paid to Plaintiff under two (2) separate promissory notes – one for SIX MILLION DOLLARS ($6,000,000.00) (the "Installment Note"); and another for TWENTY-FOUR MILLION DOLLARS ($24,000,000.00) (the "Contingent Note," and collectively with the Installment Note, the "Purchase

Price Notes"). True and correct copies of the Purchase Price Notes are attached hereto as **Exhibits B and C** and are incorporated herein by this reference as though set forth in full.

16. Moreover, the Defendants obligated themselves to pay Plaintiff, inter alia, a draw reconciliation of ONE MILLION TWO HUNDRED FORTY-TWO THOUSAND FIVE HUNDRED SIXTY-FIVE AND 28/100 DOLLARS ($1,242,565.28), made pursuant to a promissory note (the "Reconciliation Note"). A true and correct copy of the Reconciliation Note is attached hereto as **Exhibit D** and is incorporated herein by this reference as though set forth in full.

17. Pursuant to the Settlement Agreement, Plaintiff and Defendants agreed that 100% of Net Proceeds[1] from any Capital Event be paid to Plaintiff according to the following allocation:

a. 66.7% of the Net Proceeds from any BG Capital Event to the Reconciliation Note and 33.3% of the Net Proceeds from any BG Capital Event to the Contingent Note;

b. 70.0% of the Net Proceeds from any BHG Capital Event to the Reconciliation Note and 30.0% of the Net Proceeds from any BHG Capital Event to the Contingent Note;

c. 66.7% of the Net Proceeds from any BMG Capital Event to the Reconciliation Note and 33.3% of the Net Proceeds from any BMG Capital Event to the Contingent Note;

d. 66.7% of the Net Proceeds from any GSS Capital Event to the Reconciliation Note and 33.3% of the Net Proceeds from any GSS Capital Event to the Contingent Note;

e. 100% of any Bethany acquisition fee or disposition fee to the Reconciliation Note.

18. To date, Plaintiff has received $725,000.00 on account of the Installment Note, but nothing on account of the Contingent Note or the Reconciliation Note.

19. The last payment Plaintiff received was for $25,000.00 in February 2009.

20. Pursuant to the Settlement Agreement, a "failure by [the Defendants] to observe or perform, within ten (10) days of written notice to the [Defendants], any obligation, covenant,

[1] Any capitalized term not defined herein shall have the meaning ascribed to it in the Settlement Agreement.

condition, or agreement contained [in the Settlement Agreement] (or in any document attached [thereto] as an exhibit) which involves the payment of money" constitutes a "Monetary Event of Default".

21. On or about March 31, 2009, Plaintiff issued a written notice of Monetary Event of Default (the "Settlement Default Notice") to the Defendants for failure to make payment as required under the terms of the Settlement Agreement, the Purchase Price Notes and the Reconciliation Note. A true and correct copy of the Settlement Default Notice is attached hereto as **Exhibit E** and is incorporated herein by this reference as though set forth in full.

22. Defendants failed to respond to the Settlement Default Notice or otherwise cure the Monetary Event of Default within the contractually agreed upon ten (10) day grace period.

23. Defendants have failed and refused to make payment to Plaintiff, as required under the terms of the Settlement Agreement, the Purchase Price Notes and the Reconciliation Note.

24. With the exception of such terms and conditions as may have been excused, Plaintiff has performed each and every covenant and condition on its part to be performed under the Settlement Agreement, as well as, without limitation, the Purchase Price Notes and the Reconciliation Note.

25. As a direct and proximate cause of Defendants' default under the Settlement Agreement, the Purchase Price Notes and the Reconciliation Note as described above, Plaintiff has sustained and is entitled to compensatory and consequential damages from the Defendants in the amount of at least THIRTY-ONE MILLION TWO HUNDRED FORTY-TWO THOUSAND FIVE HUNDRED SIXTY-FIVE AND 28/100 DOLLARS ($31,242,565.28), together with unpaid accrued interest, penalties, charges and other costs of collection, all of which continue to accrue.

