1 | **WEILAND, GOLDEN,**
**SMILEY, WANG EKVALL & STROK, LLP**

2 | Evan D. Smiley, State Bar No. 161812
esmiley@wgllp.com

3 | Robert S. Marticello, State Bar No. 244256
rmarticello@wgllp.com

4 | Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com

5 | 650 Town Center Drive, Suite 950
Costa Mesa, California 92626

6 | Telephone:   (714) 966-1000
Facsimile:    (714) 966-1002

7 |

8 | Attorneys for Debtors and Debtors-in-Possession,
Bethany Holdings Austin Apartments, LLC, *et al.*

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **SANTA ANA DIVISION**

12 | In re | Case No. 8:09-bk-11873-RK

13 | BETHANY HOLDINGS AUSTIN | Chapter 11 Case
APARTMENTS, LLC, a Delaware limited

14 | liability company, | (Jointly Administered with Case Nos.
8:09-bk-11874-RK; 8:09-bk-11875-RK;

15 | Debtor and | 8:09-bk-11876-RK; 8:09-bk-11877-RK;
Debtor-in-Possession. | 8:09-bk-11878-RK; 8:09-bk-11879-RK;

16 | | 8:09-bk-11880-RK; 8:09-bk-11881-RK;
8:09-bk-11882-RK; 8:09-bk-11883-RK;

17 | X  Affects BETHANY HOLDINGS AUSTIN | 8:09-bk-11884-RK; 8:09-bk-11885-RK;
APARTMENTS, LLC, a Delaware limited | 8:09-bk-11886-RK; 8:09-bk-11887-RK;

18 | liability company ONLY | 8:09-bk-11888-RK; 8:09-bk-11889-RK; and
8:09-bk-11890-RK)

19 | ___ Affects BETHANY AUSTIN
MEZZANINE APARTMENTS, LLC, a | **MOTION FOR ORDER DISALLOWING**

20 | Delaware limited liability company ONLY | **CERTAIN SECURED CLAIMS:**

21 | X  Affects BETHANY LONESTAR | **1. MAC MECHANICAL, INC. (CLAIM**
APARTMENTS, LLC, a Delaware limited | **NO. 4);**

22 | liability company ONLY | **2. HOUSETEX PAINTERS (CLAIM NO.**
**28);**

23 | X  Affects KT TERRAZA-TX1, LLC, a | **3. BEST PLUMBING, LLC (CLAIM NO.**
Delaware limited liability company ONLY | **29);**

24 | | **4. TEXAS FLOORING (CLAIM NO. 33);**
**5. DANIELS PLUMBING CO. (CLAIM**

25 | ___ Affects KT TERRAZA-TX2, LLC, a | **NO. 39);**
Delaware limited liability company ONLY | **6. BALLARD'S ASPHALT &**

26 | ___ Affects FJLC-TX1, LLC, a Delaware | **CONCRETE (CLAIM NO. 40);**
limited liability company ONLY | **7. INSTAR SERVICE GROUP (CLAIM**

27 | | **NO. 45);**
___ Affects FJLC-TX2, LLC, a Delaware | **8. AAA PLUMBERS, INC. (CLAIM NOS.**

28 | limited liability company ONLY | **55 & 60);**

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 | ___ Affects BETHANY LONESTAR

2 MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY

3 | ___ Affects BETHANY QUAIL HOLLOW

4 APARTMENTS, LLC, a Delaware limited liability company ONLY

5 | ___ Affects BETHANY QUAIL HOLLOW,

6 LLC, a Delaware limited liability company ONLY

7

8 | ___ Affects BETHANY SENECA BAY APARTMENTS, LLC, a Delaware limited liability company ONLY

9

10 | ___ Affects BETHANY SENECA BAY, LLC, a Delaware limited liability company ONLY

11 | ___ Affects BETHANY WOODHILL

12 APARTMENTS, LLC, a Delaware limited liability company ONLY

13 | ___ Affects BETHANY WOODHILL, LLC, a

14 Delaware limited liability company ONLY

15 | ___ Affects BETHANY WILLOW LAKE APARTMENTS, LLC, a Delaware limited liability company ONLY

16

17 | ___ Affects BETHANY WILLOW LAKE, LLC, a Delaware limited liability company ONLY

18

19 | ___ Affects BETHANY GP ACQUISITION, LLC, a Delaware limited liability company ONLY

20

21 | ___ Affects BETHANY LP ACQUISITION, LLC, a Delaware limited liability company ONLY

22

23 | ___ Affects All Debtors.

9. SUPERPEOPLE, INC. (CLAIM NO. 63);
10. THE ENVIROTROL COMPANY, INC. (CLAIM NOS. 81 & 82);
11. THE SHERWIN-WILLIAMS COMPANY (CLAIM NOS. 91 & 160);
12. HOUSTON COLORS PAINTING & RESURFACING (CLAIM NO. 102);
13. CRAVEN CARPET (CLAIM NO. 113); AND
14. MCBRIDE ELECTRIC, INC. (CLAIM NO. 128);

**MEMORANDUM OF POINTS AND AUHORITIES; AND DECLARATION OF BETH E. GASCHEN IN SUPPORT**

<u>Hearing Date</u>
Date:    **January 12, 2010**
Time:    **2:30 p.m.**
Place:   **Courtroom 5D**
         **411 West Fourth Street**
         **Santa Ana, CA 92701**

24 | **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:**

25 |        The above-affected debtors and debtors-in-possession, Bethany Holdings Austin

26 Apartments, LLC ("Bethany Austin"), Bethany Lonestar Apartments, LLC ("Bethany

27 Lonestar"), and KT Terrazza-TX1, LLC ("KT Terrazza" together with Bethany Austin and

28 Bethany Lonestar, the "Debtors") submit this Motion Objecting to Certain Secured Claims

1   Pursuant to 11 U.S.C. § 502 (the "Motion").  In support of the Motion, the Debtors submit

2   the following memorandum of points and authorities, and the Declaration of Beth E.

3   Gaschen (the "Gaschen Declaration").  The Debtors respectfully represent as follows:

4   **I.    INTRODUCTION**

5        By this pleading, the Debtors object to certain allegedly secured claims.

6   Specifically, the Debtors object to the claims of creditors who expressly assert a lien

7   against property of the Debtors' estates pursuant to Article XVI, § 37 of the Texas

8   Constitution, and claims that do not expressly reference a Texas constitutional lien, but

9   appear to perhaps fall into that category (collectively, the "Texas Constitutional Claims").

10  The Debtors object to the above listed Texas Constitutional Claims on two grounds.

11       First, the Debtors object to certain Texas Constitutional Claims to the extent that

12  such claims are not secured by a "removable" as defined by Texas law.  As discussed in

13  further detail below, liens pursuant to Article XVI, § 37 ("Texas Constitutional Liens") may

14  be given priority over prior recorded deeds of trust, but only if the claimant repaired or

15  furnished a "removable" item.  However, certain of the claimants subject to this Motion

16  only performed services or furnished items that are not considered "removables" under

17  Texas law.  In these cases, the claimant is not entitled to a senior in priority lien, but, at

18  best, a lien against the Debtors' real property that is junior to any prior recorded deeds of

19  trust.  Pursuant to 11 U.S.C. § 506, the value of such secured claims is zero because the

20  amount of the senior secured debt exceeds the value of the real property, leaving no

21  equity to secure any junior liens.  These claims should be allowed only as general

22  unsecured claims (and not secured claims) and treated as such under the Debtors'

23  chapter 11 plan.

24       Second, the Debtors object to the amounts of the Texas Constitutional Claims to

25  the extent the liens were not properly perfected.  Under Texas Property Code § 53.052, a

26  lien affidavit must be filed within 75 days of the date the indebtedness accrues (the

27  "Perfection Period") to perfect a Texas Constitutional Lien against a subsequent bona fide

28  purchaser.  The Debtors are afforded the status of a bona fide purchaser under § 544(a)

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  of the Bankruptcy Code.  Thus, the Texas Constitutional Claims are unenforceable

2  against the Debtors as a secured claim to the extent the claimants failed to timely file the

3  lien affidavits.  Many claimants have included in their proof of claim work that was

4  performed outside the Perfection Period and, therefore, the amount of the secured claims

5  must be reduced.

6      Accordingly, with respect to each Texas Constitutional Claim, the Debtors request

7  an order either (1) disallowing the claim as a secured claim, and allowing the claim only as

8  a general unsecured claim, or (2) reducing the amount of the secured portion of the claim,

9  and allowing the remainder as a general unsecured claim.[1]

10  **II.    BACKGROUND**

11      Beginning on March 4, 2009, the Debtors and certain affiliate debtors commenced

12  a series of related bankruptcy cases (collectively, the "Cases").  The petition date for the

13  Bethany Austin case is March 4, 2009, and the petition date for the other cases is March

14  5, 2009 (collectively, the "Petition Dates").  By order entered on March 6, 2009, the Cases

15  are being jointly administered.

16      Collectively, the Debtors and the affiliate debtors own and manage 16 apartment

17  complexes (collectively, the "Properties") in Texas and Maryland consolidated into three

18  separate portfolios (collectively, the "Portfolios").  The Portfolios are separately referred to

19  as the Lonestar, Austin, and Maryland Portfolios.  Only the Austin and Lonestar Portfolios

20  are relevant to this Motion.

21  **A.    The Lonestar Portfolio**

22      The Lonestar Portfolio consists of the 8 following apartment complexes

23  (collectively, the "Lonestar Properties"):

24      1.    The Briargrove Apartments, also known as The Plaza, consisting of 643

25          units in Houston, TX;

26  ――――――――――――――

27  [1] The objections raised herein are not inclusive.  The Debtors reserve the right to further object to any
    claim subject to this Motion on any other legal or factual basis.

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

371519.6

MOTION FOR ORDER DISALLOWING
CLAIM

2.    The Champion Forest Apartments consisting of 198 units in Houston, TX;

3.    The Memorial Apartments consisting of 200 units in Houston, TX;

4.    The Park at Country Place consisting of 169 units in Houston, TX;

5.    The Sugar Ridge Apartments consisting of 250 units in Stafford, TX;

6.    The Westway Apartments consisting of 316 units in Houston, TX;

7.    The Woodbridge Apartments consisting of 384 units in Houston, TX; and

8.    The Wyndham Oaks Apartments consisting of 279 units in Houston, TX.

The Lonestar Properties are each owned by the following three Delaware limited liability companies as tenants in common or "TICS": FJLC-TX1, LLC, KT Terraza, and Bethany Lonestar (collectively, the "Lonestar Property Owners").  FJLC-TX1, LLC ("FJLC 1"), owns a 36.25% in each of the Lonestar Properties, KT Terraza owns a 50% interest in each of the Lonestar Properties, and Bethany Lonestar owns a 13.75% in each of the Lonestar Properties.  Each Lonestar Property Owner is the wholly-owned subsidiary of another Delaware limited liability company bearing a similar name, which are also debtors before this court.  More specifically, FJLC-TX2, LLC, KT Terraza-TX2, LLC, and Bethany Lonestar Mezzanine Apartments, LLC, own 100% of the membership interests in FJLC 1, KT Terraza, and Bethany Lonestar, respectively.

