**WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP**
Evan D. Smiley, State Bar No. 161812
esmiley@wgllp.com
Hutchison B. Meltzer, State Bar No. 217166
hmeltzer@wgllp.com
Robert S. Marticello, State Bar No. 244256
rmarticello@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:    (714) 966-1000
Facsimile:    (714) 966-1002

Attorneys for Debtors and Debtors-in-Possession,
Bethany Holdings Austin Apartments, LLC, *et al.*

FILED & ENTERED

JAN 14 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company,<br><br>Debtor and Debtor-in-Possession.<br><br>_X_ Affects BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company ONLY<br><br>___ Affects BETHANY AUSTIN MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY<br><br>_X_ Affects BETHANY LONESTAR APARTMENTS, LLC, a Delaware limited liability company ONLY<br><br>_X_ Affects KT TERRAZA-TX1, LLC, a Delaware limited liability company ONLY<br><br>___ Affects KT TERRAZA-TX2, LLC, a Delaware limited liability company ONLY<br><br>_X_ Affects FJLC-TX1, LLC, a Delaware limited liability company ONLY<br><br>___ Affects FJLC-TX2, LLC, a Delaware limited liability company ONLY | Case No. 8:09-bk-11873-RK<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:09-bk-11874-RK; 8:09-bk-11875-RK; 8:09-bk-11876-RK; 8:09-bk-11877-RK; 8:09-bk-11878-RK; 8:09-bk-11879-RK; 8:09-bk-11880-RK; 8:09-bk-11881-RK; 8:09-bk-11882-RK; 8:09-bk-11883-RK; 8:09-bk-11884-RK; 8:09-bk-11885-RK; 8:09-bk-11886-RK; 8:09-bk-11887-RK; 8:09-bk-11888-RK; 8:09-bk-11889-RK; and 8:09-bk-11890-RK)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTORS' MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN**<br><br>**Plan Confirmation Hearing**<br><br>DATE:    January 13, 2010<br>TIME:    9:00 a.m.<br>PLACE:   Courtroom 5D<br>         411 W. Fourth St.<br>         Santa Ana, CA 92701 |

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

___ Affects BETHANY LONESTAR MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY QUAIL HOLLOW APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY QUAIL HOLLOW, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY SENECA BAY APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY SENECA BAY, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WOODHILL APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WOODHILL, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WILLOW LAKE APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WILLOW LAKE, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY GP ACQUISITION, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY LP ACQUISITION, LLC, a Delaware limited liability company ONLY

___ Affects All Debtors.

On January 13, 2010 at 9:00 a.m., a hearing was held (the "Confirmation Hearing") in the above-captioned Court on the Second Amended Joint Chapter 11 Plan filed by the above-affected debtors and debtors-in-possession (collectively, the "Debtors"). Appearances were as noted on the Court's record. All capitalized terms not defined herein shall have the meanings ascribed to them in the Debtors' Modified Second Amended Joint Chapter 11 Plan.

The following sets forth the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**THE COURT HEREBY FINDS AND DETERMINES** that:

1.  This matter is a core proceeding over which the Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.  The modifications to the Second Amended Joint Chapter 11 Plan set forth in Exhibit "1" to the Debtors' Memorandum of Points and Authorities in Support of the Debtors' Second Amended Chapter 11 Plan of Reorganization do not adversely change the treatment of the Claim of any creditor or the Interest of any equity security holder and constitute non-material modifications within the meaning and pursuant to 11 U.S.C. § 1127 and Federal Rule of Bankruptcy Procedure 3019(a). Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 3019, these modifications do not require additional disclosure under 11 U.S.C. § 1125 or re-solicitation of votes under 11 U.S.C. § 1126, nor do they require that the holders of Claims or Interests be afforded an opportunity to change previously cast ballots to accept or reject the Plan.

3.    As required by 11 U.S.C. § 1129(a)(1), the Debtors' Modified Second Amended Joint Chapter 11 Plan, which was filed as Exhibit "1" to the Order Confirming Debtors' Modified Second Amended Joint Chapter 11 Plan [Docket No. 424 ] (the "Plan"), complies with all of the applicable provisions of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

    a.    As set forth in 11 U.S.C. § 1122(a), the Plan places Claims in a particular Class only if such Claims are substantially similar to other Claims in such Class.

    b.    The Plan expressly classifies all Claims other than Administrative Claims and Priority Tax Claims, thereby complying with 11 U.S.C. § 1123(a)(1).

    c.    The Plan specifies any Class of Claims that is not impaired by indicating that Classes A5, A6, A7, L5, L6, L7, M4, and M5 are not impaired, thereby satisfying 11 U.S.C. § 1123(a)(2).

