**WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK, LLP**
Evan D. Smiley, State Bar No. 161812
esmiley@wgllp.com
Hutchison B. Meltzer, State Bar No. 217166
hmeltzer@wgllp.com
Robert S. Marticello, State Bar No. 244256
rmarticello@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

Attorneys for Debtors and Debtors-in-Possession, Bethany Holdings Austin Apartments, LLC, *et al.*

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company,

Debtor and Debtor-in-Possession.

X Affects BETHANY HOLDINGS AUSTIN APARTMENTS, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY AUSTIN MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY

X Affects BETHANY LONESTAR APARTMENTS, LLC, a Delaware limited liability company ONLY

X Affects KT TERRAZA-TX1, LLC, a Delaware limited liability company ONLY

___ Affects KT TERRAZA-TX2, LLC, a Delaware limited liability company ONLY

X Affects FJLC-TX1, LLC, a Delaware limited liability company ONLY

___ Affects FJLC-TX2, LLC, a Delaware limited liability company ONLY

Case No. 8:09-bk-11873-RK

Chapter 11 Case

(Jointly Administered with Case Nos. 8:09-bk-11874-RK; 8:09-bk-11875-RK; 8:09-bk-11876-RK; 8:09-bk-11877-RK; 8:09-bk-11878-RK; 8:09-bk-11879-RK; 8:09-bk-11880-RK; 8:09-bk-11881-RK; 8:09-bk-11882-RK; 8:09-bk-11883-RK; 8:09-bk-11884-RK; 8:09-bk-11885-RK; 8:09-bk-11886-RK; 8:09-bk-11887-RK; 8:09-bk-11888-RK; 8:09-bk-11889-RK; and 8:09-bk-11890-RK)

**DEBTORS' MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN**

**Plan Confirmation Hearing**

DATE: January 13, 2010
TIME: 9:00 a.m.
PLACE: Courtroom 5D
411 W. Fourth St.
Santa Ana, CA 92701

___ Affects BETHANY LONESTAR MEZZANINE APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY QUAIL HOLLOW APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY QUAIL HOLLOW, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY SENECA BAY APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY SENECA BAY, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WOODHILL APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WOODHILL, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WILLOW LAKE APARTMENTS, LLC, a Delaware limited liability company ONLY

_X_ Affects BETHANY WILLOW LAKE, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY GP ACQUISITION, LLC, a Delaware limited liability company ONLY

___ Affects BETHANY LP ACQUISITION, LLC, a Delaware limited liability company ONLY

__ Affects All Debtors.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## TABLE OF CONTENTS


Page

I. INTRODUCTION ........ 1

II. PLAN OF REORGANIZATION ........ 1

A. Substantive Consolidation of the Debtors ........ 1

B. The Purchase of the Membership Interests in the Reorganized Debtors ........ 2

C. What Creditors and Interest Holders will Receive Under the Proposed Plan ........ 3

D. Unclassified Claims ........ 3

1. Administrative Expenses ........ 4

a. Austin Estate ........ 4

b. Lonestar Estate ........ 6

c. Maryland Estate ........ 8

d. Ordinary Course Administrative Claims ........ 9

e. Non-Ordinary Course Administrative Claims ........ 10

f. Professional Fee Claims ........ 10

2. Priority Tax Claims ........ 11

a. Austin Estate ........ 11

b. Lonestar Estate ........ 12

c. Maryland Estate ........ 13

E. Classified Claims – Austin Estate ........ 13

1. Summary of Classes ........ 13

2. Secured Claims ........ 14

3. Classes of Priority Unsecured Claims ........ 20

4. Class Of General Unsecured Claims ........ 22

5. Class Of Interest Holders ........ 23

F. Classified Claims – Lonestar Estate ........ 23

1. Summary of Classes ........ 23

## TABLE OF CONTENTS (cont.)

**Page**


2. Secured Claims ........ 23
3. Classes Of Priority Unsecured Claims ........ 29
4. Class Of General Unsecured Claims ........ 31
5. Class Of Interest Holders ........ 32

G. Classified Claims – Maryland Estate ........ 32
1. Summary of Classes ........ 32
2. Secured Claims ........ 32
3. Classes Of Priority Unsecured Claims ........ 36
4. Class Of General Unsecured Claims ........ 38
5. Class Of Interest Holders ........ 39

H. Means of Effectuating the Plan ........ 39
1. Purchase of the Membership Interests in the Reorganized Debtors ........ 39
2. The General Unsecured Creditor Allocation ........ 43
3. Funding for the Plan ........ 43
4. The Structure of the Reorganized Debtors and Post-Confirmation Management ........ 43
5. Disbursing Agent ........ 44

I. Other Provisions of the Plan ........ 44
1. Executory Contracts and Unexpired Leases ........ 44
a. Assumptions ........ 44
b. Rejections ........ 46
2. Potential Avoidance Actions ........ 47
3. Retention of Jurisdiction ........ 48

III. EFFECT OF CONFIRMATION ........ 49
A. Discharge ........ 49
B. Revesting of Property in the Reorganized Debtors ........ 51

**TABLE OF CONTENTS (cont.)**

**Page**

C. Modification of the Plan ..... 51
D. Post-Confirmation Status Report ..... 52
E. Quarterly Fees ..... 52
F. Post-Confirmation Conversion/Dismissal ..... 52
G. Final Decree ..... 53
TABLE OF DEFINITIONS ..... 56

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## I. INTRODUCTION[1]

The above-affected debtors and debtors-in-possession, Bethany Holdings Austin Apartments, LLC, Bethany Lonestar Apartments, LLC, FJLC-TX1, LLC, KT Terraza-TX1, LLC, Bethany Seneca Bay Apartments, LLC, Bethany Quail Hollow Apartments, LLC, Bethany Willow Lake Apartments, LLC, Bethany Woodhill Apartments, LLC, Bethany Seneca Bay, LLC, Bethany Quail Hollow, LLC, Bethany Willow Lake, LLC, and Bethany Woodhill, LLC, (collectively, the "Debtors"), are debtors in chapter 11 bankruptcy cases.

Bethany Holdings Austin Apartments, LLC, on March 4, 2009, and the remaining Debtors, on March 5, 2009, commenced bankruptcy cases (collectively, the "Cases") by filing voluntary chapter 11 petitions under the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 *et seq*. Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court and which is provided to help you understand the Plan.

The plan (the "Plan") is a reorganizing plan. In other words, the Debtors seek to accomplish payments to unsecured creditors under the Plan from the proceeds of the sale of the equity in the Reorganized Debtors or from the Reorganized Debtors' future operations. The Effective Date of the Plan will be the first business day that is at least 15 days after the entry of an order confirming the Plan (the "Confirmation Order"), provided there has been no appeal from, or order staying the effectiveness of, the Confirmation Order.

## II. PLAN OF REORGANIZATION

### A. Substantive Consolidation of the Debtors

This Plan effectuates the substantive consolidation of Debtors within the Lonestar Portfolio and the Maryland Portfolio, respectively. Upon confirmation of the Plan, the Debtors' Estates will be partially substantively consolidated as follows:

---

[1] Any capitalized terms not defined in the text of this Plan are defined in the Table of Definitions found at the end of the Plan.

1. The Estates of Bethany Lonestar Apartments, LLC, FJLC-TX1, LLC, KT Terraza-TX1, LLC, shall be substantively consolidated and hereinafter referred to as the "Lonestar Estate."