26. Moreover, under the terms of the Settlement Agreement, should Plaintiff prevail in this action, Plaintiff is entitled to recover all reasonable attorneys' fees and other costs and expenses incurred by Plaintiff in connection with this action, whether or not prosecuted to completion, including, without limitation, expert witness fees and costs of appeal, if any.

**SECOND CAUSE OF ACTION**

**(For Foreclosure of Security Interest in Pledged Collateral Against Defendants Garmon and Silverman)**

27. Plaintiff realleges and incorporates by this reference paragraphs 1 through 26, inclusive, of this Complaint as though set forth in full.

28. Both the Purchase Price Notes and the Reconciliation Note are guaranteed on a non-recourse basis by each of Garmon and Silverman, individually, pursuant to those certain Sole Recourse Unlimited Continuing Guarantees (collectively, the "Guarantees"), true and correct copies of which are attached hereto as **Exhibits F and G**, respectively, and are incorporated herein by this reference as though set forth in full.

29. The Guarantees, in turn, are secured by Assignments of Membership Interest executed by Garmon and Silverman, individually (collectively, the "Security Agreements"), under which Garmon and Silverman each pledged to Plaintiff, among other things, their respective membership interests in Bethany (the "Pledged Collateral"). True and correct copies of the Security Agreements executed by Garmon and Silverman are attached hereto as **Exhibits H and I**, respectively, and are incorporated herein by this reference as though set forth in full.

30. Under the terms of the Security Agreements, any Event of Default under the Settlement Agreement constitutes an "Event of Default" under the Security Agreements.

31. By reason of the above-described Monetary Event of Default by the Defendants of the Settlement Agreement (and therefore, of the Security Agreements) and under the terms of the Security Agreements, the California Commercial Code and other applicable law, Plaintiff is entitled to foreclosure of his security interest in the Pledged Collateral.

32. If Plaintiff is not able to accomplish and complete such foreclosure without the assistance of the Court, Plaintiff is entitled to an order (a) permitting him to foreclose upon the Pledged Collateral in a manner consistent with the Settlement Agreement, the Security Agreements, the California Commercial Code, and other applicable law, (b) applying the net proceeds from any foreclosure sale or sales to the indebtedness of Defendants, and each of them, to Plaintiff under the Settlement Agreement, and (c) determining that Defendants, and each of them,

retain no interest in the Pledged Collateral following such foreclosure sale or sales.

33. Moreover, under the terms of the Security Agreements, Plaintiff is entitled to "all costs of [Plaintiff], including reasonable attorneys' fees and expenses, incurred with respect to the collection of any of the [Purchase Price and/or Reconciliation] Notes or the enforcement of any of [Plaintiff's] rights [thereunder]."

## THIRD CAUSE OF ACTION

**(For Breach of Recourse Note Against Defendants Garmon, Silverman, and BHG)**

34. Plaintiff realleges and incorporates by this reference paragraphs 1 through 33, inclusive, of this Complaint as though set forth in full.

35. On or about December 29, 2008, Plaintiff loaned to defendants Garmon, Silverman and BHG (collectively, the "Maker") ONE MILLION SEVEN HUNDRED THOUSAND DOLLARS ($1,700,000.00), on a personal recourse basis, as evidenced by a duly executed promissory note (the "Recourse Note"). A true and correct copy of the Recourse Note is attached hereto as **Exhibit J** and is incorporated herein by this reference as though set forth in full.

36. The maturity date of the Recourse Note is the earlier of (i) March 28, 2009 or (ii) by guarantee of the Maker's interests in that certain real property referred to in the Recourse Note as "Legend Oaks Apartments" and any personal recourse as may be needed (the "Maturity Date").

37. No such guarantee has ever been executed.

38. Under the terms of the Recourse Note, "[i]f Maker defaults in the payments of [the Recourse Note] or in the performance of any obligation, and the default continues after [Plaintiff] gives Maker notice of the default and the time within which it must be cured," then Plaintiff "may declare the unpaid principal balance and earned interest on [the Recourse Note] immediately due."