**B.    The Austin Portfolio**

The Austin Portfolio consists of the 4 following apartment complexes (collectively, the "Austin Properties"):

1.    The Broadmoor Apartments consisting of 124 units in Austin, TX;

2.    The Chesapeake Apartments consisting of 200 units in Austin, TX;

3.    The Falls on Bull Creek consisting of 344 units in Austin, TX; and

4.    The Promontory Point Apartments consisting of 252 units in Austin, TX.

The Austin Properties are owed by a single entity, Bethany Austin.  Bethany Austin is a wholly-owned subsidiary of another debtor entity, Bethany Austin Mezzanine Apartments, LLC, a Delaware limited liability company.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**C.    Senior Secured Debt**

In December 2006, the property-owning debtors in each Portfolio obtained loans from Lehman Brothers Bank, FSB, via multiple promissory notes (generally referred to as Notes A, B, and C), certain of which notes were then transferred/sold to other third parties, who are the current holders and owners of the notes and secured creditors of the Debtors (collectively, the "Noteholders").  The obligations under the Notes are secured by liens against the Properties.  More specifically, the Lonestar Properties secure three notes in the first through third priority totaling approximately $121,730,000, and the Austin Properties secure three notes in the first through third priority totaling approximately $44,000,000.  The Debtors believe that, with respect to each Portfolio, the amount of the secured notes in the aggregate exceed the value of the Properties.

As can be seen from the Table attached hereto as Exhibit "1" the lien affidavits for each claimant were recorded after the above transactions in the years 2008 and 2009.

**D.    The Debtors' Plan**

Under the Debtors' Second Amended Joint Chapter 11 Plan (the "Plan"), the creditors that assert claims secured by Texas Constitutional Liens, and who elect the treatment provided for such claims,[2] will, at the Debtors' election, (1) receive the value of their collateral in cash in full satisfaction of the claim, (2) be entitled to remove their collateral, or (3) receive such other treatment as may be agreed to by the applicable Debtor and the claimant.  The hearing on the confirmation of the Plan is set for January 13, 2010.

**III.    LEGAL ANALYSIS**

Federal Rule of Bankruptcy Procedure 3001(f) provides in relevant part:

---

[2] The holders of Texas Constitutional Claims are provided the option of electing the treatment provided for the holders of general unsecured claims, or the treatment provided for the Texas Constitutional Claims. The Debtors reserve the right to withdraw their objection as to any claimants who elect the treatment provided for the holders of general unsecured claims as provided in the Plan prior to the hearing on this Motion.

1         A proof of claim executed and filed in accordance with these
2         rules shall constitute prima facie evidence of the validity of the
         amount of the claim.

3       Bankruptcy Code § 502(b)(1) provides in relevant part that a claim will not be

4 allowed to the extent that the claim is for "an unenforceable debt against a debtor and

5 property of the debtor, under any agreement or applicable law for a reason other than

6 because such claim is contingent or unmatured . . ."  The claimant must establish by a

7 preponderance of the evidence that its claim should be allowed.  The ultimate burden of

8 persuasion is on the claimant.  *See Lundell v. Anchor Construction Specialists, Inc. (In re*

9 *Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000); *Bitters v. Networks Elec. Corp. (In re*

10 *Networks Elec. Corp.*), 195 B.R. 92, 96 (B.A.P. 9th Cir. 1996).

11       Section 506(a) divides creditors' claims into "secured claims" and "unsecured

12 claims."  *In re Zimmer*, 313 F.3d 1220, 1222-23 (9th Cir. 2002).  Although the conventional

13 interpretation of "secured" might include any claim in which the creditor has a security

14 interest in the debtor's property, § 506(a) makes clear that the status of a claim depends

15 on the valuation of the property:

16         An allowed claim of a creditor secured by a lien on property in
         which the estate has an interest . . . is a secured claim to the
17         extent of the value of such creditor's interest in the estate's
         interest in such property . . . and is an unsecured claim to the
18         extent that the value of such creditor's interest . . . is less than
         the amount of such allowed claim.
19

20 *Id.* at 1223; *see also* 11 U.S.C. § 506(a).  To put it more simply, a claim such as a

21 mortgage is not a "secured claim" to the extent that it exceeds the value of the property

22 that secures it.  Under the Bankruptcy Code, "secured claim" is thus a term of art; not

23 every claim that is secured by a lien on property will be considered a "secured claim."

24 *See In re Zimmer*, 313 F.3d at 1223.

25    **A.**    **Priority of the Texas Constitutional Claims**

26       Article XVI, § 37 of the Texas Constitution grants to mechanics, artisans, and

27 materialmen "a lien upon the buildings and articles made or repaired by them for the value

28 of their labor done thereon, or materials furnished therefore . . . ."  Texas constitutional

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

liens are senior in priority to pre-existing deeds of trust if the liens are secured by

"removables." See *Hoarel Sign Co. v. Dominion Equity Corp.*, 910 S.W.2d 140, 142 (Tex.

App. 1995); *see also FDIC v. Bodin Concrete Co.*, 869 S.W.2d 372, 382 (Tex. App. 1993);

*First National Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex. 1975).  An

item is "removable" if it can be detached from the building or realty without materially

injuring the remaining property, the improvements, or the item removed.  See *FDIC*, 869

S.W.2d at 382.  Conversely, the constitutional lien is inferior to a prior recorded deed of

trust if the improvements cannot be removed without causing material injury.  See *Hoarel

Sign Co.*, 910 S.W.2d at 142.

To determine whether something is removable, the court can consider the following

factors:

1.    Is the item merely attached to the structure in such a manner that it is

obvious that removal and/or replacement is always possible?

2.    Is the item one which is removed and/or replaced as part of ordinary

maintenance?

3.    Is the item one which is removed and/or replaced as part of the ordinary

operation of the building?

4.    Is removal, while not unusual, or even usually contemplated, so simple and

so non-destructive of item, structure or freehold, that to deny removability (or

separateness) would violate the purpose of the mechanic's lien statutes?

5.    Is the item, though easily removable, such a part of the finished structure

that no party would ever contemplate removal and/or replacement during the

ordinary operation and maintenance of the building?

*In re Opah Wall Financial Corp.*, 84 B.R. 442, 446 (Bankr. W.D. Texas 1986).

**1.    Claim No. 4 (KT Terrazza): Mac Mechanical, Inc.**

On April 27, 2009, Mac Mechanical, Inc. ("Mac") filed a secured claim in the

amount of $26,303.14 for plumbing services.  The claim asserts a constitutional and

mechanic's lien.  The documents attached to the claim establish that Mac provided

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

8

1  services, namely, unclogging pipes.  Mac did not furnish removables, nor can the services

2  Mac provided be considered the repair of a removable as pipes are not removables.  *See*

3  *Opah*, 84 B.R. at 446-47.  If Mac did furnish any other items that could be considered a

4  removable, it is not possible to make this determination from the documentation attached

5  to the proof of claim.  Consequently, this proof of claim is not entitled to priority over any

6  prior recorded deed of trust.  As a result, at best, the claim is secured by a lien junior to

7  the liens of the Noteholders.  In light of the value of the collateral and the total amount of

8  the senior secured debt, pursuant to § 506(a), the value of this secured claim is zero.  The

9  Debtors request the claim be disallowed as a secured claim, and allowed only as a

10  general unsecured claim in the amount of $26,303.14 and be treated as such under the

11  Plan.

12  **2.    Claim No. 28 (Lonestar): Housetex Painters**

13  On June 16, 2009, Housetex Painters filed a secured claim in the amount of

14  $119,521.84 for services performed.  The documentation attached to the claim

15  demonstrates that Housetex Painters cleaned and painted the apartments to make them

16  ready for move-in.  Thus, Housetex Painters did not repair or furnish a removable item.

17  Rather, Housetex Painters furnished paint, and paint is not a removable.  Consequently,

18  this proof of claim is not entitled to priority over any prior recorded deed of trust.  As a

19  result, at best, the claim is secured by a lien junior to the liens of the Noteholders.  In light

20  of the value of the collateral and the total amount of the senior secured debt, pursuant to

21  § 506(a), the value of this secured claim is zero.  The Debtors request the claim be

22  disallowed as a secured claim, and allowed only as a general unsecured claim in the

23  amount of $119,521.84, and be treated as such under the Plan.

24  **3.    Claim No. 29 (Lonestar): Best Plumbing, LLC**

25  On June 17, 2009, Best Plumbing, LLC ("Best Plumbing") filed a proof of claim in

26  the amount of $7,182.70, of which $4,858.63 is supposedly secured.  Attached to the

27  proof of claim is a final default judgment, in which Best Plumbing asserts statutory and

28  constitutional liens.  However, there is no evidence that Best Plumbing repaired or

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 furnished a removable item.  Consequently, this proof of claim is not entitled to priority

2 over any prior recorded deed of trust.  As a result, at best, the claim is secured by a lien

3 junior to the liens of the Noteholders.  In light of the value of the collateral and the total

4 amount of the senior secured debt, pursuant to § 506(a), the value of this secured claim is

5 zero.  The Debtors request the claim be disallowed as a secured claim, and allowed only

6 as a general unsecured claim in the amount of $7,182.70 and be treated as such under

7 the Plan.[3]

8           **4.       Claim No. 39 (Lonestar): Daniels Plumbing Co.**

9         On May 12, 2009, Daniels Plumbing Co. ("DPC") filed a secured claim in the

10 amount of $26,134.72 for services rendered.  The claim asserts a constitutional and

11 mechanic's lien.  The documents attached to the claim establish that DPC provided

12 services, namely, unclogging pipes.  DPC did not furnish removables, nor can the

13 services DPC provided be considered the repair of a removable item as pipes are not

14 removables.  *See Opah*, 84 B.R. at 446-47.  If DPC did furnish any other items that could

15 be considered a removable, it is not possible to make this determination from the

16 documentation attached to the proof of claim.  Consequently, this proof of claim is not

17 entitled to priority over any prior recorded deed of trust.  As a result, at best, the claim is

18 secured by a lien junior to the liens of the Noteholders.  In light of the value of the

19 collateral and the total amount of the senior secured debt, pursuant to § 506(a), the value

20 of this secured claim is zero.  The Debtors request the claim be disallowed as a secured

21 claim, and allowed only as a general unsecured claim in the amount of $26,134.72 and be

22 treated as such under the Plan.

23

24 ───────────────

25     [3] In the event Best Plumbing is able to prove that it either repaired or furnished a removable item, the
Debtors reserve the right to further object to this claim due the claimant's failure to demonstrate that that it

26 properly perfected its Texas Constitutional Lien.  Best Plumbing failed to attach any invoices to the proof of
claim demonstrating with the indebtedness accrued and failed to demonstrate that it timely filed a lien

27 affidavit.

28

### 5.    Claim No. 40 (Austin): Ballard's Asphalt & Concrete

On June 30, 2009, Ballard's Asphalt & Concrete ("Ballard's") filed a secured claim in the amount of $1,236.25 for labor performed and materials provided. Ballard's replaced a 4' x 8' area of asphalt pavement. Thus, Ballard's did not repair or furnish a removable item as asphalt is not a removable. There is no way for the asphalt to be removed without material injury to the asphalt itself. Consequently, this proof of claim is not entitled to priority over any prior recorded deed of trust. As a result, at best, the claim is secured by a lien junior to the liens of the Noteholders. In light of the value of the collateral and the total amount of the senior secured debt, pursuant to § 506(a), the value of this secured claim is zero. The Debtors request the claim be disallowed as a secured claim, and allowed only as a general unsecured claim in the amount of $1,236.25 and be treated as such under the Plan.