    d.    As required by 11 U.S.C. § 1123(a)(3), the Plan specifies the Classes of Claims and Interests that are impaired under the Plan and specifies the treatment for each Class of Claims or Interests that is impaired under the Plan.

    e.    The Plan provides the same treatment for each Claim within a particular Class as required by 11 U.S.C. § 1123(a)(4).

    f.    The Plan provides adequate means for its implementation, thereby complying with 11 U.S.C. § 1123(a)(5).

    g.    The Plan does not alter voting rights or provide for the issuance of non-voting securities within the meaning of 11 U.S.C. § 1123(a)(6).

    h.    The Plan's provisions regarding the selection of officers and directors are consistent with the interests of creditors and equity security holders and with public policy, thereby complying with 11 U.S.C. § 1123(a)(7).

4.    As set forth below and as required by 11 U.S.C. § 1129(a)(2), the Debtors have complied with all applicable provisions of the Bankruptcy Code.

    a.    The Plan and the Second Amended Disclosure Statement Describing Debtors' Second Amended Joint Chapter 11 Plan (the "Disclosure Statement") were

1 served on the parties, in the manner, and within the time required by the Order Approving
2 Second Amended Disclosure Statement Describing Debtors' Second Amended Joint
3 Chapter 11 Plan entered on November 20, 2009, and no solicitation of acceptances or
4 rejections were made by the Debtors prior to that time.  Notice of the hearing on
5 confirmation of the Plan was proper.

6       b.     The Plan and Disclosure Statement served on each holder of a Claim
7 within a particular Class were the same.

8    5.    As required by 11 U.S.C. § 1129(a)(3), the Debtors proposed the Plan in
9 good faith and not by any means forbidden by law.

10    6.    As mandated by 11 U.S.C. § 1129(a)(4), the Plan requires Court approval of
11 all payments for services or for costs and expenses in or in connection with the Debtors'
12 bankruptcy cases (collectively, the "Cases"), or in connection with the Plan and incident to
13 the Cases.

14    7.    The Debtors disclosed the identity of the individuals who will serve as
15 officers or directors of the Reorganized Debtors after confirmation of the Plan, and the
16 service of these officers and directors is consistent with the interests of creditors and
17 equity security holders and with public policy as required by 11 U.S.C. § 1129(a)(5).

18    8.    The Debtors are not subject to any regulatory commission with jurisdiction
19 over its rates, thus rendering 11 U.S.C. § 1129(a)(6) inapplicable.  Even if 11 U.S.C. §
20 1129(a)(6) was applicable, the Debtors have not proposed any rate changes under its
21 Plan.

22    9.    With respect to each impaired Class of Claims under the Plan, each holder
23 of a Claim has either accepted the Plan or will receive or retain property of a value, as of
24 the Effective Date, that is not less than the amount that they would receive or retain if the
25 Debtors were liquidated under chapter 7 of the Bankruptcy Code, thereby complying with
26 11 U.S.C. § 1129(a)(7).

27    10.   With respect to 11 U.S.C. § 1129(a)(8), impaired Classes A1, A2, A8, L1,
28 L2, L5, M1 and M2 voted to accept the Plan.

Weiland, Go Iden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714 - 966 -1000  Fax 714 - 966 -1002

1   11.   The Plan provides the treatment required by 11 U.S.C. § 1129(a)(9) for
2 Administrative Claims, Priority Claims, and Priority Tax Claims.
3   12.   The Plan has been accepted by at least one Class of impaired Claims, as
4 required by 11 U.S.C. § 1129(a)(10), with respect to each the Austin Estate, the Lonestar
5 Estate, and the Maryland Estate.
6   13.   As set forth in 11 U.S.C. § 1129(a)(11), confirmation of the Plan is not likely
7 to be followed by the liquidation or further reorganization of the Debtors, and the Plan
8 offers reasonable assurances of its success.
9   14.   The Plan provides that all fees payable under 28 U.S.C. § 1930 will be paid
10 on or before the Effective Date, as required by 11 U.S.C. § 1129(a)(12).
11   15.   The Debtors do not have any retiree benefits, as that term is defined in 11
12 U.S.C. § 1114, and, therefore, 11 U.S.C. § 1129(a)(13) is inapplicable.
13   16.   The Plan does not discriminate unfairly, and is fair and equitable, with
14 respect to each Class of Claims or Interests that is impaired under, and has not accepted,
15 the Plan.
16     a.   Classes A3, A4, A5, A9, L3, L4, L8, L9, M3, M6, and M7 (collectively,
17 the "Dissenting Classes") either voted to reject the Plan or are deemed to reject the Plan.
18     b.   As required by 11 U.S.C. § 1129(b)(1), the Plan does not discriminate
19 unfairly with respect to each Dissenting Class.
20     c.   The Plan is fair and equitable with respect to each of the following
21 Classes of Secured Claims, Class A3, Class A4, Class L3, Class L4, and Class M3,
22 because each holder of a Claim in Classes A3, A4, L3, L3, and M3 is retaining the lien
23 securing such Claim to the extent of the allowed amount of such Claim, and is receiving
24 deferred cash payments totaling at least the allowed amount of such Claim, of a value, as
25 of the Effective Date, of at least the value of such holder's interest in the applicable
26 estate's interest in the property subject to such holder's lien.
27     d.   The Plan is fair and equitable with respect to Class A5 because each
28 holder of a Claim in Class A5 is either retaining the lien securing such Claim to the extent