2. The Estates of Bethany Seneca Bay Apartments, LLC, Bethany Quail Hollow Apartments, LLC, Bethany Willow Lake Apartments, LLC, and Bethany Woodhill Apartments, LLC, Bethany Seneca Bay, LLC, Bethany Quail Hollow, LLC, Bethany Willow Lake, LLC, and Bethany Woodhill, LLC, shall be substantively consolidated and hereinafter referred to as the "Maryland Estate."

There will be no substantive consolidation with respect to the Austin Portfolio because the Bethany Holdings Austin Apartments, LLC (the "Austin Debtor"), is the only debtor within the Austin Portfolio to which this Plan is applicable. The Estate of the Austin Property Owner shall hereinafter be referred to as the "Austin Estate."

For the affected Debtors, substantive consolidation will result in the following: (1) the assets and liabilities of each Debtor will be deemed the assets and liabilities of all the other Debtors within the same Portfolio; (2) any Claim filed against any Debtor will be treated as a Claim against the other Debtors within the same Portfolio, and any obligation of any Debtor shall be deemed to be an obligation of the Debtors within the same Portfolio and all duplicate Claims or objections will be eliminated; and (3) all obligations due and owing from any Debtor to any other Debtor within the same Portfolio will be eliminated.

**B. The Purchase of the Membership Interests in the Reorganized Debtors**

The Debtors are currently involved in negotiations for the sale of the Membership Interests in each of the Reorganized Debtors through the Plan. Based on these negotiations, prior to confirmation of the Plan, (i) Standard Austin Fund LLC, a Delaware limited liability company ("Standard Austin Fund"), will purchase the Austin Note B from Anthracite, (ii) Standard Houston Fund LLC, a Delaware limited liability company ("Standard Houston Fund"), will purchase the Lonestar Note B from Anthracite, and (iii) Standard Maryland Fund LLC, a Delaware limited liability company ("Standard Maryland

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Fund" and collectively with Standard Austin Fund and Standard Lonestar Fund, the "Buyers"), will purchase the Rake Bond Certificate from Arbor. The Buyers are owned by Mr. David Liu.

Pursuant to the terms of the Plan, upon the Effective Date, each Property will be transferred to a separate special purpose entity to be formed by the Buyers. There will be sixteen (16) such entities in total (collectively, the "Reorganized Debtors"). The Austin Note B, the Lonestar Note B and the Rake Bond Certificate will be converted into equity in, respectively, the "Austin Reorganized Debtors," the "Lonestar Reorganized Debtors" and the "Maryland Reorganized Debtors." An organizational chart of the Reorganized Debtors following the Effective Date is attached hereto as Exhibit "3." The material terms of the proposed sale are discussed in Section II.H.1 below. The proposed sale will enable the Debtors to pay Allowed Administrative and Priority Claims, and to make a distribution to the holders of Allowed General Unsecured Claims.

Any and all performance required by the Buyers under the Plan, including without limitation funding for the Effective Date payments and the General Unsecured Creditor Allocations, is expressly contingent upon the Buyers' pre-confirmation purchase of the Austin and Lonestar B Notes and the Rake Bond Certificate, as well as the modification of the A Notes as discussed herein below.

**C. What Creditors and Interest Holders will Receive Under the Proposed Plan**

As required by the Bankruptcy Code, the Plan classifies Claims and Interests in various classes according to their right to priority. The Plan states whether each Class of Claims or Interests is impaired or unimpaired. The Plan provides the treatment each Class will receive. In no event shall any creditor receive more than the creditor's Allowed Claim, plus interest, to the extent provided herein.

**D. Unclassified Claims**

Certain types of Claims are not placed into voting classes but are instead unclassified. They are not considered impaired and they do not vote on the Plan because

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

they are automatically entitled to certain treatment under the Bankruptcy Code. Accordingly, the following Claims have not been placed into a Class:

### 1. Administrative Expenses

Administrative expenses are Claims for costs or expenses of administering the Debtors' Cases which are allowed under § 507(a)(2) of the Bankruptcy Code. The Bankruptcy Code requires that all Allowed Administrative Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

Below there are six charts, one for Non-Professional Administrative Claims, and another for Professional-Fee Claims for each Estate. The following charts list all of the Debtors' section 507(a)(2) unpaid Administrative Claims and their treatment under the Plan:

a. Austin Estate

| **Non-Professional Administrative Claims Austin Estate** | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Ordinary-Course Administrative Claims | $0.00 | Unless the Austin Reorganized Debtors objects to an Ordinary-Course Administrative Claim, the Claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Ordinary-Course Administrative Claim, and the Person holding the Ordinary-Course Administrative Claim need not file any Request for Payment of its Claim. Payments to Ordinary-Course Administrative Claimants will be paid from the Austin Property Owner's current cash flow or the Austin Reorganized Debtors' future operations according to the existing trade terms. |
| Non-Ordinary Course Administrative Claims | $0.00 | To the extent that any Non-Ordinary-Course Administrative Claims are allowed, they will be paid in full by the Austin Reorganized Debtors on the later of the Effective Date or immediately after the Court enters a Final Order allowing the Non-Ordinary-Course Administrative Claim. |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Non-Professional Administrative Claims Austin Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Clerk's Office Fees | $0.00 | Paid in full on or before the Effective Date. |
| Office of the United States Trustee Fees | $70,000 (est.)[2] | Paid in full on or before the Effective Date. |
| Administrative Tax Claims | $0.00 | Unless the Austin Reorganized Debtors object to an Administrative Tax Claim or otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Administrative Tax Claim, and the Person holding the Administrative Tax Claim need not file any Request for Payment of its Claim. Payments to Administrative Tax Claimants will be paid from the Austin Property Owner's current cash flow or the Austin Reorganized Debtors' future operations according to applicable law. |
| Total | $70,000 (est.) | |

| Professional-Fee Claims Austin Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Weiland Golden | $50,000 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to Weiland Golden post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| Mosier & Co. | $16,700 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to Mosier & Co. post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| IPS | $0.00 | Paid in the ordinary course of the Debtors' business. |
| McGuireWoods LLP | $33,400 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to McGuireWoods LLP post-petition. | Paid on the later of the Effective Date or upon Final Court Order allowing the fees and expenses. |
| Crowe Horwath LP | $36,700(est.) as of the Effective Date, which would be in addition to any fees and expenses paid to Crowe Horwath post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |

---

2 This sum represents the total estimated fees for all the Estates.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Professional-Fee Claims Austin Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Total | $136,800 estimated[3] | |

b. Lonestar Estate

| Non-Professional Administrative Claims Lonestar Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Ordinary-Course Administrative Claims | $0.00 | Unless the Lonestar Reorganized Debtors object to an Ordinary-Course Administrative Claim, the Claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Ordinary-Course Administrative Claim, and the Person holding the Ordinary-Course Administrative Claim need not file any Request for Payment of its Claim. Payments to Ordinary-Course Administrative Claimants will be paid from the Lonestar Property Owners' current cash flow or the Lonestar Reorganized Debtors' future operations according to the existing trade terms. |
| Non-Ordinary Course Administrative Claims | $0.00 | To the extent that any Non-Ordinary-Course Administrative Claims are allowed, they will be paid in full by the Lonestar Reorganized Debtors on the later of the Effective Date or immediately after the Court enters a Final Order allowing the Non-Ordinary-Course Administrative Claim. |
| Clerk's Office Fees | $0.00 | Paid in full on or before the Effective Date. |
| Office of the United States Trustee Fees | $70,000 (est.)[4] | Paid in full on or before the Effective Date. |
| Administrative Tax Claims | $0.00 | Unless the Lonestar Reorganized Debtors object to an Administrative Tax Claim or |

---

[3] The estimate of Professional-Fee Claims is only an estimate and will change based upon the legal services required during this Reorganization Case and upon what the Court ultimately awards to professionals. The Estates remains liable for all allowed legal fees and costs regardless of the estimates.