39. On or about March 30, 2009, Plaintiff delivered a notice of default to Maker for failure to pay the balance due on the Recourse Note on the Maturity Date (the "Recourse Loan Default Notice"), a true and correct copy of which is attached hereto as **Exhibit K** and is incorporated herein by this reference as though set forth in full..

40. Maker failed to respond to the Recourse Loan Default Notice and did not cure and has not cured its default.

41. As a direct and proximate cause of Maker's default under the Recourse Note as described above, Plaintiff has sustained and is entitled to compensatory and consequential damages from Defendants BHG and Garmon and Silverman, individually and personally, in the amount of at least ONE MILLION SEVEN HUNDRED THOUSAND DOLLARS ($1,700,000.00), together with unpaid accrued interest, reasonable attorney's fees and expenses, penalties, charges and other costs of collection, all of which continue to accrue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory and consequential damages in the amount of at least THIRTY-TWO MILLION TWO HUNDRED SEVENTEEN THOUSAND FIVE HUNDRED SIXTY-FIVE AND 28/100 DOLLARS ($32,217,565.28).
2. For foreclosure on the security interest in the Pledged Collateral.
3. For prejudgment interest on all amounts due and owing at the maximum rate allowed by applicable law;
4. For attorneys' fees to the fullest extent allowed by applicable law;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

Dated: May 13, 2009

JEFFER, MANGELS, BUTLER & MARMARO LLP

By: [signature]
Dan E. Chambers
Attorneys for Plaintiff
CHARLES F. SHERMAN, JR.

# EXHIBIT "A"

# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

THIS SETTLEMENT AND MUTUAL RELEASE AGREEMENT (this "Agreement") is made and entered into as of this 10th day of July, 2008, by and among BETHANY HOLDINGS GROUP, LLC, a Nevada limited liability company ("BHG"), BETHANY GROUP, LLC, a California limited liability company ("BG"), BETHANY MANAGEMENT GROUP, LLC, a California limited liability company ("BMG"), GSS FINANCIAL LLC, a Nevada limited liability company ("GSS"), CHARLES F. SHERMAN, JR. ("Sherman"), GREGORY P. GARMON ("Garmon") and JEFFREY A. SILVERMAN ("Silverman"). BHG, BG, BMG and GSS are sometimes collectively referred to herein as "Bethany". BHG, BG, BMG, GSS, Sherman, Garmon and Silverman are sometimes individually referenced herein as a "Party" and collectively referred to herein as the "Parties".

## RECITALS:

A. Sherman, Garmon and Silverman are all of the Members in Bethany.

B. Sherman, Garmon, Silverman, and each of BG, BHG and BMG are parties to three separate Membership Interest Purchase Agreements each dated as of April 19, 2007 (each a "MIPA") pursuant to which Sherman, Garmon and Silverman each granted the right to BG, BHG and BMG to redeem their membership interests in BG, BHG and BMG, respectively, upon the occurrence of certain "terminating events" as more particularly set forth in each MIPA.

C. On February 28, 2008, each of BG, BHG and BMG delivered to Sherman a Notice of Exercise of Option to Purchase Membership Interest declaring that a "terminating event" occurred under each MIPA and electing to redeem Sherman's membership interest in each of BG, BHG and BMG.

D. Sherman has disputed, among other things, that a "terminating event" has occurred under each MIPA.

E. In order to avoid the cost and expense of arbitrating whether a "terminating event" has occurred under each MIPA and other issues disputed by Sherman under each MIPA, the Parties desire to enter into this Agreement pursuant to which, among other things, Sherman's membership interest in Bethany will be redeemed.

F. The Parties also now desire to release each other from any and all claims arising out of or prior to this Agreement to the extent provided pursuant to the terms of the release set forth herein.

NOW, THEREFORE, for good and valuable consideration, incorporating the foregoing recitals and the conditions and covenants contained herein, the sufficiency of which is hereby acknowledged, the Parties hereto further agree as follows:

1. Purchase of Sherman's Interests. In consideration for the release provided herein and payment of the Purchase Price (as defined below), Sherman hereby sells, conveys, transfers