### 6.    Claim No. 45 (Lonestar): InStar Service Group

On August 10, 2009, InStar Service Group ("InStar") filed a secured claim in the amount of $852,603.71 for services rendered. Attached as Exhibit "B" to the proof of claim are four affidavits for mechanic's and materialman's lien. According to the affidavits, Instar furnished lumber, fixtures, drywall and finishing materials. Exhibit "C" is supposed to be an itemization of the charges, but the document only includes total amounts for invoices. There is nothing attached to the proof of claim that specifically demonstrates InStar furnished or repaired a removable item. Consequently, this proof of claim is not entitled to priority over any prior recorded deed of trust. As a result, at best, the claim is secured by a lien junior to the liens of the Noteholders. In light of the value of the collateral and the total amount of the senior secured debt, pursuant to § 506(a), the value of this secured claim is zero. The Debtors request the claim be disallowed as a secured claim, and allowed only as a general unsecured claim in the amount of $852,603.71 and be treated as such under the Plan.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

### 7.    Claim No. 60 (Lonestar): AAA Plumbers, Inc.

On September 24, 2009, AAA Plumbers, Inc. ("AAA") filed a secured claim in the amount of $1,525.97 for plumbing services rendered.  The claim asserts a constitutional and mechanic's lien.  The documents attached to the claim establish that AAA provided services, namely, unclogging drains.  AAA did not furnish[4] removables, nor can the services AAA provided be considered the repair of a removable as pipes are not removables.  *See Opah*, 84 B.R. at 446-47.  Consequently, this proof of claim is not entitled to priority over any prior recorded deed of trust.  As a result, at best, the claim is secured by a lien junior to the liens of the Noteholders.  In light of the value of the collateral and the total amount of the senior secured debt, pursuant to § 506(a), the value of this secured claim is zero.  The Debtors request the claim be disallowed as a secured claim, and allowed only as a general unsecured claim in the amount of $1,525.97 and be treated as such under the Plan.

### 8.    Claim No. 63 (Lonestar): SuperPeople, Inc.

On September 28, 2009, SuperPeople, Inc. ("SuperPeople") filed a secured claim in the amount of $1,703.26 for services performed.  The claim asserts a mechanic's and materialmen's lien.  The services that were performed were the moving and installation of appliances.  Thus, SuperPeople neither furnished nor repaired a removable.  Consequently, this proof of claim is not entitled to priority over any prior recorded deed of trust.  As a result, at best, the claim is secured by a lien junior to the liens of the Noteholders.  In light of the value of the collateral and the total amount of the senior secured debt, pursuant to § 506(a), the value of this secured claim is zero.  The Debtors request the claim be disallowed as a secured claim, and allowed only as a general unsecured claim in the amount of $1,703.26 and be treated as such under the Plan.

---

[4] On invoice W15967, AAA lists a 1 ½ " Fernco coupling.  There is no further description of this item so it is not possible for the Debtors or the Court to determine based on the documentation attached to the proof of claim whether the coupling can be considered a removable.  In any event, the coupling was valued only at $11.29, which would be the only amount entitled to priority.

1        **9.    Claim Nos. 81 & 82 (Lonesetar): The Envirotrol Company, Inc.**

2        On October 27, 2009, the Envirotrol Company, Inc. ("ECI") filed two secured

3   claims.  Both proofs of claim attach affidavits for mechanic's and materialmen's liens.  The

4   services that were performed were for general pest control.  Thus, ECI neither furnished

5   nor repaired a removable.  Consequently, ECI's proofs of claim are not entitled to priority

6   over any prior recorded deed of trust.  As a result, at best, the claims are secured by liens

7   junior to the liens of the Noteholders.  In light of the value of the collateral and the total

8   amount of the senior secured debt, pursuant to § 506(a), the value of ECI's secured

9   claims is zero.  The Debtors request that both of ECI''s claims be disallowed as secured

10  claims, and that claim no. 81 and claim no. 82 be allowed only as general unsecured

11  claims in the amount of $1,665.70 and $2,531.55, respectively, and be treated as such

12  under the Plan.

13       **10.    Claim No. 91 (Lonestar) & Claim No. 160 (Austin): The Sherwin-**

14               **Williams Company**

15       On November 6, 2009, The Sherwin-Williams Company ("Sherwin-Williams") filed

16  proof of claim no. 91.  This claim was filed as a secured claim in the amount of

17  $133,331.57.  Claim no. 160 was also filed by Sherwin-Williams on Novemer 6, 2009 as a

18  secured claim in the amount of $14,762.91.  Both claims attach mechanic and

19  materialman's lien affidavits. The affidavits state that Sherwin-Williams provided paint and

20  carpet to the Debtors.  As stated above, paint is not a removable.  While carpet is

21  considered a removable, the documentation does not establish how much if any of the

22  liens relate to carpet.  Unless and until Sherwin-Williams provides evidence to the Court

23  as to the portion of the claim that represents the repair or installation of carpet, the claim

24  should not be considered secured by a removable.  Consequently, the Sherwin-Williams'

25  proofs of claim are not entitled to priority over any prior recorded deed of trust.  As a

26  result, at best, the claims are secured by liens junior to the liens of the Noteholders.  In

27  light of the value of the collateral and the total amount of the senior secured debt,

28  pursuant to § 506(a), the value of these secured claims is zero.  The Debtors request that

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  both of Sherwin-Williams' claims be disallowed as secured claims, and that claim no. 91

2  and claim no. 160 be allowed only as general unsecured claims in the amount of

3  $133,331.57 and $14,762.91, respectively, and be treated as such under the Plan.

**11.    Claim No. 102 (Lonestar): Houston Colors Painting &**

**Resurfacing**

6       On August 4, 2009, Houston Colors Painting & Resurfacing ("Houston") filed a

7  secured claim in the amount of $341,407.78 based on a judgment against the Lonestar

8  Property Owners and for services provided.  Attached to the proof of claim is a mechanic's

9  and materialman's lien affidavit that states Houston painted and resurfaced apartments for

10  the Debtors.  As stated above, paint is not a removable.  Consequently, this proof of claim

11  is not entitled to priority over any prior recorded deed of trust.  As a result, at best, the

12  claim is secured by a lien junior to the liens of the Noteholders.  In light of the value of the

13  collateral and the total amount of the senior secured debt, pursuant to § 506(a), the value

14  of this secured claim is zero.  The Debtors request the claim be disallowed as a secured

15  claim, and be allowed only as a general unsecured claim in the amount of $341,407.78

16  and be treated as such under the Plan.

**B.    Improperly Perfected Texas Constitutional Claims**

18       "The Texas constitutional lien is self-executing."  *San Antonio Credit Union v*

19  *O'Connor*, 115 S.W.3d 82, 107 (Tex. App. 2003).  Nevertheless, to properly perfect the

20  lien, the claim holder must comply with Chapter 53 of the Texas Property Code.

21  Tex.Prop.Code Ann. §§ 53.001 *et seq.*  Section 53.052 sets forth the timing requirement

22  for filing a lien affidavit.  If the lien arises from a residential construction project,[5] the

23  person claiming the lien must "file an affidavit with the county clerk . . . not later than the

24

25  _____

26    [5] The term "residential construction project" means "a project for the construction or repair of a new or
existing residence, including improvements appurtenant to the residence, provided by a residential
27  construction contract."  Tex.Prop.Code § 53.001(10).

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   15th day of the third calendar month after the day on which the indebtedness accrues.[6]"

2   Tex.Prop.Code § 53.052(b).  The affidavit must then be sent by registered mail or certified

3   mail to the owner not later than the fifth day after the affidavit is filed.  Tex.Prop.Code

4   § 53.055(a).

5   The statutory requirement as to filing and time of filing must be complied with to

6   make a constitutional lien enforceable against a subsequent bona fide purchaser.  *See*

7   *Black, Sivalls & Bryson, Inc. v. Operators Oil & Gas Co.*, 37 S.W.2d 313, 315 (Tex. Civ.

8   App. 1931); *see also De Bruin v. Santa Domingo Land & Irrigation Co.*, 194 S.W. 654, 657

9   (Tex. Civ. App. 1917) ("[A]s to third parties, who have not actual notice of the labor having

10  been performed or the material furnished, the lien is not enforceable unless the statute

11  has been complied with."); *Kensey v. Spurling*, 102 S.W. 122, 124 (Tex. Civ. App. 1907)

12  (Stating that the statute prescribing the method of preserving the lien must be complied

13  with, or the lien will not prevail against third parties).  Consequently, "for a contractor who

14  has a constitutional lien to be protected against the rights of third parties, he must either

15  comply with the statutes relating to affidavits for fixing mechanic's and materialmen's liens,

16  thus giving constructive notice to third parties, or he must give actual notice to third parties

17  within the time prescribed by the statute."  *Texas Wood Mill Cabinets, Inc. v. Butter*, 117

18  S.W.3d 98, 105 (Tex. App. 2003).

19  In a bankruptcy case, a trustee is afforded the status of a bona fide purchaser.

20  See 11 U.S.C. § 544(a).  Specifically, § 544(a) provides that the "trustee shall have, as of

21  the commencement of the case, and without regard to any knowledge of the trustee or of

22  any creditor, the rights and powers of, . . . a bona fide purchaser of real property . . . ."  11

23  U.S.C. § 544(a)(3).  Under § 1107, a debtor-in-possession shall have all of the rights,

24  powers and duties of a trustee.  Therefore, upon the filing of the petitions the Debtors

25

26  [6] Indebtedness accrues: (1) on the last day of the month in which the original contract has terminated; or
    (2) on the last day of the month in which the original contract has been completed, finally settled, or
27  abandoned.  Tex.Prop.Code § 530.053(b).

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  were afforded the status of a bona fide purchaser, regardless of their prior relationship

2  with the claimants.

3      Each claimant listed in the Table attached hereto as Exhibit "1" asserts a secured

4  claim for the entire debt allegedly owed by the Debtors.  However, portions of each claim

5  are based on invoices that are outside the Perfection Period.  The Texas Constitutional

6  Claims are not enforceable against the Debtors, as a bona fide purchaser, as to those

7  invoices and the debt they represent.  The Debtors are requesting the Court reduce the

8  claims to the extent the claimants failed to timely file an affidavit.  To the extent the Texas

9  Constitutional Claims are not disallowed in their entirety as requested above in Section

10  III.A. of the Motion, the secured portion of the Texas Constitutional Claims should be

11  reduced to the amount listed in the Table attached as Exhibit "1, " with the remainder to be

12  allowed as a general unsecured claim.  The Debtors reserve the right to seek the further

13  reduction of the Texas Constitutional Claims based on the value of each claimant's

14  collateral as provided in the Plan.