Weiland, Go Iden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714‑966‑1000  Fax 714‑966‑1002

of the allowed amount of such Claim, and receiving deferred cash payments totaling at least the allowed amount of such Claim, of a value, as of the Effective Date, of at least the value of such holder's interest in the applicable estate's interest in the property subject to such holder's lien, or is receiving the indubitable equivalent of such Claim.

  e. The Plan is fair and equitable with respect to each of the following Classes of Unsecured Claims, Class L8 and Class M6, because holders of Claims or Interests that are junior to the Claims of Classes L8 and M6 will not receive or retain any property under the Plan on account of such junior Claim or Interest.

  f. The Plan is fair and equitable with respect to each of the following Classes of Interests, Class A9, Class L9, and Class M7, because holders of Interests that that are junior to the Interests of Classes A9, L9 and M7 will not receive or retain any property under the Plan on account of such junior Interest.

 17. The Plan satisfies all requirements for confirmation as set forth in 11 U.S.C. §§ 1122 and 1123(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (a)(6), and (a)(7).  The Plan also satisfies 11 U.S.C. §§ 1129(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (a)(6), (a)(7), (a)(9), (a)(10), (a)(11), (a)(12), (a)(13), (b)(1), and (b)(2).

 18. Pursuant to 11 U.S.C. § 506(a), the value of any Secured Claims in Classes A3, A4, L3, L4, and M3, or any other Secured Claims based on a lien against one or more of the Properties that is junior to the lien held by C1 Trust and the lien held by the Buyers is $0.00.

 19. The Debtors, the Reorganized Debtors, the Professionals, the Disbursing Agent, the Committee, C1 Trust, Anthracite, Arbor, David Liu, and the Buyers, and their members, employees, agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpation and release provisions set forth in Section III.C of the Plan.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

20. Creditors dealt with the Lonestar Property Owners as a single economic unit, and the affairs of the Lonestar Property Owners are so entangled that substantive consolidation of the estates of the Lonestar Property Owners will benefit creditors.

21. Creditors dealt with the Maryland Debtors as a single economic unit, and the affairs of the Maryland Debtors are so entangled that substantive consolidation of the estates of the Maryland Debtors will benefit creditors.

###

DATED: January 14, 2010

_____
United States Bankruptcy Judge

8     FINDINGS OF FACT AND CONCLUSIONS OF LAW

| | |
|---|---|
| In re:<br>**BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company**<br><div align="right">Debtor(s).</div> | CHAPTER: **11**<br><br>CASE NUMBER: **8:09-bk-11873-RK** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document described **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTORS' MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **January 14, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 14, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/14/10 | Margaret Sciesinski | /s/ *Margaret Sciesinski* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**
381221.1

Case 8:09-bk-11873-RK   Doc 428   Filed 01/14/10   Entered 01/14/10 17:17:52   Desc
Main Document    Page 10 of 12

| In re:<br>**BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company**<br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **8:09-bk-11873-RK** |
|---|---|

**BY U.S. MAIL**

Michael Hauser
United States Trustee
411 W. 4th Street, Suite 9041
Santa Ana, CA 92701
Email: michael.hauser@usdoj.gov

William J. Kiekhofer, Esq.
McGuireWoods, LLP
1800 Century Park East
8th Floor
Los Angeles, CA 90067
Email: wkiekhofer@mcguirewoods.com
Counsel for Creditors' Committee

Michael J. Genovese, Esq.
Grant, Genovese & Baratta, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Email: mjg@ggb-law.com

William Greendyke, Esq.
Fulbright & Jaworski, LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2750
Email: wgreendyke@fulbright.com
Counsel for Midland Loan Services, Inc.

Robert E. Darby, Esq.
Fulbright & Jaworski, LLP
555 S. Flower, 41st Floor
Los Angeles, CA 90071
Email: rdarby@fulbright.com
Counsel for Midland Loan Services, Inc.