[4] This sum represents the total estimated fees for all the Estates.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Non-Professional Administrative Claims Lonestar Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| | | otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Administrative Tax Claim, and the Person holding the Administrative Tax Claim need not file any Request for Payment of its Claim. Payments to Administrative Tax Claimants will be paid from the Lonestar Property Owners' current cash flow or the Lonestar Reorganized Debtors' future operations according to applicable law. |
| Total | $70,000 (est.) | |

| Professional-Fee Claims Lonestar Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Weiland Golden | $50,000 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to Weiland Golden post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| Mosier & Co. | $16,700 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to Mosier & Co. post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| IPS | $0.00 | Paid in the ordinary course of the Debtors' business. |
| McGuireWoods LLP | $33,400 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to McGuireWoods LLP post-petition. | Paid on the later of the Effective Date or upon Final Court Order allowing the fees and expenses. |
| Crowe Horwath LP | $36,700(est.) as of the Effective Date, which would be in addition to any fees and expenses paid to Crowe Horwath post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| Total | $136,800 estimated[5] | |

5 The estimate of Professional-Fee Claims is only an estimate and will change based upon the legal services required during this Reorganization Case and upon what the Court ultimately awards to professionals. The Estates remains liable for all allowed legal fees and costs regardless of the estimates.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

c. Maryland Estate

| Non-Professional Administrative Claims Maryland Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Ordinary-Course Administrative Claims | $0.00 | Unless the Maryland Reorganized Debtors object to an Ordinary-Course Administrative Claim, the Claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Ordinary-Course Administrative Claim, and the Person holding the Ordinary-Course Administrative Claim need not file any Request for Payment of its Claim. Payments to Ordinary-Course Administrative Claimants will be paid from the Maryland Debtors' current cash flow or the Maryland Reorganized Debtors' future operations according to the existing trade terms. |
| Non-Ordinary Course Administrative Claims | $0.00 | To the extent that any Non-Ordinary-Course Administrative Claims are allowed, they will be paid in full by the Maryland Reorganized Debtors on the later of the Effective Date or immediately after the Court enters a Final Order allowing the Non-Ordinary-Course Administrative Claim. |
| Clerk's Office Fees | $0.00 | Paid in full on or before the Effective Date. |
| Office of the United States Trustee Fees | $70,000 (est.)[6] | Paid in full on or before the Effective Date. |
| Administrative Tax Claims | $0.00 | Unless the Maryland Reorganized Debtors object to an Administrative Tax Claim or otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Administrative Tax Claim, and the Person holding the |

[6] This sum represents the total estimated fees for all the Estates.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Non-Professional Administrative Claims Maryland Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| | | Administrative Tax Claim need not file any Request for Payment of its Claim. Payments to Administrative Tax Claimants will be paid from the Maryland Debtors' current cash flow or the Maryland Reorganized Debtors' future operations according to applicable law. |
| Total | $70,000 (est.) | |

| Professional-Fee Claims Maryland Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Weiland Golden | $50,000 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to Weiland Golden post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| Mosier & Co. | $16,700 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to Mosier & Co. post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| IPS | $0.00 | Paid in the ordinary course of the Debtors' business. |
| McGuireWoods LLP | $33,400 (est.) as of the Effective Date, which would be in addition to the fees and expenses paid to McGuireWoods LLP post-petition. | Paid on the later of the Effective Date or upon Final Court Order allowing the fees and expenses. |
| Crowe Horwath LP | $36,700(est.) as of the Effective Date, which would be in addition to any fees and expenses paid to Crowe Horwath post-petition. | Paid on the earlier of the Effective Date or in accordance with the Monthly Payment Procedure. |
| Total | $136,800 estimated[7] | |

The following applies to Administrative Claims asserted in each estate:

d. Ordinary Course Administrative Claims

Unless the Reorganized Debtors or other party-in-interest objects to an Ordinary-Course Administrative Claim, the Claim will be deemed allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Ordinary-Course Administrative Claim, and the Person holding the Ordinary-Course Administrative Claim

---

[7] The estimate of Professional-Fee Claims is only an estimate and will change based upon the legal services required during this Reorganization Case and upon what the Court ultimately awards to professionals. The Estates remains liable for all allowed legal fees and costs regardless of the estimates.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

need not File any Request for Payment of its Claim. Payments to Ordinary-Course Administrative Claimants will be paid from the applicable Debtor's current cash flow, cash reserves, or the applicable Reorganized Debtor's future operations.

e. Non-Ordinary Course Administrative Claims

A Non-Ordinary-Course Administrative Claim will be paid by the applicable Debtor on the Effective Date, to the extent that prior to the Effective Date, it has already been determined to be an Allowed Non-Ordinary-Course Administrative Claim by the Court pursuant to a Final Order. Any other Non-Ordinary-Course Administrative Claim will be paid by the applicable Reorganized Debtor to the extent that it is allowed by the Court only if: (1) on or before 60 days after the Effective Date, the Person holding the Non-Ordinary Course Administrative Claim both Files with the Court a Request for Payment of the Non-Ordinary-Course Administrative Claim and serves the request on counsel for the Debtors/Reorganized Debtors and the OUST; and (b) the Court, in a Final Order, allows the Non-Ordinary-Course Administrative Claim. Any party-in-interest may File an objection to such a Request for Payment within the time provided by the Bankruptcy Rules or within any other period the Court establishes. Persons holding Non-Ordinary-Course Administrative Claims who do not timely File and serve a Request for Payment will be forever barred from asserting these Claims or any action seeking payment in any forum or from any court deriving from these Claims against the Estates, the Debtors, the Reorganized Debtors, or their property.

f. Professional Fee Claims

A Professional-Fee Claim will be allowed only if: (a) on or before 45 days after the Effective Date (or such further date if extended by Court order), the Person holding the Professional-Fee Claim Files with the Court an application requesting that the Reorganized Debtors pay the Professional-Fee Claim; and (b) the Professional-Fee Claim is allowed by a Final Order. The Reorganized Debtors or any other party in interest may File an objection to such an application within the time provided by the Bankruptcy Rules or within any other period that the Court establishes. Persons holding Professional-Fee

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Claims who do not timely File and serve an application for payment will be forever barred from asserting these Claims against the Reorganized Debtors or their property.

As is indicated above, the Debtors estimate that they will need to pay Administrative Professional Fee Claims totaling approximately $410,400 on the Effective Date, unless the Claimant has agreed to be paid later or the Court has not yet ruled on the Claim. The Debtors project that they will have cash on hand and cash reserves in excess of this amount on the Effective Date to make the necessary payments. The Debtors' cash on hand and cash reserves will first be used to pay Allowed Administrative Claims of the estates prior to any funds being turned over to the Buyers. To the extent that the cash on hand or cash reserves are insufficient to satisfy Allowed Administrative Claims, the Buyers will be responsible for contributing cash to pay such Claims.