15  **IV.**    **CONCLUSION**

16      The Debtors request the Court issue an order providing for the following, subject to

17  the Debtors' right to further object to any of the following claims on any legal or factual

18  basis:

19      1.    Disallowing Claim No. 4 in the KT Terrazza case as a secured claim, and

20          allowing Claim No. 4 as only a general unsecured claim in the amount of

21          $26,303.14;

22      2.    Disallowing Claim No. 28 in the Bethany Lonestar case as a secured claim,

23          and allowing Claim No. 28 as only a general unsecured claim in the amount

24          of $119,521.84;

25      3.    Disallowing Claim No. 29 in the Bethany Lonestar case as a secured claim,

26          and allowing Claim No. 29 as only a general unsecured claim in the amount

27          of $7,182.70;

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

4.    Disallowing Claim No. 39 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 39 as only a general unsecured claim in the amount of $26,134.72;

5.    Disallowing Claim No. 40 in the Bethany Austin case as a secured claim, and allowing Claim No. 40 as only a general unsecured claim in the amount of $1,236.25;

6.    Disallowing Claim No. 45 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 45 as only a general unsecured claim in the amount of $852,603.71;

7.    Disallowing Claim No. 60 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 60 as only a general unsecured claim in the amount of $1,525.97;

8.    Disallowing Claim No. 63 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 63 as only a general unsecured claim in the amount of $1,703.26;

9.    Disallowing Claim No. 81 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 81 as only a general unsecured claim in the amount of $1,665.70;

10.   Disallowing Claim No. 82 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 82 as only a general unsecured claim in the amount of $2,531.55;

11.   Disallowing Claim No. 91 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 91 as only a general unsecured claim in the amount of $133,331.57;

12.   Disallowing Claim No. 160 in the Bethany Austin case as a secured claim, and allowing Claim No. 160 as only a general unsecured claim in the amount of $14,763.91;

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

13. Disallowing Claim No. 102 in the Bethany Lonestar case as a secured claim, and allowing Claim No. 102 as only a general unsecured claim in the amount of $341,407.78;

14. Reducing the secured portion of Claim No. 33 in the Bethany Lonestar case to the amount of $36,007.63, and allowing the remaining amount of $136,475.88 as a general unsecured claim;

15. Reducing the secured portion of Claim No. 113 in the Bethany Austin case to the amount of $45,123.56, and allowing the remaining amount of $122,042.12 as a general unsecured claim;

16. Disallowing Claim No. 128 in the Bethany Austin case as a secured claim, and allowing Claim No.128 as only a general unsecured claim in the amount of $2,500.58;

17. Providing that the order is without prejudice to the Debtors' right to further object to any of the claims subject to this Motion on any legal or factual basis; and

18. Granting such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

Dated: December 11, 2009

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: *Beth Gaschen*

BETH E. GASCHEN
Attorneys for Debtors and Debtors-in-
Possession, Bethany Holdings Austin
Apartments, LLC, *et al.*

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## DECLARATION OF BETH E. GASCHEN

I, Beth E. Gaschen, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am a member of the law firm of Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP, counsel of record for Bethany Holdings Austin Apartments, LLC et al.  I am submitting this declaration in support of the Debtors' Motion for Order Disallowing Certain Secured Claims (the "Motion").  All terms defined in the Motion are incorporated herein by this reference.  The following is within my personal knowledge, and if called upon as a witness, I could and would testify competently with respect thereto.

2.      Attached hereto as Exhibit "1" is a table summarizing, with respect to each Texas Constitutional Claim, the date the claimant filed its lien affidavit(s), if any, the amount of debt that accrued outside the Perfection Period based upon the invoices attached to the proof of claim, and, as a result, the amount by which the secured claim should be reduced.  I prepared the table using information taken directly from the proofs of claim filed by the claimants with the Court and the documents attached thereto.

3.      True and correct copies of the claims listed below were obtained from PACER and are attached hereto and identified by their respective claim numbers.

| Claim No. | Claimant | Amount |
|---|---|---|
| 4 | Mac Mechanical, Inc. | $30,374.49 |
| 28 | Housetex Painters | $216,121.03 |
| 29 | Best Plumbing, LLC | $7,182.70 |
| 33 | Team Project Management, LLC dba Texas Flooring | $172,483.51 |
| 39 | Daniels Plumbing Co. | $26,134.72 |
| 40 | Ballard's Asphalt & Concrete | $1,236.25 |
| 45 | InStar Service Group | $852,603.71 |
| 55 | AAA Plumbers, Inc. | $3,402.75 |
| 60 | AAA Plumbers, Inc. | $1,525.97 |
| 63 | SuperPeople, Inc. | $1,703.26 |
| 81 | The Envirotrol Company, Inc. | $2,035.16 |
| 82 | The Envirotrol Company, Inc. | $3,552.36 |
| 91 | The Sherwin-Williams Company | $133,331.57 |
| 102 | Arturo Cordova dba Houston Colors Painting & Resurfacing Co. | $341,407.78 |

*Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002*

| 113 | Craven Carpet, Inc. | $107,165.68 |
| 128 | McBride Electric, Inc. | $2,500.58 |
| 160 | The Sherwin-Williams Company | $14,762.91 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of December, 2009, at Costa Mesa, California.

_Beth Gaschen_

Beth E. Gaschen

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT 1

| Claim No. (Case) & Claimant | Date Lien Affidavit Recorded | Based on Recordation Date, Perfection Period Includes Invoices Covered Only by these Dates | Total Amount of Claim Outside Perfection Period | Amount of the Texas Constitutional Claim as Filed | The Debtors' Requested Reduced Secured Claim Amount to the Extent the Secured Claim is Not Disallowed Entirely Pursuant Section III.A. of the Motion (Reduced Amount is Not Applicable if Secured Claim is Disallowed Entirely)[1] |
|---|---|---|---|---|---|
| 28 (Lonestar): Housetex Painters | 10/17/08 | 8/1/08-11/15/08 | $99,283.76 | $119,521.84 | $20,238.08 |
| 33 (Lonestar): Texas Flooring | 10/16/08 | 8/1/08-11/15/08 | $122,504.98 | $172,483.51 | $36,007.63[2] |
| 39 (Lonestar): Daniels Plumbing Co. | 1/14/09 & 1/15/09 | 10/1/08-1/15/09 | $26,134.72 | $26,134.72 | $0.00 |
| 45 (Lonestar): InStar Service Group | No file stamp on lien affidavits | | | $852,603.71 | $0.00.  Debtors object to the entirety of the claim as the lien affidavit was never filed and recorded, thus the lien was never perfected. |
| 55 (Lonestar): AAA Plumbers | 5/2/08 | 2/1/08-5/15/08 | $839.23 | $3,042.73 | $2,203.50 |
| 60 (Lonestar): AAA Plumbers | 5/30/08 | 3/1/08-6/15/08 | $993.48 | $1,525.97 | $532.49 |
| 63 (Lonestar): SuperPeople, Inc. | 3/27/08 | 1/1/08-4/15/08 | $1,703.26 | $1,703.26 | $0.00 |

[1] As stated in the Motion, the Debtors have objected to certain of the Texas Constitutional Claims on the grounds that the claims are not secured by removables and, thus, such claims are secured by liens that are junior to the liens of the Noteholders.  Consequently, these secured claims are worth zero dollars and the claims should be allowed only as general unsecured claims.  Out of an abundance of caution (in case the Court determines that such claims are secured by removables), the Debtors also object to these same claims to the extent the claimants failed to properly perfect.

[2] In addition to the amount of the claim based on invoices that that are outside the Perfection Period, the Debtors object to an additional $13,970.90 of the claim.  The lien affidavit covering this amount does not contain a recordation stamp.  If the lien was never recorded, then it was never perfected and it is not enforceable against the Debtors and the Debtors' estate as a secured claim.

Exhibit 1 Page 21

| | | | | | |
|---|---|---|---|---|---|
| 81 (Lonestar): The Envirotrol Company, Inc. | 8/5/08 | 5/1/08-8/15/08 | $247.29 | $1,665.70 | $1,418.41 |
| 82 (Lonestar): The Envirotrol Company, Inc. | 8/5/08 | 5/1/08-8/15/08 | $513.23 | $2,531.55 | $2,018.32 |
| 91 (Lonestar): The Sherwin-Williams Company | 4/2/08, 4/18/08, 4/21/08, 4/25/08 | 1/1/08-4/15/08 (lien recorded 4/2/08) 2/1/08-5/15/08 (liens recorded 4/18/08 – 4/25/08) | $126,044.77 | $133,331.57 | $7,286.65 |
| 102 (Lonestar): Houston Colors Painting & Resurfacing | 7/30/08 | 5/1/08-8/15/08 | $118,273.76 | $341,407.78 | $32,449.33[3] |
| 113 (Austin): Craven Carpet | 3/24/08 & 3/25/08 | 1/1/08-4/15/08 | $122,042.12[4] | $167,165.68 | $45,123.56 |
| 128 (Austin): McBride Electric, Inc. | No file stamp on affidavit | | | $2,500.58 | $0.00.  Debtors object to the entirety of this claim as the lien affidavit was never filed and recorded and thus never perfected. |
| 160 (Austin): The Sherwin-Williams Company | 4/25/08 | 2/1/08-5/15/08 | $13,720.56 | $14,726.91 | $1,042.35 |

[3] The total amount of the claim filed by Houston's is $341,407.78.  The proof of claim indicates that it is based on both an abstract of judgment and a materialmen and mechanic's lien.  The abstract judgment is in the amount of $341,407.78.  However, the invoices that are attached to the lien affidavits for the materialmen and mechanic's liens only substantiate a claim in the amount of $150,723.09.  To the extent Houston's is asserting a secured claim based on a Texas Constitutional Lien, the secured portion of the claim should be reduced from $150,723.09 to $32,449.33.

[4] The invoice balance sheet shows a starting balance on December 7, 2007 of $26,501.23.  This amount was incurred outside the dates covered by the lien recordation.

Exhibit 1 Page 22

# EXHIBIT / CLAIM 4

| UNITED STATES BANKRUPTCY COURT Central District Of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor: KT Terraza-TX1, LLC, a Delaware limited liability company | Case Number: 8:09-11876-RK |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Mac Mechanical, Inc.

☑ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Mac Mechanical, Inc.
1207 W. 20th Street
Houston, TX 77008-3315

Court Claim Number:_____
*(if known)*

**FILED**
APR 27 2009
CLER[...] CENTRAL C[...]
BY

Telephone number: 713-864-5034

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

**1. Amount of Claim as of Date Case Filed:** $ 30,374.49

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** furnished plumbing materials and labor
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:** $_____  **Annual Interest Rate** _____ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____  **Basis for perfection:** _____

**Amount of Secured Claim:** $ 26,303.14   **Amount Unsecured:** $ 4,071.35

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| 4/22/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Donna Castle*   Accounts Receivables Donna Castle | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

This is what Bethany Group owes Mac Mechanical, Inc.

| Woodbridge Crossing | Invoices........$3,493.98 |
|---|---|
| | Lien release....   250.00 |
| | Interest.......   402.29 |
| | |
| | Total...........$4,146.27 |

| Park @ Country Place | Invoices........$5,213.72 |
|---|---|
| | Lien Release...   250.00 |
| | Interest.........   545.48 |
| | |
| | Total...........$6,009.20 |

| Plaza @ Westheimer | Invoices........$9,560.68 |
|---|---|
| | Lien Release   250.00 |
| | Interest      1,105.86 |
| | |
| | Total...........$10,916.54 |

| Westway Apts. | Invoices........ $8,034.76 |
|---|---|
| | Lien Release   250.00 |
| | Interest      840.60 |
| | |
| | Total.............$9,125.36 |

| Wyndom Oaks | Invoice............$158.75 |
|---|---|
| | Interest...........   18.37 |
| | |
| | Total      $177.12 |

Grand Total for all projects                                    $30,374.49

## STATEMENT

Mac Mechanical
1207 W. 20th. Street
Houston, TX 77008-3315
UNITED STATES OF AMERICA
(713)-864-5034

| | |
|---|---|
| PAGE | 1 |
| DATE | 4/21/2009 |
| ACCOUNT NO | ENCP |

ATTN:

WOODBRIDGE CROSSING APTS
14500 EMPANADA DR
HOUSTON, TX  77083

| | |
|---|---|
| AMOUNT DUE | 3,493.98 |
| TERMS | Net 30 Days |

| INVC DATE | INVOICE NO | TYPE | CHECK NO | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|---|
| 3/25/2008 | 77088 | Invc | | 335.38 | 0.00 | 335.38 |
| 4/23/2008 | 77516 | Invc | | 1,601.41 | 0.00 | 1,601.41 |
| 4/30/2008 | 77613 | Invc | | 1,557.19 | 0.00 | 1,557.19 |

**Legal Action is Imminent**

| CURRENT | 31 - 60 DAYS | 61 - 90 DAYS | OVER 90 DAYS | AMOUNT DUE |
|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 3,493.98 | 3,493.98 |

Exhibit / Claim 4 Page 25

## Service Invoice

**Mac Mechanical**

Page 1

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Invoice Date 3/25/2008
Invoice Number 77088
Service Order 27194

| | | |
|---|---|---|
| **S O L D T O** ENCLAVE AT THE PAVILLION APTS.<br>14500 EMPANADA DR.<br>HOUSTON, TX 77083<br>USA | **J O B S I T E** WOODBRIDGE CROSSING APTS.<br>14500 EMPANADA DR.<br>HOUSTON, TX 77083<br>USA | |

**NET DUE**          335.38

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| **Description:** | | | | | |

WEEKEND CALL:
Apt # 25 Bldg - Ran cable 200 ft plus to clear outgoing 4 inch dual clean out stoppage.
Couldn't find any other downstream cleanouts.