Joel G. Samuels, Esq.
Sidley & Austin, LLP
555 West Fifth St., Suite 4000
Los Angeles, CA 90013
Email: jsamuels@sidley.com
Attorneys for Blackrock/ Anthrocite

Arbor Realty Trust, Inc.
Attn: William Connolly
333 Earle Ovington Blvd., Suite 900
Uniondale, NY 11553
Email: WConnolly@arbor.com

Michael I. Gottfried, Esq.
Landau & Berger LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Email: mgottfried@lblawllp.com, aerskine@lgbfirm.com
Attorneys for Arbor Realty Trust, Inc.

Craig A. Barbarosh, Esq.
Jan H. Cate, Esq.
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Dr Ste 700
Costa Mesa, CA 92626
Email: craig.barbarosh@pillsburylaw.com
Attorneys for Buyer

Karon Y. Wright, Esq.
David Escamilla
Travis County Attorney
P.O. Box 1748
Austin, TX 78767
Email: karon.wright@co.travis.tx.us

Sean A. O'Keefe
Okeefe & Associates
660 Newport Center Dr., Suite 400
Newport Beach, CA 92660
Email: sokeefe@okeefeelc.com
Counsel for InStar Services Group, L.P.

Anthony C. Duffy
Law Offices of Anthony C. Duffy
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Email: aduffy@aduffylaw.com
Counsel for InStar Services Group, L.P.

Kenneth M. Stanley
Dba Colors Unlimited
8760-A Research Blvd., #244
Austin, TX 78758

James M. Lee, Esq.
K. Luan Tran, Esq.
Lee Tran & Liang, APLC
601 S. Figueroa St., Suite 4025
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                **F 9013-3.1**
381221.1

| | |
|---|---|
| In re:<br>**BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company**<br><br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **8:09-bk-11873-RK** |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTORS' MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of **January 14, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Drew A Callahan     dcallahan@piteduncan.com, kduke@piteduncan.com
Dan E Chambers     dchambers@jmbm.com
Eric A Cook     ecook@ebglaw.com
Christina M Craige     ccraige@sidley.com
Tammy C Drescher     tdrescher@sellmanhoff.com
Beth Gaschen     bgaschen@wgllp.com
Michael I. Gottfried     mgottfried@lblawllp.com, aerskine@lgbfirm.com
Jodie M Grotins     jgrotins@mcguirewoods.com
Michael J Hauser     michael.hauser@usdoj.gov
Mark D Houle     mark.houle@pillsburylaw.com
Randolph C Houts     rhouts@gmail.com
William H. Kiekhofer     wkiekhofer@mcguirewoods.com
Robert S Marticello     Rmarticello@wgllp.com
Hutchison B Meltzer     hmeltzer@wgllp.com
Sean A Okeefe     sokeefe@okeefelc.com
Jeremy E Rosenthal     jrosenthal@sidley.com
Todd D Ross     toross@wcsr.com
Evan D Smiley     esmiley@wgllp.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
Andrea M Valdez     avaldez@fulbright.com


**II.   SERVED BY THE COURT VIA U.S. MAIL:**  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Bethany Holdings Austin Apartments, LLC
1920 Main Street, Suite 770
Irvine, CA 92614
Debtor

**III.   TO BE SERVED BY THE LODGING PARTY:**  Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9021-1.1**

| In re:<br>**BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company**<br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **8:09-bk-11873-RK** |
|---|---|

## TO BE SERVED BY THE LODGING PARTY

Michael J. Genovese, Esq.
Grant, Genovese & Baratta, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614

William Greendyke, Esq.
Fulbright & Jaworski, LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2750
Counsel for Midland Loan Services, Inc.

Robert E. Darby, Esq.
Fulbright & Jaworski, LLP
555 S. Flower, 41st Floor
Los Angeles, CA 90071
Counsel for Midland Loan Services, Inc.

Joel G. Samuels, Esq.
Sidley & Austin, LLP
555 West Fifth St., Suite 4000
Los Angeles, CA 90013
Attorneys for Blackrock/ Anthrocite

Arbor Realty Trust, Inc.
Attn:  William Connolly
333 Earle Ovington Blvd., Suite 900
Uniondale, NY 11553

Craig A. Barbarosh, Esq.
Jan H. Cate, Esq.
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Dr Ste 700
Costa Mesa, CA 92626
Attorneys for Buyer

Karon Y. Wright, Esq.
David Escamilla
Travis County Attorney
P.O. Box 1748
Austin, TX 78767

Anthony C. Duffy
Law Offices of Anthony C. Duffy
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Counsel for InStar Services Group, L.P.

Kenneth M. Stanley
Dba Colors Unlimited
8760-A Research Blvd., #244
Austin, TX 78758

James M. Lee, Esq.
K. Luan Tran, Esq.
Lee Tran & Liang, APLC
601 S. Figueroa St., Suite 4025
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                    **F 9021-1.1**