**2. Priority Tax Claims**

Priority Tax Claims include certain unsecured income, employment and other taxes described by Bankruptcy Code § 507(a)(8). The Bankruptcy Code requires that each holder of such a § 507(a)(8) Priority Tax Claim receive the present value of such Claim in regular installment payments in cash, over a period not exceeding five years from the Petition Date. The following chart lists all of the Debtors' known § 507(a)(8) Priority Tax Claims and their treatment under the Plan:

a. Austin Estate

| **Priority Tax Claims – Austin Estate** | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Priority Tax Claims | $0.00 | The holders of Allowed Priority Tax Claims shall receive, in full satisfaction of such Claims, deferred cash payments in an aggregate amount equal to the amount of the Allowed Priority Tax Claim, plus interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the Prime Rate, or such higher rate as the Court may determine sufficient to provide "present value" of the Allowed Priority Tax Claim. Payment of the Allowed Priority Tax Claims shall be made in equal quarterly |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Priority Tax Claims – Austin Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| | | payments such that the Allowed Priority Tax Claims are repaid within five years from the Petition Date. The first installment payment shall be due on the later of: (i) 60 Business Days after the Effective Date; or (ii) 30 Business Days after the Court enters a Final Order allowing the Priority Tax Claim. The Austin Reorganized Debtors shall have the right to pay the balance of the Allowed Priority Tax Claims in full at any time on or after the Effective Date without premium or penalty of any kind. |

b. Lonestar Estate

| Priority Tax Claims – Lonestar Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Priority Tax Claims | $0.00 | The holders of Allowed Priority Tax Claims shall receive, in full satisfaction of such Claims, deferred cash payments in an aggregate amount equal to the amount of the Allowed Priority Tax Claim, plus interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the Prime Rate, or such higher rate as the Court may determine sufficient to provide "present value" of the Allowed Priority Tax Claim. Payment of the Allowed Priority Tax Claims shall be made in equal quarterly payments such that the Allowed Priority Tax Claims are repaid within five years from the Petition Date. The first installment payment shall be due on the later of: (i) 60 Business Days after the Effective Date; or (ii) 30 Business Days after the Court enters a Final Order allowing the Priority Tax Claim. The Lonestar Reorganized Debtors shall have the right to pay the balance of the Allowed Priority Tax Claims in full at any time on or after the Effective Date without premium or |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Priority Tax Claims – Lonestar Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| | | penalty of any kind. |

c. Maryland Estate

| Priority Tax Claims – Maryland Estate | | |
|---|---|---|
| Description | Estimated Amount Owed | Treatment |
| Priority Tax Claims | $0.00 | The holders of Allowed Priority Tax Claims shall receive, in full satisfaction of such Claims, deferred cash payments in an aggregate amount equal to the amount of the Allowed Priority Tax Claim, plus interest from the Effective Date on the unpaid balance of the Allowed Priority Tax Claim at the Prime Rate, or such higher rate as the Court may determine sufficient to provide "present value" of the Allowed Priority Tax Claim. Payment of the Allowed Priority Tax Claims shall be made in equal quarterly payments such that the Allowed Priority Tax Claims are repaid within five years from the Petition Date. The first installment payment shall be due on the later of: (i) 60 Business Days after the Effective Date; or (ii) 30 Business Days after the Court enters a Final Order allowing the Priority Tax Claim. The Maryland Reorganized Debtors shall have the right to pay the balance of the Allowed Priority Tax Claims in full at any time on or after the Effective Date without premium or penalty of any kind. |

## E. Classified Claims – Austin Estate

### 1. Summary of Classes

| Austin Estate | |
|---|---|
| Class | Claimant(s) |
| Class A1 | Secured Claim of C1 Trust |
| Class A2 | Secured Claim of Anthracite |
| Class A3 | Secured Claim of Lehman |
| Class A4 | Mechanic's Lien Claims |
| Class A5 | Texas Constitutional Lien Claimants |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Austin Estate | |
|---|---|
| Class | Claimant(s) |
| Class A5.1 | Secured Claim of Travis County Tax Assessor-Collector |
| Class A6 | Priority Unsecured Claims Pursuant to 11 U.S.C. §§ 507(a)(6)-(7) |
| Class A7 | Priority Unsecured Wage Claims Pursuant to 11 U.S.C. §§ 507(a)(4)-(5) |
| Class A8 | General Unsecured Claims |
| Class A9 | Interest Holders |

### 2. Secured Claims

Secured Claims are Claims secured by liens on property of the Estate.

a. Secured Claim of C1 Trust

The Class A1 Claim consists of the Secured Claim of C1 Trust. The Class A1 Claim is in the amount of $44,000,000 and is secured by first priority liens on the Austin Properties and the rents therefrom, which the Debtors believe have a total liquidation collateral value (*i.e.*, if the Plan were not confirmed, and if the Austin Properties were to be liquidated rather than retained and restructured pursuant to the Plan) of $34,000,000. The description of the treatment of Class A1 in this section is also the description of the treatment of the Class L1 Claims and the Class M1 Claims relating to the Lonestar Estate and the Maryland Estate, respectively. The Treatment of Classes A1, L1 and M1 shall be implemented pursuant to the Restated Loan Documents (defined below) to be filed with the Court prior to the Confirmation Hearing. The summary of the terms and conditions of the Restated Loan Documents shall include the following:

i. Restated Note. On the Effective Date, the Austin Note A, the Lonestar Note A and the Maryland Note Component A will collectively be amended and restated into a single consolidated promissory note (the "Restated Note"). The Buyers intend to form approximately 16 special purpose bankruptcy-remote entities, each to hold one of the 16 apartments (*i.e.*, the Reorganized Debtors). The Restated Note and Restated Loan will be the joint and several liability of the Reorganized Debtors. The Austin Loan, Lonestar Loan and Maryland Loan will be thereby consolidated into a single loan ("Restated Loan"). The Restated Note will be in the principal amount of $296,680,000.00, with a maturity date of December 11, 2016. Interest on the Restated Note shall accrue at the following rates:

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

- 2010: 3.78%
- 2011: 3.93%
- 2012: 4.94%
- 2013: 5.41%
- 2014: 6.00%
- 2015: 6.00%
- 2016: 6.10%

ii. Restated Loan Documents. The Restated Note and other loan documents for the Restated Loan, including, without limitation, a single Restated Loan Agreement and such other restated or amended mortgages, security agreements and cash management agreements as C1 Trust and the Reorganized Debtors may mutually agree (collectively, "Restated Loan Documents"), shall be prepared in consultation with, shall be satisfactory in all respects to, and shall be approved by both the holder of the Allowed Class A1, L1 and M1 Claims and the Buyers. C1 Trust and the Buyers agree to provide counsel to the Committee with copies of the first and final drafts, as negotiated between C1 Trust and the Buyers, of the Restated Loan Agreement and any restated or amended mortgages related thereto, commencing on or before December 21, 2009 through the Effective Date. In addition to such notice to counsel for the Committee, the form of Restated Loan Agreement (without exhibits) shall be filed with the Court in a Plan supplement within 5 calendar days prior to the Confirmation Hearing.

iii. Collateral. The Restated Note will be secured by the Austin Properties, the Lonestar Properties and the Maryland Properties, each of which will be cross-collateralized and will be subject to cross-default provisions. The holder of the Allowed Class A1, L1 and M1 Claims shall retain its lien on the Austin Properties, the Lonestar Properties and the Maryland Properties, until the Allowed Class A1, L1 and M1 Secured Claims have been fully satisfied, at which time C1 Trust's lien shall be released and the Austin Reorganized Debtors, the Lonestar Reorganized Debtors and the Maryland Reorganized Debtors shall retain title to the Austin Properties, the Lonestar Properties and the Maryland Properties, respectively, free and clear of any and all liens of the holder of the Allowed Class A1, L1 and M1 Claims.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

iv. Taxes/Insurance Due on the Effective Date. On the Effective Date, the Reorganized Debtors shall pay property taxes due in the estimated amount of approximately $2,900,000 and property insurance obligations in the estimated amount of approximately $300,000.

v. Repayment of Property Protection Advances. On the Effective Date, property protection advances in the amount of $900,000 shall be paid to C1 Trust by the Reorganized Debtors.