WO: 27194
 Date: 3/17/2008   Tech: Danny Lucia

| Item Id | | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| TC | Truck Charge | EA | 1.00 | 11.00 | 11.00 |
| SEM | Sewer Machine | EA | 1.00 | 30.00 | 30.00 |
| 114OT | Plumber Commercial Overtime | HR | 2.50 | 117.75 | 294.38 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 335.38 | | 335.38 | | 335.38 |

Customer Copy

## Service Invoice

**Mac Mechanical**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Page  1

Invoice Date  4/23/2008

Invoice Number  77516

Service Order  27593

| S O L D T O | | J O B S I T E | |
|---|---|---|---|
| | ENCLAVE AT THE PAVILLION APTS. 14500 EMPANADA DR. HOUSTON, TX 77083 USA | | WOODBRIDGE CROSSING APTS. 14500 EMPANADA DR. HOUSTON, TX 77083 USA |

**NET DUE**     1,601.41

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| **Description:** 4/15/08--- Boiler room next to bldg # 25 needs new hot water return pump. We can't install pump with out shutting down complete property at main meter. Valves in boiler room don't work at all. Need to return to shut down property to install pump. 4/16/08--- Install new H32 return pump and repiped entire area. Also remove piping that connected T & P valve directly to returns. Fire boiler after bringing both loops around hot. | | | | | |
| WO: 27593 | | | | | |
| Date: 4/15/2008   Tech: Mark Horacek | | | | | |
| 114850   850      1-1/4 FULL PORT BALL VLV | 1 | EA | 2.00 | 44.20 | 88.40 |
| 114PP90   1-1/4" PRO-PRESS 90 | 1 | Each | 2.00 | 18.27 | 36.54 |
| 114PPMA   1-1/4" PRO-PRESS MALE ADAPTOR | 1 | Each | 4.00 | 22.08 | 88.32 |
| 114.34PPT   1-1/4X3/4 PRO-PRESS TEEE | 1 | Each | 1.00 | 32.18 | 32.18 |
| 34PPMA   3/4" PRO-PRESS MALE ADAPTOR | 1 | Each | 1.00 | 5.63 | 5.63 |
| 34PPK   3/4" PRO-PRESS CAP | 1 | Each | 1.00 | 9.34 | 9.34 |
| 34PP90   3/4" PRO-PRESS 90 | 1 | Each | 3.00 | 4.53 | 13.59 |
| 34L20   3/4   TYPE L HARD X 20' COP TUBE | 1 | FT | 4.00 | 5.89 | 23.56 |
| 114L20   1-1/4 TYPE L HARD X 20' COP TUBE | 1 | FT | 5.00 | 7.64 | 38.20 |
| 114CV   80E 1-1/4 CHECK VALVE | 1 | EA | 1.00 | 48.88 | 48.88 |
| 3473   73 3/4 FIPXHOSE BOILER DRAIN | 1 | EA | 1.00 | 7.62 | 7.62 |
| H32P   H-323 PUMP | 1 | Each | 1.00 | 400.00 | 400.00 |
| 114GAP   1-1/4" FLANGE FOR ARMSTRONG PUMP | 1 | Each | 1.00 | 23.50 | 23.50 |
| MISC   MISC. MAT.   TEFLON TAPE AND PIPE DOPE | 1 | EA | 1.00 | 4.25 | 4.25 |
| TC   Truck Charge | | EA | 2.00 | 11.00 | 22.00 |
| 114   Plumber Commercial | | HR | 8.00 | 78.50 | 628.00 |

Customer Copy

**Mac Mechanical**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

### Service Invoice

| | |
|---|---|
| Page | 2 |
| Invoice Date | 4/23/2008 |
| Invoice Number | 77516 |
| Service Order | 27593 |

| | |
|---|---|
| **S O L D T O** | ENCLAVE AT THE PAVILLION APTS.<br>14500 EMPANADA DR.<br>HOUSTON, TX 77083<br>USA |
| **J O B S I T E** | WOODBRIDGE CROSSING APTS.<br>14500 EMPANADA DR.<br>HOUSTON, TX 77083<br>USA |

**NET DUE**    1,601.41

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| 113 | Helper | | HR | 1.50 | 42.50 | 63.75 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| 820.01 | 713.75 | 67.65 | 1,601.41 | | 1,601.41 |

Customer Copy

Exhibit / Claim 4 Page 28

**Mac Mechanical**                                  Service Invoice                       Page  1

1207 W. 20th. Street                                            Invoice Date  4/30/2008
Houston, TX 77008-3315                                          Invoice Number  77613
Phone: (713) 864-5034                                           Service Order  27707
Fax: (713) 864-3494

```
S                                           J
O                                           O
L   ENCLAVE AT THE PAVILLION APTS.          B   WOODBRIDGE CROSSING APTS.
D   14500 EMPANADA DR.                      S   14500 EMPANADA DR.
    HOUSTON, TX 77083                       I   HOUSTON, TX 77083
T   USA                                     T   USA
O                                           E
```

|  |  |
|---|---|
| **NET DUE** | **1,557.19** |

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston |  |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| **Description:** | | Reassemble boiler by Bldg 7. Renount pump header. Installed pump maintenance provided. Replaced two igniion box. Start up boiler and mounitre operation. Numberous modulation valve won't shut off. The other two modulation valves very slow. Had to shut off boiler.  Apt # 1405 Repaired leak on 1 1/2" copper cold main in living room ceiling. Cut out 1 1/2" X 1 1/4" redouser. Solder in new redouser. Turn all water back on. Apt 406 Leak at kitchen ceiling Hot 3/4" pipe above pantry were it was touching wood. | | | |
| WO: 27707 | | | | | |
| Date: 4/23/2008  Tech: John | | | | | |
| 112.114CR  1-1/2X1-1/4 WC RED COUPLING  (600R | 1 | EA | 1.00 | 9.28 | 9.28 |
| 114CCLS  1-1/4 WC COUPLING L/STOP  (601) | 1 | EA | 1.00 | 5.27 | 5.27 |
| 114L20  1-1/4 TYPE L HARD X 20' COP TUBE | 1 | FT | 1.00 | 7.64 | 7.64 |
| RORS  RAYPAK O RINGS | 1 | Each | 8.00 | 3.00 | 24.00 |
| S-86  S-86 ING MODULE | 1 | Each | 2.00 | 199.00 | 398.00 |
| 34BVP  3/4  FULL PORT BRASS BALL VALVE | 1 | EA | 1.00 | 15.57 | 15.57 |
| 34TTMA  3/4 TECTITE MALE ADT | 1 | Each | 1.00 | 12.50 | 12.50 |
| 34CC  3/4  WC COUPLING W/STOP  (600) | 1 | EA | 1.00 | 2.30 | 2.30 |
| 34L100  3/4  TYPE L SOFT X 100 COP TUBE | 1 | FT | 1.00 | 3.68 | 3.68 |
| TC  Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| 114  Plumber Commercial | | HR | 8.50 | 78.50 | 667.25 |
| 113  Helper | | HR | 8.50 | 42.50 | 361.25 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| 478.24 | 1,039.50 | 39.45 | 1,557.19 | | 1,557.19 |

Customer Copy

## LIEN AFFIDAVIT AND CLAIM

THE STATE OF TEXAS  
COUNTY OF _Harris_

2008028973.00

I, _Kim Townsend_ _____ affiant as ~~claimant~~ (or as agent for _MAC MECHANICAL, INC._ _____ claimant) doing business in the City of _Houston_ _____  _Harris_ _____ County, Texas, Claimant having furnished materials and/or labor to improve the property herein described, for the purpose of perfecting a lien on said property and improvements to secure the amount of the claim therefor, makes this affidavit and states:

A. That _KT TERRAZA-TX1, LLC and BETHANY LONESTAR APARTMENTS, LLC_ _____ whose address is _1820 Main St, Ste 770, Irvine, CA 92614_ _____ is the owner or reputed owner of said land and _Same_ _____ is the owner or reputed owner of the improvements located thereon.

B. That claimant* ~~is~~ is the original contractor on the job or that portion thereof for which the hereinafter described material and/or labor were furnished.

C. That said materials and/or labor were furnished to _KT TERRAZA-TX1, LLC, FJLC-TX1, LLC, and BETHANY LONESTAR APARTMENTS, LLC_, *owner, or original borrower, or subcontractor pursuant to a contract with such party, it having been furnished for the improvement of property located in _Harris_ County, Texas, and described as follows: _See Exhibit A-2_

Said house, building, or improvement located thereon are described as follows:  
_Woodbridge Crossing Apartments at 14501 Empanada Dr._

FILED  
2008 JUN -9 PM 4: 19  
COUNTY CLERK  
HARRIS COUNTY TEXAS

The amount of this claim is $_3,493.98_ _____ and said amount is just, reasonable, and unpaid, and a general statement of the kind of work done and/or materials furnished by claimant is as follows:  
_Furnished plumbing materials and labor._

Claimant claims a lien against all the above described property and improvements thereon in the amount shown above pursuant to Chapter 53 of the Property Code of the State of Texas, and makes this sworn statement of claim in support thereof.

_Kim Townsend_  
Kim Townsend Affiant  
~~For herself~~  
As Agent for _MAC MECHANICAL INC._  
_1207 West 20th St., Houston, Tx. 77008_  
_(713) 864-5034_

SWORN TO AND SUBSCRIBED BEFORE ME, under my official hand and seal of office, this the ___7th___ day of ___June___, _2008_.

_Lisa R. Freudenburg_  
Notary Public in and for _Harris_ _____ County, Texas

LISA R. FREUDENBURG  
NOTARY PUBLIC  
STATE OF TEXAS  
MY COMMISSION EXPIRES  
MARCH 18, 2011

(*) Strike out inapplicable portions in each instance of multiple choice, and where necessary, make proper insertion.

HOLD FOR PICK UP ✓

STATE OF TEXAS           }    (Acknowledgment)
COUNTY OF Harris         }

This instrument was acknowledged before me on the 7th day of        June , 2008
by Kim Townsend

My commission expires:

3-13-11                          _Lisa R. Freudenburg_
                                 Notary Public, State of Texas
                                 Notary's Printed name:

                                 _Lisa R Freudenburg_

                    LISA R. FREUDENBURG
                    NOTARY PUBLIC
                    STATE OF TEXAS
                    MY COMMISSION EXPIRES
                    MARCH 14, 2011

THE STATE OF TEXAS              }

COUNTY OF ...........................        }           I, ........................................................Clerk of the

County Court in and for said County, do hereby certify that the foregoing instrument, dated the..........................

day of ................................ A. D. ......... was filed for Record in my office, the ..............day

of ................................ A. D. ......... at ............ o'clock......M., and duly Recorded the ..........................

day of ................................ A. D. ......... at ............ o'clock......M., in ..........................