vi. Reserve Accounts. The initial funding requirement in the interest reserve account for the Restated Loan ("Interest Reserve Account") shall be $6,600,000, which shall be paid by the Reorganized Debtors on the Effective Date. Following the Effective Date, cash flow after debt service on the Restated Note will be deposited into the Interest Reserve Account, until a minimum funding requirement of $8,415,000 (the "Minimum Interest Reserve Amount") is reached. Thereafter, cash flow after debt service will be released to the Reorganized Debtors.

vii. Interest Reserve Release Provisions. Upon the combined debt service coverage ratio ("DSCR") for the Austin Properties, Lonestar Properties and Maryland Properties reaching a balance of 1.15:1 on a trailing six month basis and the Interest Reserve Account reaching a level of $8,415,000, the Minimum Interest Reserve Amount shall be permanently removed and the funds in the Interest Reserve Account can be used by the Reorganized Debtors to fund renovations at the Austin Properties, Lonestar Properties and Maryland Properties. If, after such removal, the Reorganized Debtors fail to make a monthly interest payment to C1 Trust and monies are still available in the Interest Reserve Account, then such monies shall be applied to the extent necessary to fund such missed payments. Thereafter, the amount so applied must be replenished before further funds are disbursed to the Reorganized Debtors to fund renovations.

viii. Payments by Reorganized Debtors on the Effective Date. The Reorganized Debtors shall make the following payments to the holder of the Class A1, L1 and M1 Allowed Claims on the Effective Date: (a) an assumption fee equal to 0.5% of the principal

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

balance ($1,483,400); (b) a replacement reserve payment of approximately $4,027,220, (c) funding for property tax and insurance reserves to levels required under the Restated Loan Documents in the estimated amount of approximately $3,200,000.

ix. Payments by the Reorganized Debtors After the Effective Date. Commencing after the Effective Date, the Reorganized Debtors shall make monthly replacement reserve payments of $134,257.

x. Guaranty. David Liu and Lisa Zhou will each execute a "bad boy" guaranty of the Restated Loan in favor of the holder of the Allowed Class A1, L1 and M1 Claims, with such guaranties to be in form and substance acceptable to David Liu and the Holders of the Allowed Class A1, L1 and M1 Claims.

xi. Certain Loan Agreement Provisions. The Restated Loan Documents will provide for (i) future releases of the Properties (any such release of a Property to be for a price equal to 110% of the allocations established at origination and a 1.15x DSCR for the remaining Properties for the previous six months), and (ii) future transfers of minority interests in the Reorganized Debtors.

b. Secured Claims Other Than Secured Claim of C1 Trust

The following chart lists all Classes containing Austin Debtor's Secured Claims, other than the Secured Claim of C1 Trust, and their treatment under the Plan:

| Secured Claims – Austin Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| A2 | Secured Claim of Anthracite<br><br>• Collateral: The Austin Properties and Rents<br><br>• Priority of Security Interest: Second<br><br>• Total Claim Amount: $9,764,116<br><br>• Collateral Value: $34,000,000 | N | Y | Prior to the deadline for voting on the Plan and prior to the Confirmation Hearing, the Standard Austin Fund shall have purchased the Austin Note B and all associated rights related thereto from Anthracite pursuant to a separate purchase and sale agreement between the Standard Austin Fund and Anthracite. As discussed in further detail below in Section III.H.1., on the Effective Date, and in full settlement and satisfaction of the Austin Note B and related rights, the Austin Note B will be converted to 100% of the Membership Interests in the Austin Reorganized Debtor, and neither the Standard Austin Fund nor Anthracite shall have any further Claims against the Estates, including any unsecured deficiency claim entitled to |

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Secured Claims – Austin Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | | | | payment in accordance with the treatment for Class A8. On the Effective Date, all liens on the collateral securing the Austin Note B shall be released and the Austin Reorganized Debtors shall retain title to such collateral free and clear of the Austin Note B and associated liens. |
| A3 | Secured Claim of Lehman/RAIT<br>• Collateral: The Austin Properties and Rents<br>• Priority of Security Interest: Third<br>• Total Claim Amount: 545,180<br>• Collateral Value: $34,000,000 | N | Y | Based on the value of the collateral and the amount of senior secured debt, Lehman/RAIT is wholly unsecured. As such, Lehman/RAIT shall not have any Allowed Class A3 Secured Claim. Lehman/RAIT's Allowed Claim, if any, shall be paid in accordance with the treatment for Class A8. Upon the entry of the Confirmation Order, Lehman/RAIT's lien on the collateral shall be valued at $0 and shall be released, and the Austin Property Owner shall retain title to such collateral free and clear of Lehman/RAIT's lien. |
| A4 | Mechanic's Lien Claims<br>• Collateral: The Austin Properties<br>• Priority of Security Interest: Fourth<br>• Total Claim Amount: Unknown<br>• Collateral Value: $34,000,000 | N | Y | Based on the value of the collateral and the amount of senior secured debt, Mechanic's Lien Claimants are wholly unsecured. As a result, Mechanic's Lien Claimants shall not have any Allowed Class A4 Secured Claim. The Allowed Claims of Mechanic's Lien Claimants, if any, shall be paid in accordance with the treatment for Class A8. Upon the entry of the Confirmation Order, all Mechanic's Liens on the collateral shall be valued at $0 and shall be released, and the Austin Property Owner shall retain title to such collateral free and clear of Mechanic's Liens. |
| A5 | Creditors, if any, secured by a lien on the Austin Properties (or personal property therein) pursuant to Article XVI, § 37 of the Texas Constitution<br>• Collateral: The Austin Properties or personal property therein<br>• Priority of Security Interest: Unknown<br>• Total Claim | N | N | Each creditor asserting a Texas Constitutional Lien ("Texas Constitutional Lien Claimant") shall have the option of receiving (1) the treatment provided herein for Class A5 Claims ("Option 1"), or (2) the treatment provided for General Unsecured Claims in Class A8 ("Option 2"). Each Texas Constitutional Lien Claimant will receive a ballot for Class A5 and a ballot for Class A8. To elect Option 2, a Texas Constitutional Lien Claimant must return **only** a ballot for Class A8 accepting the Plan (and not return the ballot for Class A5), otherwise, the claimant will be deemed to elect Option 1.<br>Option 1:<br>If a Texas Constitutional Lien Claimant elects |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Secured Claims – Austin Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | Amount: Unknown<br><br>Collateral Value: $34,000,000 | | | Option 1, then, at the option of the Austin Property Owner or the applicable Austin Reorganized Debtor, the Texas Constitutional Lien Claimant (i) shall receive the current value of its collateral in cash in full, as such value may be determined by the Bankruptcy Court upon motion filed by the Austin Property Owner or the applicable Austin Reorganized Debtor, (ii) shall be entitled to remove its collateral, or (iii) shall receive such other treatment as may be agreed to by the Texas Constitutional Lien Claimant and the Austin Property Owner or the applicable Austin Reorganized Debtor. The Texas Constitutional Lien Claimant will receive the foregoing treatment on the Effective Date, or, with respect to (i), the later of the Effective Date and the date the Court enters an order determining the value of the collateral.<br><br>On the Effective Date, all Texas Constitutional Liens shall be released, and the Austin Property Owner shall retain title to all such collateral and the Austin Properties free and clear of any and all Texas Constitutional Liens, however, if the Austin Property Owner elects option (i), then the subject Texas Constitutional Lien(s) shall not be released until the entry of an order determining the value of the collateral securing such lien(s).<br><br>The deadline for the Austin Property Owner or the applicable Austin Reorganized Debtor to obtain a Court order determining the value of the collateral securing a Texas Constitutional Lien shall be the first business day that is at least thirty (30) days after the Effective Date.<br><br>Option 2:<br><br>If a Texas Constitutional Lien Claimant elects Option 2, then, on the Effective Date, the Texas Constitutional Lien Claimant shall be deemed to have released and discharged its lien and the Austin Property Owner shall retain title to all such collateral and the Austin Properties free and clear of the subject Texas Constitutional Lien. |
| A5.1 | Travis County Tax Assessor-Collector: Claim for *Ad Valorem* Property Taxes | N | N | The Travis County Tax Assessor- Collector ("Travis County") shall receive, in full satisfaction of its Claim, deferred cash payments in an aggregate amount equal to the amount of its Allowed Class A5.1 Secured |