Record of said County, in Vol.............. on Pages ..........................

        WITNESS my hand and the seal of the County Court of said County, at office in ..........................

...... Texas, the day and year last above written.

                                 ..............................................Clerk,

                                 County Court ................................ County, Texas

                                 By..........................................Deputy

*( 14501 Empanada )*

## EXHIBIT A-2

### Enclave at Pavilion (Harris County):

13.4071 Acres of land located in the H.T. & B. R.R. Company Survey, A-1372, Harris County, Texas, being all of Enclave at Pavilion as recorded in Volume 324, Page 59, Harris County, Map Records, and further described by metes and bounds as follows (with bearings referenced to said map/plat of Enclave at Pavilion):

BEGINNING at a 5/8 inch iron rod found for the westerly cutback right-of-way corner of the southwesterly intersection corner of Pavilion Drive (60 feet wide) as recorded in Volume 323, Page 77, Harris County Map Records, with Empanada Drive (60 feet wide) as recorded in Volume 323, Page 77, Harris County Map Records;

THENCE South 70° 32' 33" East, along said cutback right-of-way line, a distance of 14.38 feet to a 5/8 inch iron rod found in the westerly right-of-way line of said Pavilion Drive;

THENCE along said westerly right-of-way line the following courses:

South 26° 30' 58" East, a distance of 31.51 feet to a 5/8 inch iron rod found for point of curvature;

Southeasterly along the arc of a tangent curve to the right, having a radius of 770.00 feet, a central angle of 26° 44' 21 " a distance of 359.35 feet to a 5/8 inch iron rod found for the point of tangency;

South 00° 13' 23" West, a distance of 221.42 feet to a found 5/8 inch iron rod;

THENCE South 89° 59' 54" West, a distance of 1123.86 feet to a found 5/8 inch iron rod;

THENCE North 00° 00' 06" West, a distance of 510.00 feet to a 5/8 inch iron rod found in the southerly right-of-way line of said Empanada Drive;

THENCE, along the southerly right-of-way line of said Empanada Drive, the following courses:

North 89° 59' 54" East, a distance of 592.44 feet to a 5/8 inch iron rod found for point of curvature;

Northeasterly, along the arc of a tangent curve to the left, having a radius of 1030.00 feet, a central angle of 24° 17' 21", a distance of 436.64 feet to the POINT OF BEGINNING and containing 13.4071 acres (584,015 square feet) of land.

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

RF 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

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this Instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas on

JUN – 9 2008



*Beverly B. Kaufman*
COUNTY CLERK
HARRIS COUNTY, TEXAS

Exhibit / Claim 4 Page 33

## STATEMENT

Mac Mechanical
1207 W. 20th. Street
Houston, TX 77008-3315
UNITED STATES OF AMERICA
(713)-864-5034

| | |
|---|---|
| PAGE | 1 |
| DATE | 4/21/2009 |
| ACCOUNT NO | plat |

ATTN :

Plaza At Westheimer
8263 Westheimer Road
Houston, Texas 77067

| | |
|---|---|
| AMOUNT DUE | 9,560.68 |
| TERMS | Net 30 Days |

| INVC DATE | INVOICE NO | TYPE | CHECK NO | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|---|
| 3/25/2008 | 76779 | Invc | | 305.38 | 0.00 | 305.38 |
| 3/25/2008 | 76933 | Invc | | 484.00 | 0.00 | 484.00 |
| 3/25/2008 | 76935 | Invc | | 639.41 | 0.00 | 639.41 |
| 3/25/2008 | 76953 | Invc | | 158.75 | 0.00 | 158.75 |
| 3/28/2008 | 77125 | Invc | | 494.76 | 0.00 | 494.76 |
| 3/25/2008 | 77194 | Invc | | 3,600.00 | 0.00 | 3,600.00 |
| 4/23/2008 | 77235 | Invc | | 2,650.00 | 0.00 | 2,650.00 |
| 4/23/2008 | 77236 | Invc | | 893.00 | 0.00 | 893.00 |
| 4/23/2008 | 77397 | Invc | | 335.38 | 0.00 | 335.38 |

**Legal Action is Imminent**

| CURRENT | 31 - 60 DAYS | 61 - 90 DAYS | OVER 90 DAYS | AMOUNT DUE |
|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 9,560.68 | 9,560.68 |

## Mac Mechanical

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

**Service Invoice**

Page  1
Invoice Date  3/25/2008
Invoice Number  76779
Service Order  27036

| S O L D   T O | | J O B S I T E |
|---|---|---|
| | Plaza At Westheimer | Plaza At Westheimer |
| | 6263 Westheimer Road | 6263 Westheimer Road |
| | Houston, Texas 77067 | Houston, Texas 77067 |
| | USA | USA |

**NET DUE**          **305.38**

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| **Description:** WEEKEND CALL.....Bldg.#2 boiler. | | | | | |

Met with Paul. Repaired right pilot on 2nd. story boiler. Gas burning, adjusted mods, and
middle one bad. Tested return temp and brought loop around hot.

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| WO: 27036 | | | | | |
| Date: 3/3/2008  Tech: Danny Lucia . | | | | | |
| TC   Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| 114OT   Plumber Commercial Overtime | | HR | 2.50 | 117.75 | 294.38 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 305.38 | | 305.38 | | 305.38 |

Customer Copy

Exhibit / Claim 4 Page 35

**Mac Mechanical**

Service Invoice

Page 1

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

| | |
|---|---|
| Invoice Date | 3/25/2008 |
| Invoice Number | 76933 |
| Service Order | 26964 |

| S O L D T O | | J O B S I T E | |
|---|---|---|---|
| | Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA | | Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA |

**NET DUE**     484.00

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:**  BID JOB: Check visual for restriction of hot water area. Will give price once visual is complete.
Complete Bid # 200885.

WO: 26964
Date: 2/26/2008   Tech: Mark Horacek

| | | | | | |
|---|---|---|---|---|---|
| BW   BID WORK - VISUAL ON H/W RESTRICTIO | | EA | 1.00 | 484.00 | 484.00 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 484.00 | | 484.00 | | 484.00 |

Customer Copy

**Mac Mechanical**

Service Invoice

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

| | |
|---|---|
| Page | 1 |
| Invoice Date | 3/25/2008 |
| Invoice Number | 76935 |
| Service Order | 27068 |

| S O L D T O | | J O B S I T E |
|---|---|---|
| | Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA | Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA |

**NET DUE**     639.41

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:** Extra - Diagnose and clear most all debris out of 2 inch copper line. Cut line in three different areas in order two clear.

WO: 27068
  Date: 3/5/2008    Tech: Mark Horacek

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| 2CC | 2~ WC COUPLING W/STOP (600) | 1 | EA | 2.00 | 14.48 | 28.96 |
| 2CU | 2~ WC UNION CXC (733) | 1 | EA | 1.00 | 71.45 | 71.45 |
| 212G | 2-1/2" GAUGE - 0-100PSI | 1 | Each | 1.00 | 21.00 | 21.00 |
| MISC | MISC. MAT. TORCH KIT, TEFLON TAPE AND PIPE DOPE | 1 | EA | 1.00 | 12.00 | 12.00 |
| TC | Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| 114 | Plumber Commercial | | HR | 4.00 | 78.50 | 314.00 |
| 113 | Helper | | HR | 4.00 | 42.50 | 170.00 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| 133.41 | 495.00 | 11.00 | 639.41 | | 639.41 |

Customer Copy

## Service Invoice

**Mac Mechanical**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Page  1

Invoice Date  3/25/2008
Invoice Number  76953
Service Order  27052

| S O L D T O | | J O B S I T E | |
|---|---|---|---|
| | Plaza At Westheimer | | Plaza At Westheimer |
| | 6263 Westheimer Road | | 6263 Westheimer Road |
| | Houston, Texas 77067 | | Houston, Texas 77067 |
| | USA | | USA |

**NET DUE**          158.75

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|

**Description:** Unit # 483 - Ran cable, line broken in slab, pulling out mud. Couldn't clear line, needs tunnel job. Will get with C or K. to bid.

WO: 27052
Date: 3/4/2008   Tech: Danny Lucia

| Item Id | | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| TC | Truck Charge | EA | 1.00 | 11.00 | 11.00 |
| SIM | Sink Machine | EA | 1.00 | 30.00 | 30.00 |
| 114 | Plumber Commercial | HR | 1.50 | 78.50 | 117.75 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 158.75 | | 158.75 | | 158.75 |

Customer Copy

Exhibit / Claim 4 Page 38

**Mac Mechanical**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

## Service Invoice

| | |
|---|---|
| Page | 1 |
| Invoice Date | 3/28/2008 |
| Invoice Number | 77125 |
| Service Order | 27301 |

| S O L D T O | | J O B S I T E |
|---|---|---|
| Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA | | Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA |

**NET DUE** 494.76

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| **Description:** | | Upon arrival went to apartment #727, found kitchen sink full, excavated water and began trying to clear line. Had to run several times due to grease in line. Cleared line then flushed thoroughly with water, cleaned work area. | | | |
| WO: 27301 | | | | | |
| Date: 3/26/2008   Tech: Randy Bolton | | | | | |
| TC    Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| SIM   Sink Machine | | EA | 1.00 | 30.00 | 30.00 |
| 114OT   Plumber Commercial Overtime | | HR | 2.50 | 117.75 | 294.38 |
| 113OT   Helper Overtime | | HR | 2.50 | 63.75 | 159.38 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 494.76 | | 494.76 | | 494.76 |

Customer Copy

Exhibit / Claim 4 Page 39

**Mac Mechanical**                        **Service Invoice**                        Page  1

1207 W. 20th. Street                                                    Invoice Date  3/25/2008
Houston, TX 77008-3315                                                  Invoice Number  77194
Phone: (713) 864-5034                                                   Service Order  27077
Fax: (713) 864-3494

| | |
|---|---|
| S O L D T O | Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA |
| J O B S I T E | Plaza At Westheimer<br>6263 Westheimer Road<br>Houston, Texas 77067<br>USA |

NET DUE        3,600.00

| Terms | Branch | Tax Code | Purchase Order | | |
|---|---|---|---|---|---|
| Net 30 Days | Houston | Houston | | | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:**     BID WORK repaired kitchen sink  in #483 ,483.2650.00 . additional 950.00 bid for piping
that was in beam. repaired k/s line in 483/484  base bid 2650.00 plus 950.00 for piping in
beam total of 3600.00.....owner to reset kitchen cabinets. asphalt patch by others.

WO: 27077
Date: 3/6/2008   Tech: HAVI

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| BIDW | BID WORK | | EA | 1.00 | 3,600.00 | 3,600.00 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 3,600.00 | | 3,600.00 | | 3,600.00 |

Customer Copy

Exhibit / Claim 4 Page 40

**Mac Mechanical**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

**Service Invoice**

| | |
|---|---|
| Page | 1 |
| Invoice Date | 4/23/2008 |
| Invoice Number | 77235 |
| Service Order | 27512 |

| | SOLD TO | | JOB SITE | |
|---|---|---|---|---|
| | Plaza At Westheimer | | Plaza At Westheimer | |
| | 6263 Westheimer Road | | 6263 Westheimer Road | |
| | Houston, Texas 77067 | | Houston, Texas 77067 | |
| | USA | | USA | |

| | NET DUE | 2,650.00 |
|---|---|---|

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| **Description:** | | | | | |

**Description:** Bid Job:
Broken kitchen sink line in Unit # 464. We broke out concrete behind kitchen sink drain line and dug out. We uncovered the first two 90's and didn't see broken pipe. We found line was making turn under kitchen sink and cross kitchen floor and ran the other way to restroom. We need to come back and break out more concrete. Somewhere by kitchen & sink area to find broken pipe and pull cable out.