| Secured Claims – Austin Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | • Collateral: The Austin Properties<br><br>• Total Claim Amount: $842,733.48 | | | Claim, plus interest, from the later of (i) the Effective Date and (ii) the date the taxes that form the basis of the Allowed Class A5.1 Secured Claim become delinquent under applicable non-bankruptcy law, on the unpaid balance of the Allowed Class A5.1 Secured Claim at 12% per annum. Payment of Travis County's Allowed Class A5.1 Secured Claim shall be made in equal quarterly payments such that the Allowed Class A5.1 Secured Claim is repaid within five years from the Petition Date. The first installment payment shall be due on the later of: (i) 60 Business Days after the Effective Date; or (ii) 30 Business Days after the Court enters a Final Order allowing Travis County's Class A5.1 Secured Claim. At any time on or after the Effective Date, the Austin Reorganized Debtors shall have the right to pay the then-outstanding balance of Travis County's Allowed Class A5.1 Secured Claim in full without premium, additional interest or penalty of any kind, which pre-payment shall constitute full satisfaction of the Allowed Class A5.1 Secured Claim.<br><br>Travis County will retain its lien on the collateral, until the full satisfaction of the Allowed Class A5.1 Secured Claim, at which time Travis County's lien shall be released and the Austin Reorganized Debtor shall retain title to such collateral free and clear of Travis County's lien. |

### 3. Classes of Priority Unsecured Claims

Certain priority Claims that are referred to in Bankruptcy Code §§ 507(a)(4), (5), (6), and (7) are required to be placed in Classes. The Bankruptcy Code requires that each holder of the above Priority Claims receive cash on the Effective Date equal to the allowed amount of such Claim. However, a Class of unsecured Priority Claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim. The following chart lists all Classes containing Austin Debtor's Bankruptcy Code §§ 507(a)(4), (5), (6), and (7) Priority Claims and their treatment under the Plan:

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Priority Unsecured Claims – Austin Estate | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| A6 | Priority unsecured claims pursuant to 11 U.S.C. §§ 507(a)(6) and (7)<br><br>Estimated total amount of claims: $191,714 for security deposits pursuant to 11 U.S.C. § 507(a)(7). Of this sum, the Debtors estimate that only $18,000 must be paid on the Effective Date. | N | Paid in full in cash on Effective Date, unless the Claimant is a tenant of an Austin Property on the Effective Date. If the Claimant is a tenant of an Austin Property on the Effective Date, then the security deposit will be returned in the ordinary course of the Austin Reorganized Debtors' business. |
| A7 | Priority wage claims pursuant to 11 U.S.C. §§ 507(a)(4) and (5)<br><br>Estimated total amount of claims: $30,048.96 | N | Allowed Priority Unsecured Claims in Class A7 shall be paid up to the $10,950 statutory maximum, except to the extent already paid pursuant to the Court's Order entered on March 12, 2009, in cash on the later of the following dates: (i) the Effective Date; (ii) the tenth (10th) Business Day after the entry of a Final Order allowing the Priority Unsecured Claim; or (iii) the date upon which such Allowed Priority Unsecured Claim becomes due according to its terms.<br><br>Upon the Effective Date, employees of the Debtors who are retained by the Austin Reorganized Debtors will not be cashed out for all outstanding vacation pay and sick leave accrued as of the Effective Date (Leave Time) but rather, the Austin Reorganized Debtors will agree to honor all such vacation days and sick leave in accordance with the terms of the employee's employment as it existed with the Debtors. Accordingly, Class A7 Claims that fall into the above category will receive no distribution on account of their Class A7 Claims. For Allowed Class A7 Claims that do not fall into the above category, on the Effective Date, the Austin Reorganized Debtors will pay no more than the amount of the Allowed Class A7 Claim to the extent that such Claims satisfy the requirements of 11 U.S.C. §§ 507(a)(4) and (5), less any amounts paid to the holders of such claims by the Debtor prior to the Effective Date.<br><br>Any Allowed Claim amounts in excess of $10,950 will be subject to the treatment afforded holders of Class A8 Claims. |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

### 4. Class Of General Unsecured Claims

General Unsecured Claims are Unsecured Claims not entitled to priority under Bankruptcy Code § 507(a). The following chart identifies the Plan's treatment of the Classes containing all of the Austin Debtor's General Unsecured Claims:

| General Unsecured Claims – Austin Estate | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| A8 | General Unsecured Claims<br><br>Estimated total amount of claims: $1,921,595 (including amount of the Class A3 Claim) | Y | Within 30 days following the later of (i) the Effective Date, and (ii) the date of a Court order resolving the final disputed Class A8 Claims, the holders of Allowed General Unsecured Claims will receive a *pro rata* distribution from the Austin General Unsecured Creditor Allocation, which totals $96,000 (the "Class A8 Cash Distribution"). In addition to the Class A8 Cash Distribution, holders of Allowed General Unsecured Claims in Classes A8, L8 and M6 collectively shall receive a total of $200,000 paid in quarterly installments of $50,000 at the end of each quarter in 2011 (the "Installment Distributions"). These additional funds will be allocated by the Disbursing Agent between Classes A8, L8 and M6 on a *pro rata* basis based on the relative amounts of Allowed General Unsecured Claims in those Classes, and shall be paid to holders of Allowed Claims in Class A8, L8 and M6 in the first 30 days of the following quarter, provided, however, that failure to make a payment within such time frames will not discharge the obligation to make such payment. For illustrative purposes only, if the total dollar amount of Allowed General Unsecured Claims in Class A8 is 20% of the total dollar amount of Allowed General Unsecured Claims in Classes A8, L8 and M6, then the TOTAL amount of the Installment Distributions to be paid to claimants in Class A8 will be $40,000 total (*i.e.*, 20% of $200,000), or $10,000 per quarter. The holders of Allowed General Unsecured Claims in each Class A8, L8 and M6 will share *pro rata* from the Installment Distributions allocated to such holder's Class. The Debtors estimate that the holders of Allowed General Unsecured Claims will be repaid approximately 5% of their Allowed Claims from the Class A8 Cash Distribution and an additional 1.4% from the Installment Distributions. |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**5. Class Of Interest Holders**

Interest holders are the parties who hold Membership Interests (*i.e.*, equity interest) in the Austin Debtor. The Austin Debtor is Delaware limited liability company in which the owners hold Membership Interests. The following chart identifies the Plan's treatment of the Class of Interest holders.

| **Interest Holders – Austin Estate** | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| A9 | Interest Holders | Y | On the Effective Date, all existing Membership Interests in the Austin Property Owner will be cancelled, annulled, and extinguished. |

## F. Classified Claims – Lonestar Estate

**1. Summary of Classes**

| **Lonestar Estate** | |
|---|---|
| Class | Claimant(s) |
| Class L1 | Secured Claim of C1 Trust |
| Class L2 | Secured Claim of Anthracite |
| Class L3 | Secured Claim of Lehman |
| Class L4 | Mechanic's Lien Claims |
| Class L5 | Texas Constitutional Lien Claimants |
| Class L6 | Priority Unsecured Claims Pursuant to 11 U.S.C. §§ 507(a)(6)-(7) |
| Class L7 | Priority Unsecured Wage Claims Pursuant to 11 U.S.C. §§ 507(a)(4)-(5) |
| Class L8 | General Unsecured Claims |
| Class L9 | Interest Holders |