WO: 27512
Date: 4/9/2008  Tech: Terry Fernandez

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| BW   BID WORK - REPAIR K/SINK LINE #464 | | EA | 1.00 | 2,650.00 | 2,650.00 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 2,650.00 | | 2,650.00 | | 2,650.00 |

Customer Copy

Exhibit / Claim 4 Page 41

**Mac Mechanical**

Service Invoice

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Page   1
Invoice Date   4/23/2008
Invoice Number   77236
Service Order   27651

| | S O L D T O | | | J O B S I T E | |
|---|---|---|---|---|---|
| | Plaza At Westheimer | | | Plaza At Westheimer | |
| | 6263 Westheimer Road | | | 6263 Westheimer Road | |
| | Houston, Texas 77067 | | | Houston, Texas 77067 | |
| | USA | | | USA | |

**NET DUE**         893.00

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| **Description:** | Extra : | | | | | |

Plaza at westheimer apts to unit 464. We started breaking out concrete in front of kitchen sink to find the bad drain pipe. After we dug out we found out the pipe was still bad. So, we broke concrete other way to wall and followed pipe until the bad pipe stopped. it stopped by the combination for the lavatory sink. We cut pipe out and pulled out and pulled cable out. We ran new 2inch pvc pipe from 1st 90 to lavatory combination. After we made repairs we back filled and poured concrete back and cleaned out.

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| WO: 27651 | | | | | | |
| Date: 4/21/2008   Tech: Terry Fernandez | | | | | | |
| 2CAC | 2~ CLAMPALL COUPLING | 1 | EA | 2.00 | 18.71 | 37.42 |
| 2PLS | 2~ PVC DWV LONG SWEEP 1/4 BEND | 1 | EA | 1.00 | 3.29 | 3.29 |
| 240 | 2~ SCH 40/DWV PVC PIPE-PE | 1 | FT | 8.00 | 1.05 | 8.40 |
| TC | Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| EH | Electric Hammer | 1 | EA | 1.00 | 95.00 | 95.00 |
| 114 | Plumber Commercial | | HR | 6.00 | 78.50 | 471.00 |
| 113 | Helper | | HR | 6.00 | 42.50 | 255.00 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| 144.11 | 737.00 | 11.89 | 893.00 | | 893.00 |

Customer Copy

**Mac Mechanical**

Service Invoice

Page 1

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Invoice Date  4/23/2008
Invoice Number  77397
Service Order  27466

| S O L D T O | J O B S I T E |
|---|---|
| Plaza At Westheimer | Plaza At Westheimer |
| 6263 Westheimer Road | 6263 Westheimer Road |
| Houston, Texas 77067 | Houston, Texas 77067 |
| USA | USA |

**NET DUE**              335.38

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:**  4/6/08 WEEKEND CALL:
Apt # 464. Broke cable off in kitchen waste. Needs to be located and broke up to repair.
Schedule ASAP.

| Item Id | | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| TC   Truck Charge | | | | | |
| TC   Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| SIM   Sink Machine | | EA | 1.00 | 30.00 | 30.00 |
| 114OT   Plumber Commercial Overtime | | HR | 2.50 | 117.75 | 294.38 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 335.38 | | 335.38 | | 335.38 |

Customer Copy

Exhibit / Claim 4 Page 43

RP  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

## LIEN AFFIDAVIT AND CLAIM

THE STATE OF TEXAS

COUNTY OF __Harris__

2008028738

I, __Kim Townsend__ ~~claimant~~ (or as agent for __MAC MECHANICAL, INC.__ affiant as claimant) doing business in the City of __Houston__ __Harris__ County, Texas, Claimant having furnished materials and/or labor to improve the property herein described, for the purpose of perfecting a lien on said property and improvements to secure the amount of the claim thereof, makes this affidavit and states:

KT TERRAZA-TX1, LLC, FJLC-TX1, LLC, and BETHANY LONESTAR APARTMENTS LLC,

A. That __all whose address is 1920 Main St., Ste. 170, Irvine, CA 92614__ is the owner or reputed owner of said land and __SAME__ is the owner or reputed owner of the improvements located thereon.

B. That claimant* ~~is~~ is the original contractor on the job or that portion thereof for which the hereinafter described material and/or labor were furnished.

C. That said materials and/or labor were furnished to __KT TERRAZA-TX1, LLC, FJLC-TX1, LLC, and BETHANY LONESTAR APARTMENTS, LLC__, *owner, or original contractor, or subcontractor pursuant to a contract with such party, it having been furnished for the improvement of property located in __Harris__ County, Texas, and described as follows: See Exhibit A-7

FILED
2008 JAN -9 PM 4: 19
COUNTY CLERK
HARRIS COUNTY, TEXAS

Said house, building, or improvement located thereon are described as follows:
Plaza At Westheimer at 6263 Westheimer Rd.

The amount of this claim is $__9,560.68__, and said amount is just, reasonable, and unpaid, and a general statement of the kind of work done and/or materials furnished by claimant is as follows:
Furnished plumbing materials and labor.

Claimant claims a lien against all the above described property and improvements thereon in the amount shown above pursuant to Chapter 53 of the Property Code of the State of Texas, and makes this sworn statement of claim in support thereof.

Kim Townsend Affiant
*For Himself As Agent for __MAC MECHANICAL, INC.__
__1207 West 24th St., Houston, Tx. 77008__
(713)864-5034

SWORN TO AND SUBSCRIBED BEFORE ME, under my official hand and seal of office, this the __7th__ day of __June__, __2008__.

LISA R. FREUDENBURG
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 18, 2011

Lisa R. Freudenburg
Notary Public in and for __Harris__ County, Texas

(*) Strike out inapplicable portions in each instance of multiple choice, and where necessary, make proper insertion.

HAID FOI PICK UI ✓

STATE OF TEXAS            }        (Acknowledgment)
COUNTY OF Harris         }

This instrument was acknowledged before me on the *7th* day of          *June , 2008*
by *Kim Townsend*

My commission expires:

*3-18-11*

_Lisa R. Freudenburg_
Notary Public, State of Texas
Notary's Printed Name:
_Lisa R Freudenburg_

LISA R. FREUDENBURG
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 18, 2011

THE STATE OF TEXAS        }

COUNTY OF ....................        }        I, ...................................... Clerk of the

County Court in and for said County, do hereby certify that the foregoing instrument, dated the.................

day of ........................................... A. D. .........., was filed for Record in my office, the ...................... day

of ........................... A. D. .........., at .......... o'clock ....M., and duly Recorded the ..................

day of ........................... A. D. .........., at .......... o'clock ....M., in

Record of said County, in Vol............. on Pages ........................

WITNESS my hand and the seal of the County Court of said County, at office in ...................

.................... Texas, the day and year last above written.

........................................ Clerk,

County Court ........................... County, Texas

By ...................................................Deputy.

---

LIEN AFFIDAVIT AND CLAIM

OF

FOR
CONTRACTORS, SUB-CONTRACTORS
OR MATERIALMEN
AGAINST

Filed for Record the .......... day of ..........

at .......... o'clock ....M.

County Clerk .................... County, Texas

By .................... Deputy.

This Affidavit should be immediately filed for Record. Two copies should be sent by securely certified or registered mail. See section 53.055, property code for requirements as to notice, time, etc.

BEAR GRAPHICS, INC. 1-800-232-8294

*(6263 Westheimer)*

## EXHIBIT A-7

### Meridian (Harris County):

METES AND BOUNDS DESCRIPTION OF 15.3145 ACRES OR 667,098 SQ. FT. BEING ALL OF LA ROCHELLE APARTMENTS, A SUBDIVISION RECORDED IN VOLUME 159, PAGE 102, HARRIS COUNTY MAP RECORDS AND OUT OF PART OF LOT 67 AND ALL OF LOT 68 OF GLENHAVEN ESTATES, A SUBDIVISION RECORDED IN VOLUME 16, PAGE 71, HARRIS COUNTY MAP RECORDS IN THE ROBERT VINCE SURVEY, A-77, CITY OF HOUSTON, HARRIS COUNTY, TEXAS.

BEGINNING: At the intersection of the south line of Westheimer Road, a 120-foot right-of-way, and the east line of Briargrove Drive, a 60-foot right-of-way, being the northwest corner of the herein described tract of land;

THENCE: East, along the south line of Westheimer Road, a distance of 162.32 feet to a found 'X' in concrete for corner, the most northerly northeast corner of the herein described tract of land;

THENCE: South 00 deg. 13 min. 00 sec. West, a distance of 145.39 feet to a found 1/2-inch iron rod for an interior corner;

THENCE: East, a distance of 263.38 feet to a found 5/8-inch iron rod for corner, the most easterly northeast corner of La Rochelle Apartments and the herein described tract of land;

THENCE: South 00 deg. 13 min. 00 sec. West, along a common line being the west line of Trafalgar West Apartments and the east line of La Rochelle Apartments, a distance of 1,164.33 feet to a found 3/4-inch pinch iron pipe for corner in the north line of said Glenhaven Estates, the most easterly southeast corner of La Rochelle apartments and the herein described tract of land;

THENCE: West, along the north line of said Glenhaven Estate, a distance of 27.10 feet to a found 5/8-inch iron rod, the northeast corner of said Lot 68;

THENCE: South, along the east line of Lot 68, a distance of 329.00 feet to a set 5/8-inch iron rod with cap point for corner in the north line of Fairdale Lane, a 60-foot right-of-way, the most southerly southeast corner of the herein described tract of land and southeast corner of Lot 68;

THENCE: West, along the north line of Fairdale Lane, a distance of 198.60 feet to a set 5/8-inch iron rod with cap, the most southerly southwest corner of the herein describe tract of land;

THENCE: North, a distance of 329.00 feet to a set 5/8-inch iron rod with cap point for corner in the north line of Glenhaven estates;

*(6263 Westheimer)*

THENCE: West, along the north line of Glenhaven Estates, a distance of 271.00 feet to a found 5/8-inch iron rod in the east line of said Briargrove Drive, the most westerly southwest corner of the herein described tract of land;

THENCE: North 00 deg. 13 min. 00 sec. East, along the east line of Briargrove Drive, a distance of 1,025.62 feet to a found 5/8-inch iron rod, the point of curvature of the curve to the right;

THENCE: Continue along the east line of Briargrove Drive, in a northeasterly direction, around a curve to the right whose radius equals 270.00 feet, a central angle of 28 deg. 09 min. 22 sec. an arc length of 132.58 feet, a chord bearing of North 14 deg. 17 min. 41 sec. East and a distance of 131.35 feet to a set "X" in concrete, the point of a reverse curve to the left;

THENCE: Continue along the east line of Briargrove Drive, in a northeasterly direction, around a curve to the left whose radius equals 330.00 feet, a central angle of 28 deg. 22 min. 22 sec. an arc length of 163.42 feet, a chord bearing of North 14 deg. 11 min. 11 sec. East and a distance of 161.75 feet to the PLACE OF BEGINNING and containing 15.3145 acres or 667,098 square feet, more or less.