**2. Secured Claims**

Secured Claims are Claims secured by liens on property of the Estate.

a. Secured Claim of C1 Trust

The Class L1 Claim consists of the Secured Claim of C1 Trust. The Class L1 Claim is in the amount of $102,280,000 and is secured by first priority liens on the Lonestar Properties and the rents therefrom, which the Debtors believe have a total liquidation collateral value (*i.e.*, if the Plan were not confirmed, and if the Lonestar Properties were to be liquidated rather than retained and restructured pursuant to the Plan) of $72,000,000. The description of the treatment of Class L1 in this section is also the description of the treatment of the Class A1 Claims and the Class M1 Claims relating

to the Austin Estate and the Maryland Estate, respectively. The Treatment of Classes A1, L1 and M1 shall be implemented pursuant to the Restated Loan Documents (defined below) to be filed with the Court prior to the Confirmation Hearing. The summary of the terms and conditions of the Restated Loan Documents shall include the following:

i. Restated Note. On the Effective Date, the Austin Note A, the Lonestar Note A and the Maryland Note Component A will collectively be amended and restated into a single consolidated promissory note (the "Restated Note'). The Buyers intend to form approximately 16 special purpose bankruptcy-remote entities, each to hold one of the 16 apartments (*i.e.*, the Reorganized Debtors). The Restated Note and Restated Loan will be the joint and several liability of the Reorganized Debtors. The Austin Loan, Lonestar Loan and Maryland Loan will be thereby consolidated into a single loan ("Restated Loan"). The Restated Note will be in the principal amount of $296,680,000.00, with a maturity date of December 11, 2016. Interest on the Restated Note shall accrue at the following rates:

- 2010: 3.78%
- 2011: 3.93%
- 2012: 4.94%
- 2013: 5.41%
- 2014: 6.00%
- 2015: 6.00%
- 2016: 6.10%

ii. Restated Loan Documents. The Restated Note and other loan documents for the Restated Loan, including, without limitation, a single Restated Loan Agreement and such other restated or amended mortgages, security agreements and cash management agreements as C1 Trust and the Reorganized Debtors may mutually agree (collectively, "Restated Loan Documents"), shall be prepared in consultation with, shall be satisfactory in all respects to, and shall be approved by both the holder of the Allowed Class A1, L1 and M1 Claims and the Buyers. C1 Trust and the Buyers agree to provide counsel to the Committee with copies of the first and final drafts, as negotiated between C1 Trust and the Buyers, of the Restated Loan Agreement and any restated or amended mortgages related thereto, commencing on or before December 21, 2009 through the

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Effective Date. In addition to such notice to counsel for the Committee, the form of Restated Loan Agreement (without exhibits) shall be filed with the Court in a Plan supplement within 5 calendar days prior to the Confirmation Hearing.

iii. Collateral. The Restated Note will be secured by the Austin Properties, the Lonestar Properties and the Maryland Properties, each of which will be cross-collateralized and will be subject to cross-default provisions. The holder of the Allowed Class A1, L1 and M1 Claims shall retain its lien on the Austin Properties, the Lonestar Properties and the Maryland Properties, until the Allowed Class A1, L1 and M1 Secured Claims have been fully satisfied, at which time C1 Trust's lien shall be released and the Austin Reorganized Debtors, the Lonestar Reorganized Debtors and the Maryland Reorganized Debtors shall retain title to the Austin Properties, the Lonestar Properties and the Maryland Properties, respectively, free and clear of any and all liens of the holder of the Allowed Class A1, L1 and M1 Claims.

iv. Taxes/Insurance Due on the Effective Date. On the Effective Date, the Reorganized Debtors shall pay property taxes due in the estimated amount of approximately $2,900,000 and property insurance obligations in the estimated amount of approximately $300,000.

v. Repayment of Property Protection Advances. On the Effective Date, property protection advances in the amount of $900,000 shall be paid to C1 Trust by the Reorganized Debtors.

vi. Reserve Accounts. The initial funding requirement in the interest reserve account for the Restated Loan ("Interest Reserve Account") shall be $6,600,000, which shall be paid by the Reorganized Debtors on the Effective Date. Following the Effective Date, cash flow after debt service on the Restated Note will be deposited into the Interest Reserve Account, until a minimum funding requirement of $8,415,000 (the "Minimum Interest Reserve Amount") is reached. Thereafter, cash flow after debt service will be released to the Reorganized Debtors.

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

vii. Interest Reserve Release Provisions. Upon the combined debt service coverage ratio ("DSCR") for the Austin Properties, Lonestar Properties and Maryland Properties reaching a balance of 1.15:1 on a trailing six month basis and the Interest Reserve Account reaching a level of $8,415,000, the Minimum Interest Reserve Amount shall be permanently removed and the funds in the Interest Reserve Account can be used by the Reorganized Debtors to fund renovations at the Austin Properties, Lonestar Properties and Maryland Properties. If, after such removal, the Reorganized Debtors fail to make a monthly interest payment to C1 Trust and monies are still available in the Interest Reserve Account, then such monies shall be applied to the extent necessary to fund such missed payments. Thereafter, the amount so applied must be replenished before further funds are disbursed to the Reorganized Debtors to fund renovations.

viii. Payments by the Reorganized Debtors on the Effective Date. The Reorganized Debtors shall make the following payments to the holder of the Class A1, L1 and M1 Allowed Claims on the Effective Date: (a) an assumption fee equal to 0.5% of the principal balance ($1,483,400); (b) a replacement reserve payment of approximately $4,027,220, (c) funding for property tax and insurance reserves to levels required under the Restated Loan Documents in the estimated amount of approximately $3,200,000.

ix. Payments by the Reorganized Debtors After the Effective Date. Commencing after the Effective Date, the Reorganized Debtors shall make monthly replacement reserve payments of $134,257.

x. Guaranty. David Liu and Lisa Zhou will each execute a "bad boy" guaranty of the Restated Loan in favor of the holder of the Allowed Class A1, L1 and M1 Claims, with such guaranties to be in form and substance acceptable to David Liu and the Holders of the Allowed Class A1, L1 and M1 Claims.

xi. Certain Loan Agreement Provisions. The Restated Loan Documents will provide for (i) future releases of the Properties (any such release of a Property to be for a price equal to 110% of the allocations established at origination and a 1.15x DSCR for the

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

remaining Properties for the previous six months), and (ii) future transfers of minority interests in the Reorganized Debtors.