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

JUN - 9 2008

COUNTY CLERK
HARRIS COUNTY, TEXAS

## STATEMENT

Mac Mechanical
1207 W. 20th. Street
Houston, TX 77008-3315
UNITED STATES OF AMERICA
(713)-864-5034

| | |
|---|---|
| PAGE | 1 |
| DATE | 4/21/2009 |
| ACCOUNT NO | Parka |

ATTN :
The Park at Country Place
1000 Country Place
Houston, Texas 77079

| | |
|---|---|
| AMOUNT DUE | 5,213.72 |
| TERMS | COD |

| INVC DATE | INVOICE NO | TYPE | CHECK NO | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|---|
| 3/31/2008 | 77175 | Invc | | 288.36 | 0.00 | 288.36 |
| 4/23/2008 | 77216 | Invc | | 1,009.74 | 0.00 | 1,009.74 |
| 4/23/2008 | 77267 | Invc | | 624.97 | 0.00 | 624.97 |
| 4/10/2008 | 77315 | Invc | | 386.00 | 0.00 | 386.00 |
| 4/23/2008 | 77468 | Invc | | 237.25 | 0.00 | 237.25 |
| 4/30/2008 | 77474 | Invc | | 217.63 | 0.00 | 217.63 |
| 4/23/2008 | 77502 | Invc | | 222.50 | 0.00 | 222.50 |
| 4/23/2008 | 77513 | Invc | | 306.50 | 0.00 | 306.50 |
| 4/30/2008 | 77549 | Invc | | 283.00 | 0.00 | 283.00 |
| 4/30/2008 | 77589 | Invc | | 375.00 | 0.00 | 375.00 |
| 5/12/2008 | 77670 | Invc | | 582.25 | 0.00 | 582.25 |
| 4/30/2008 | 77716 | Invc | | 276.50 | 0.00 | 276.50 |
| 5/12/2008 | 77748 | Invc | | 404.00 | 0.00 | 404.00 |

Legal Action is Imminent

| CURRENT | 31 - 60 DAYS | 61 - 90 DAYS | OVER 90 DAYS | AMOUNT DUE |
|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 5,213.72 | 5,213.72 |

Exhibit / Claim 4 Page 48

**Mac Mechanical**

**Service Invoice**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Page  1
Invoice Date  3/31/2008
Invoice Number  77175
Service Order  27390

| | |
|---|---|
| **S O L D   T O** | The Park at Country Place<br>1000 Country Place<br>Houston, Texas 77079<br>USA |
| **J O B S I T E** | The Park at Country Place<br>1000 Country Place<br>Houston, Texas 77079<br>USA |

**NET DUE**         288.38

| Terms | Branch | Tax Code | Purchase Order | | |
|---|---|---|---|---|---|
| Net 30 Days | Houston | Houston | | | |

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| **Description:** | Unit # 63 lavatory sink backing up. Cut 1 1/2 45 degree off to get cable down center of cross. Cleaned stoppage with small machine. Reconnected drain & tested. | | | | | |

WO: 27390
Date: 3/31/2008    Tech: Wendall Jackson

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| 1124045 | 1-1/2 PVC SCH 40 45 ELL SXS | 1 | EA | 1.00 | 2.61 | 2.61 |
| 112PFTA | 1-1/2   PVC DWV FEM TRAP ADPT< | 1 | EA | 1.00 | 2.36 | 2.36 |
| TC | Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| SIM | Sink Machine | | EA | 1.00 | 30.00 | 30.00 |
| 114 | Plumber Commercial | | HR | 2.00 | 78.50 | 157.00 |
| 113 | Helper | | HR | 2.00 | 42.50 | 85.00 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| 4.97 | 283.00 | 0.41 | 288.38 | | 288.38 |

Customer Copy

**Mac Mechanical**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Service Invoice                      Page 1

Invoice Date  4/23/2008
Invoice Number  77216
Service Order  27400

| | | |
|---|---|---|
| S<br>O<br>L<br>D<br><br>T<br>O | The Park at Country Place<br>1000 Country Place<br>Houston, Texas 77079<br>USA | J<br>O<br>B<br>S<br>I<br>T<br>E | The Park at Country Place<br>1000 Country Place<br>Houston, Texas 77079<br>USA |

**NET DUE**          **1,009.74**

| Terms | Branch | Tax Code | Purchase Order | | |
|---|---|---|---|---|---|
| Net 30 Days | Houston | Houston | | | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| **Description:** | | | | | |

Sewer backup at manhole by bldg 2 & 4. Tried to run cable thru manhole to slove problem. Replaced Tub / Shower valve in Apt 121 (Master bathroom )Had to shut off boilers. Valve on building doesn't work. Jet manhole by bldg # 4 to manhole past mail box at pool. Lots of grease in sewer.

WO: 27400
 Date: 3/31/2008   Tech: John

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| 1348WS  1348-WS  T/S VLV AC HDL P-BAL | 1 | EA | 1.00 | 189.09 | 189.09 |
| 12.3GN  1/2X3  GALV STEEL NIPPLE SCH | 1 | EA | 4.00 | 2.00 | 8.00 |
| 12.4GN  1/2X4  GALV STEEL NIPPLE SCH | 1 | EA | 1.00 | 2.47 | 2.47 |
| 12GMCI  1/2  GALV MI RH COUPLING | 1 | EA | 4.00 | 5.65 | 22.60 |
| TC  Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| SEM  Sewer Machine | | EA | 1.00 | 30.00 | 30.00 |
| JETM  Jet Machine | | EA | 3.00 | 125.00 | 375.00 |
| 114  Plumber Commercial | | HR | 4.50 | 78.50 | 353.25 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| 222.16 | 769.25 | 18.33 | 1,009.74 | | 1,009.74 |

Customer Copy

**Mac Mechanical**

Service Invoice

Page 1

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Invoice Date 4/23/2008
Invoice Number 77267
Service Order 27425

| S O L D T O | | J O B S I T E |
|---|---|---|
| The Park at Country Place | | The Park at Country Place |
| 1000 Country Place | | 1000 Country Place |
| Houston, Texas 77079 | | Houston, Texas 77079 |
| USA | | USA |

**NET DUE**    624.97

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:**    Apt # 60 - Changed out guest bath Tub valve with no problems.

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| WO: 27425 | | | | | |
| Date: 4/2/2008   Tech: Kenneth Amador | | | | | |
| 1348WS   1348-WS   T/S VLV AC HDL P-BAL | 1 | EA | 1.00 | 189.09 | 189.09 |
| 12GU   1/2   GALVANIZED MALLEABLE 150# UN | 1 | EA | 1.00 | 15.69 | 15.69 |
| 12GMCI   1/2   GALV MI RH COUPLING | 1 | EA | 3.00 | 5.65 | 16.95 |
| 12.6GN   1/2X6   GALV STEEL NIPPLE SCH | 1 | EA | 3.00 | 3.37 | 10.11 |
| TC   Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| 114   Plumber Commercial | | HR | 3.00 | 78.50 | 235.50 |
| 113   Helper | | HR | 3.00 | 42.50 | 127.50 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| 231.84 | 374.00 | 19.13 | 624.97 | | 624.97 |

Customer Copy

# Mac Mechanical

**Service Invoice**    Page 1

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

| | |
|---|---|
| Invoice Date | 4/10/2008 |
| Invoice Number | 77315 |
| Service Order | 27489 |

| SOLD TO | JOB SITE |
|---|---|
| The Park at Country Place<br>1000 Country Place<br>Houston, Texas 77079<br>USA | The Park at Country Place<br>1000 Country Place<br>Houston, Texas 77079<br>USA |

**NET DUE        386.00**

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:** Manhole backing up on East side of Bldg # 4. Checked manhole downstream by pool. Ran jet in manhole by pool - cleared line up to manhole by bldg # 4. All lines are down and flowing.

WO: 27489
 Date: 4/8/2008   Tech: Wendall Jackson

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| TC   Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| JETM   Jet Machine | | EA | 3.00 | 125.00 | 375.00 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 386.00 | | 386.00 | | 386.00 |

Customer Copy

Exhibit / Claim 4 Page 52

**Mac Mechanical**
1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

**Service Invoice**

Page  1
Invoice Date  4/23/2008
Invoice Number  77468
Service Order  27649

| S O L D T O | | J O B S I T E | |
|---|---|---|---|
| | The Park at Country Place | | The Park at Country Place |
| | 1000 Country Place | | 1000 Country Place |
| | Houston, Texas 77079 | | Houston, Texas 77079 |
| | USA | | USA |

**NET DUE**            237.25

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|

**Description:**   Backed up at Bldgs 1 & 2 - Ran sweep at Bldg 1 ( between 1 & 2 ) under building 150 ft.
Hit blockage at 125 ft. This unstopped both buildings.

| Item Id | | | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|---|
| WO: 27649 | | | | | | |
| Date: 4/21/2008 | Tech: John | | | | | |
| tc | Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| sem | Sewer Machine | | EA | 1.00 | 30.00 | 30.00 |
| 114 | Plumber Commercial | | HR | 2.50 | 78.50 | 196.25 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 237.25 | | 237.25 | | 237.25 |

Customer Copy

# Mac Mechanical

Service Invoice

Page 1

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Invoice Date  4/30/2008
Invoice Number  77474
Service Order  27687

| | | |
|---|---|---|
| S O L D T O | The Park at Country Place 1000 Country Place Houston, Texas 77079 USA | J O B S I T E | The Park at Country Place 1000 Country Place Houston, Texas 77079 USA . |

**NET DUE         217.63**

| Terms | Branch | Tax Code | Purchase Order |
|---|---|---|---|
| Net 30 Days | Houston | Houston | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:**    Backed up at Bldg # 2. Ran sweep by gate 120 ft. Unstopped at 90 ft. Grease blockage.

WO: 27687
Date: 4/22/2008   Tech: John

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| TC   Truck Charge | | EA | 1.00 | 11.00 | 11.00 |
| SEM   Sewer Machine | | EA | 1.00 | 30.00 | 30.00 |
| 114OT   Plumber Commercial Overtime | | HR | 1.50 | 117.75 | 176.63 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 217.63 | | 217.63 | | 217.63 |

Customer Copy

## Mac Mechanical

**Service Invoice**

1207 W. 20th. Street
Houston, TX 77008-3315
Phone: (713) 864-5034
Fax: (713) 864-3494

Page 1
Invoice Date 4/23/2008
Invoice Number 77502
Service Order 27608

**SOLD TO:**
The Park at Country Place
1000 Country Place
Houston, Texas 77079
USA

**JOB SITE:**
The Park at Country Place
1000 Country Place
Houston, Texas 77079
USA

**NET DUE** 222.50

| Terms | Branch | Tax Code | Purchase Order | | |
|---|---|---|---|---|---|
| Net 30 Days | Houston | Houston | | | |

| Item Id | Tax Class | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|

**Description:** Unstopped Bldg # 12 at South end of Building about 50 ft, also checked Unit 105. All is good at this time.

WO: 27608
Date: 4/16/2008   Tech: Kenneth Amador

| Item Id | | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| TC | Truck Charge | EA | 1.00 | 11.00 | 11.00 |
| SEM | Sewer Machine | EA | 1.00 | 30.00 | 30.00 |
| 114 | Plumber Commercial | HR | 1.50 | 78.50 | 117.75 |
| 113 | Helper | HR | 1.50 | 42.50 | 63.75 |

| Taxable | Non Taxable | Sales Tax | Total | Payments | NET DUE |
|---|---|---|---|---|---|
| | 222.50 | | 222.50 | | 222.50 |

Customer Copy

Exhibit / Claim 4 Page 55