b. Secured Claims Other Than Secured Claim of C1 Trust

The following chart lists all Classes containing the Lonestar Debtors' Secured Claims, other than the Class L1 Secured Claim of C1 Trust, and their treatment under the Plan:

| Secured Claims – Lonestar Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| L2 | Secured Claim of Anthracite<br>• Collateral: The Lonestar Properties and Rents<br>• Priority of Security Interest: Second<br>• Total Claim Amount: $20,120,581<br>• Collateral Value: $72,000,000 | N | Y | Prior to the deadline for voting on the Plan and prior to the Confirmation Hearing, the Standard Houston Fund shall have purchased the Lonestar Note B and all associated rights related thereto from Anthracite pursuant to a separate purchase and sale agreement between the Standard Houston Fund and Anthracite. As discussed in further detail below in Section III.H.I., on the Effective Date, and in full settlement and satisfaction of the Lonestar Note B and related rights, the Lonestar Note B will be converted to 100% of the Membership Interests in the Lonestar Reorganized Debtors, and neither the Standard Houston Fund nor Anthracite shall have any further Claims against the Estates, including any unsecured deficiency claim entitled to payment in accordance with the treatment for Class L8. On the Effective Date, all liens on the collateral securing the Lonestar Note B shall be released and the Lonestar Reorganized Debtors shall retain title to such collateral free and clear of the Lonestar Note B and associated liens. |
| L3 | Secured Claim of Lehman/RAIT<br>• Collateral: The Lonestar Properties and Rents<br>• Priority of Security Interest: Third<br>• Total Claim Amount: $1,687,887<br>• Collateral Value: $72,000,000 | N | Y | Based on the value of the collateral and the amount of senior secured debt, Lehman/RAIT is wholly unsecured. As such, Lehman/RAIT shall not have any Allowed Class L3 Secured Claim. Lehman/RAIT's Allowed Claim, if any, shall be paid in accordance with the treatment for Class L8. Upon the entry of the Confirmation Order, Lehman/RAIT's lien on the collateral shall be valued at $0 and shall be released and the Lonestar Property Owners shall retain title to such collateral free and clear of Lehman/RAIT's lien. |
| L4 | Mechanic's Lien Claims | N | Y | Based on the value of the collateral and the amount of senior secured debt, Mechanic's Lien Claimants are wholly unsecured. As a |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Secured Claims – Lonestar Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | • Collateral: The Lonestar Properties<br><br>• Priority of Security Interest: Fourth<br>• Total Claim Amount: Unknown<br><br>• Collateral Value: $72,000,000 | | | result, Mechanic's Lien Claimants shall not have any Allowed Class L4 Secured Claim. The Allowed Claims of Mechanic's Lien Claimants, if any, shall be paid in accordance with the treatment for Class L8. Upon the entry of the Confirmation Order, all Mechanic's Liens on the collateral shall be valued at $0 and shall be released and the Lonestar Property Owners shall retain title to such collateral free and clear of Mechanic's Liens. |
| L5 | Creditors, if any, secured by a lien on the Lonestar Properties (or personal property therein) pursuant to Article XVI, § 37 of the Texas Constitution<br><br>• Collateral: The Austin Properties or personal property therein<br><br>• Priority of Security Interest: Unknown<br><br>• Total Claim Amount: Unknown<br><br>Collateral Value: $34,000,000 | N | N | Each creditor asserting a Texas Constitutional Lien ("Texas Constitutional Lien Claimant") shall have the option of receiving (1) the treatment provided herein for Class L5 Claims ("Option 1"), or (2) the treatment provided for General Unsecured Claims in Class L8 ("Option 2"). Each Texas Constitutional Lien Claimant will receive a ballot for Class L5 and a ballot for Class L8. To elect Option 2, a Texas Constitutional Lien Claimant must return **only** a ballot for Class L8 accepting the Plan (and not return the ballot for Class L5), otherwise, the claimant will be deemed to elect Option 1.<br><br>Option 1:<br><br>If a Texas Constitutional Lien Claimant elects Option 1, then, at the option of the Lonestar Property Owners or the applicable Lonestar Reorganized Debtor, the Texas Constitutional Lien Claimant (i) shall receive the current value of its collateral in cash in full, as such value may be determined by the Bankruptcy Court upon motion filed by the Lonestar Property Owners or the applicable Lonestar Reorganized Debtor, (ii) shall be entitled to remove its collateral, or (iii) shall receive such other treatment as may be agreed to by the Texas Constitutional Lien Claimant and the Lonestar Property Owners or the applicable Lonestar Reorganized Debtor. The Texas Constitutional Lien Claimant will receive the foregoing treatment on the Effective Date, or, with respect to (i), the later of the Effective Date and the date the Court enters an order determining the value of the collateral.<br><br>On the Effective Date, all the Texas Constitutional Liens shall be released, and the Lonestar Property Owners shall retain title to all such collateral and the Lonestar Properties free and clear of any and all Texas |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

| Secured Claims – Lonestar Estate | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
| | | | | Constitutional Liens, however, if the Lonestar Property Owners elect option (i) above, then the subject Texas Constitutional Lien(s) shall not be released until the entry of an order determining the value of the collateral securing such lien(s).<br><br>The deadline for the Lonestar Property Owners to obtain a Court order determining the value of the collateral securing a Texas Constitutional Lien shall be the first business day that is at least thirty (30) days after the Effective Date.<br><br>Option 2:<br><br>If a Texas Constitutional Lien Claimant elects Option 2, on the Effective Date, the Texas Constitutional Lien Claimant shall be deemed to have released and discharged its lien and the Lonestar Property Owners shall retain title to all such collateral and the Lonestar Properties free and clear of the subject Texas Constitutional Lien. |

### 3. Classes Of Priority Unsecured Claims

Certain priority Claims that are referred to in Bankruptcy Code §§ 507(a)(4), (5), (6), and (7) are required to be placed in Classes. The Bankruptcy Code requires that each holder of the above Priority Claims receive cash on the Effective Date equal to the allowed amount of such Claim. However, a Class of unsecured Priority Claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim. The following chart lists all Classes containing Lonestar Debtors' Bankruptcy Code §§ 507(a)(4), (5), (6), and (7) Priority Claims and their treatment under the Plan:

| Priority Unsecured Claims – Lonestar Estate | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| L6 | Priority unsecured claims pursuant to 11 U.S.C. §§ 507(a)(6) and (7) | N | Paid in full in cash on Effective Date, unless the Claimant is a tenant of an Lonestar Property on the Effective Date. If the Claimant is a tenant of an Lonestar Property on the Effective Date, |

| Priority Unsecured Claims – Lonestar Estate | | | |
|---|---|---|---|
| Class # | Description | Impaired (Y/N) | Treatment |
| | Estimated total amount of claims: $318,715 for security deposits pursuant to 11 U.S.C. § 507(a)(7). Of this amount the Debtors estimate that only $31,250 will need to be paid on the Effective Date. | | then the security deposit will be returned in the ordinary course of the Lonestar Reorganized Debtors' business. |
| L7 | Priority wage claims pursuant to 11 U.S.C. §§ 507(a)(4) and (5)<br><br>Estimated total amount of claims: $108,632.02 | N | Allowed Priority Unsecured Claims in Class L6 shall be paid up to the $10,950 statutory maximum, except to the extent already paid pursuant to the Court's Order entered on March 12, 2009, in cash on the later of the following dates: (i) the Effective Date; (ii) the tenth (10th) Business Day after the entry of a Final Order allowing the Priority Unsecured Claim; or (iii) the date upon which such Allowed Priority Unsecured Claim becomes due according to its terms.<br><br>Upon the Effective Date, employees of the Debtor who are retained by the Lonestar Reorganized Debtors will not be cashed out for all outstanding vacation pay and sick leave accrued as of the Effective Date (Leave Time) but rather, the Lonestar Reorganized Debtors will agree to honor all such vacation days and sick leave in accordance with the terms of the employee's employment as it existed with the Debtor. Accordingly, Class L7 Claims that fall into the above category will receive no distribution on account of their Class L7 Claims. For Allowed Class L7 Claims that do not fall into the above category, on the Effective Date, the Lonestar Reorganized Debtors will pay no more than the amount of the Allowed Class L7 Claim to the extent that such Claims satisfy the requirements of 11 U.S.C. §§ 507(a)(4) and (5), less any amounts paid to the holders of such claims by the Debtors prior to the Effective Date.<br><br>Any Allowed Claim amounts in excess of $10,950 will be subject to the treatment afforded holders of Class L8 Claims. |

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002